WILKE FLEURY LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
STEVE WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
JASON G. ELDRED (SBN 327148)
jeldred@wilkefleury.com
621 Capitol Mall, Suite 900
Sacramento, California 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Third-Party CATHOLIC CEMETERIES OF THE ARCHDIOCESE OF SAN FRANCISCO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,

Debtor.

Case No. 23-30564
Chapter 11

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

Plaintiff,

v.

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; PARISHES LISTED IN EXHIBIT A; HOLY CROSS CATHOLIC CEMETERIES; SAINT MARY MAGDALENE CATHOLIC CEMETERY; MT. OLIVET CEMETERY; OUR LADY OF PILLAR CEMETERY; TOMALES CATHOLIC CEMETERY; ARCHBISHOP RIORDAN HIGH SCHOOL; SACRED HEART CATHEDRAL PREPARATORY; MARIN CATHOLIC HIGH SCHOOL, JUNIPERO SERRA HIGH SCHOOL, VALLOMBROSA RETREAT CENTER; and SERRA CLERGY HOUSE,

Defendants.

Adv No. 25-03021

**CATHOLIC CEMETERIES OF THE ARCHDIOCESE OF SAN FRANCISCO'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT**

Date: August 28, 2025
Time: 1:30 p.m.
Judge: Hon. Dennis Montali
Location: via Zoom



Case: 25-03021 Doc# 35 Filed: 08/21/25 Entered: 08/21/25 14:50:23 Page 1 of 8

Defendant Catholic Cemeteries of the Archdiocese of San Francisco ("Catholic Cemeteries") respectfully submits this Reply in support of its Motion to Dismiss ("Motion") the Official Committee of Unsecured Creditors' ("Committee") Amended Adversary Complaint for Declaratory Relief With Corrected Exhibit A ("Complaint").

## I.
## INTRODUCTION

The Committee seeks to obliterate several dozen non-debtor entities (including the Cemeteries), ignoring decades of action evidencing their corporate separateness from the Debtor and each other. To achieve this, the Committee files a Complaint with only the barest of allegations relating to the Cemeteries, many of which are conclusory and not factual in nature, then argues that it has sufficiently plead its case.

It is not hyperbolic to state that what the Committee is seeking is extraordinary. The Committee should be required to plead additional facts in support of its claims against each of the non-debtor defendants in order to put them on notice of the claims against them and to avail the Committee of the relief it seeks. Notably, the Committee seeks to accomplish by way of a declaratory relief action, with no underlying claim or attendant elements to be proven, what it cannot accomplish by way of substantive consolidation or involuntary bankruptcy.

The Cemeteries respectfully request the Court decline the Committee's invitation to validate such insufficient pleading and instead sustain the Cemeteries' Motion, requiring the Committee to adequately plead its claim against the Cemeteries.

## II.
## DISCUSSION

The Committee fails to adequately plead the First Claim for Relief against the Cemeteries. The group and otherwise insufficient pleading falls short of that required even for notice pleading. Additionally, the Second Claim for Relief is not directed to the Cemeteries. The Committee argues it is, but the Complaint itself does not so allege. Therefore, the Motion should be sustained and the Complaint dismissed.

**A. The First Claim for Relief Should be Dismissed as to the Cemeteries.**

The Opposition does not cure the defects in the way the Committee pleads the First Claim for Relief against the Cemeteries.

**1. The Committee's Complaint Should be Dismissed Due to Group and Otherwise Insufficient Pleading.**

The Motion points out that the Complaint does not give the Cemeteries sufficient notice of the claim or any alleged wrongdoing. A complaint which "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) (quoting *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)). Rather, a plaintiff "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Id.* (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865 (N.D. Cal. Sept. 20, 2011)).

In response, the Committee in its Opposition points to sixteen paragraphs in the Complaint (¶¶ 5-8, 27-32, and 60-65) and claims these allege sufficient facts to meet its pleading burden under the First Claim for Relief against the Cemeteries. This is not the case. Paragraphs 5-7 of the Complaint are impermissible group pleading. All references in those paragraphs are to all defendants. Paragraph 8 is not factual, it is statement of how the Committee feels about the position the Debtor has taken with regard to its assets and the assets of the non-debtor defendants.

Similarly, Paragraphs 27-32 are largely impermissible group pleading. They refer to all non-debtor defendants. In Paragraph 31, which is the only one naming the Cemeteries, the Committee alleges that the Cemeteries are not incorporated. This is irrelevant. Neither the Debtor nor the Cemeteries have held the Cemeteries out as being incorporated. As the Committee notes elsewhere in the Complaint, the Debtor asserts that the Cemeteries are a separate unincorporated association. Complaint ¶ 65.

Lastly, Paragraphs 60-65 do not meet the Committee's pleading burden. Paragraph 60 alleges that the Cemeteries do not own the real property on which they are located. Unincorporated associations are not required to own real property. Paragraph 61 alleges that a financial statement

identifies the Cemeteries as an operating division. The word "division" carries no particular legal meaning or effect and is not determinative of the Cemeteries' status as an unincorporated association. *Gigax v. Ralston Purina Co.*, 136 Cal. App. 3d 591, 601-602 (1982) [noting that division is a generic term and may or may not refer to a "totally separate entity"]. Paragraphs 62-64 acknowledge that the Cemeteries has its own bylaws, is governed by an Advisory Board which holds meetings, is overseen by a Director of Cemeteries, all of which lends itself to the conclusion that it is separate from the Debtor, rather than supporting a claim that it is just part of the Debtor. Paragraph 65 is nothing more than a statement that the Committee disagrees with the Debtor's characterization of the Cemeteries as a separate unincorporated association.

The Complaint's group and insufficient pleading do not give the Cemeteries notice of any alleged wrongdoing or of the claim against them. The Court should sustain the Motion.

**2. The Complaint is a Disguised Motion for Substantive Consolidation and/or an Unlawful Attempt to Commence an Involuntary Bankruptcy of the Non-Debtor Defendants.**

The Cemeteries continues to believe this is a disguised attempt by the Committee to substantively consolidate and/or initiate an improper involuntary bankruptcy of the non-debtor defendants and refers the Court to the Cemeteries' initial moving papers on these points.

However, the Committee argues it is not seeking either (Opposition, 24:22-27) and therefore does not have to plead and prove the requirements for such claims and relief. The Cemeteries are concerned that this is simply an effort to end-run requirements that the Committee would not be able to meet, and the Committee should therefore be estopped from asserting substantive consolidation or seeking involuntary bankruptcy of any of the non-debtor defendants in the future after taking such a position here.

**B. The Committee's Second Claim for Relief Does Not Apply to the Cemeteries.**

The Committee in its Second Claim for Relief simply does include allegations as to the Cemeteries. The Complaint specifically names certain non-debtor defendants to the exclusion of the Cemeteries. Complaint ¶ 82. Either the Committee did not intend this claim for relief to apply to the Cemeteries or forgot to identify the Cemeteries as a target. Either way, the Complaint is deficient.

/ / /

First, the Committee argues in its Opposition that select language in Paragraph 82 - "it holds certain real and personal property collectively valued in excess of $65 million 'in trust' for the benefit of another entity" - supports the proposition that the Committee's second claim for relief applies to the Cemeteries. Opposition 24:1-3; Complaint ¶ 82. This is insufficient to put the Cemeteries on notice that it is a target of this claim for relief.

The remainder of paragraph 82 states,

> To this end, the Archdiocese claims that it holds "only legal title" to (1) real property and improvements used by the Vallombrosa Retreat Center, and (2) specified cash and investment accounts used by the Parishes, the High Schools, and the Vallombrosa Retreat Center, and that such assets are not property of the bankruptcy estate.

Again, there are references to other non-debtor defendants, but not the Cemeteries. This is patently insufficient.

Second, the Committee argues that its reference to the Statement of Financial Affairs ("SOFA") in Paragraph 82 is sufficient to put the Cemeteries on notice that they are the subject of the Second Claim for Relief. Opposition 23:24-24:7. The Committee cites in its Opposition to a specific account identified in the SOFA relating to the Cemeteries that it says falls within the scope of this claim. If the Committee believes that is the case, the Committee should allege that in its Complaint. It is not enough to raise it in the context of a motion or to point to pleadings in the abstract and impose upon the defendants a duty to divine what in those pleadings the plaintiff means to incorporate.

If the Committee intended the Second Claim for Relief to apply to the Cemeteries, it must say so in the Complaint. Without such basic pleading, the Committee has failed to carry its burden as to the Cemeteries on the Second Claim for Relief.

## III.
## CONCLUSION

The Complaint is devoid of the factual allegations, as opposed to conclusory and argumentative allegations, necessary to meet even basic notice pleading requirements. The Cemeteries respectfully requests that the Court grant this Motion and require the Committee to

amend its Complaint to plead its claims sufficiently.

DATED: August 21, 2025

WILKE FLEURY LLP

By: ______________________________

STEVE WILLIAMSON
Attorneys for Third-Party CATHOLIC CEMETERIES OF THE ARCHDIOCESE OF SAN FRANCISCO

# PROOF OF SERVICE

**Creditors Committee v. San Francisco Diocese**
**Adv. No. 25-03021**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 621 Capitol Mall, Suite 900, Sacramento, CA 95814.

On August 21, 2025, I served true copies of the following document(s) described as

**CATHOLIC CEMETERIES IN THE ARCHDIOCESE OF SAN FRANCISCO'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED ADVERSARY COMPLAINT**

on the interested parties in this action as follows:

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address sdouglas@wilkefleury.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Amanda Cottrell<ACottrell@sheppardmullin.com><br>Ori Katz <OKatz@sheppardmullin.com><br>Jeannie Kim <JeKim@sheppardmullin.com><br>Susan Haines <shaines@sheppardmullin.com><br>Paul Pascuzzi <ppascuzzi@ffwplaw.com> | **Counsel for Debtor**<br>**The Roman Catholic Archbishop of San Francisco** |
| Julie Rome Banks <julie@bindermalter.com><br>Rob Harris <rob@bindermalter.com> | **Counsel for Defendants Archbishop Riordan High School, Marin Catholic High School, Junipero Serra High School** |
| Linsky, Lisa <llinsky@mwe.com><br>Ray, Cris <cray@mwe.com> | **Counsel for Defendant Sacred Heart Cathedral Preparatory** |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

- **Peter C. Califano pcalifano@nvlawllp.com**
- **Robert M Charles Robert.Charles@wbd-us.com**
- **Daniel Lloyd Egan degan@wilkefleury.com**
- **Gail S. Greenwood ggreenwood@pszjlaw.com, rrosales@pszjlaw.com**
- **Ori Katz okatz@sheppardmullin.com, LSegura@sheppardmullin.com**

- **Brittany Mitchell Michael  bmichael@pszjlaw.com**
- **Kathleen Mary Derrig Rios  Katie.Rios@wbd-us.com**
- **Julie H. Rome-Banks  julie@bindermalter.com**
- **James I. Stang  jstang@pszjlaw.com**
- **Jason D. Strabo  jstrabo@mwe.com, dnorthrop@mwe.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2025, at Sacramento, California.

Cheryl Gori


Case: 25-03021 Doc# 35 Filed: 08/21/25 Entered: 08/21/25 14:50:23 Page 8 of 8