Entered on Docket
September 4, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: September 4, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor. | ) Bankruptcy Case<br>) No. 23-30564-DM<br>)<br>) Chapter 11<br>)<br>)<br>)<br>)<br>) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; ET AL.,<br><br>        Defendants. | )<br>) Adversary Proceeding<br>) No. 25-03021-DM<br>)<br>)<br>) Hearing Scheduled:<br>) Date:  October 23, 2025<br>) Time:  1:30 PM<br>) Via Zoom<br>) www.canb.uscourts.gov/calendars<br>)<br>)<br>)<br>) |

**ORDER REGARDING FUTURE CONDUCT OF ADVERSARY PROCEEDING**

IT IS HEREBY ORDERED THAT,

1. For the reasons stated on the record at a hearing on September 4, 2025, the motions to dismiss filed or joined by defendants (## 12, 13, 14, 15 & 18) (other than Serra Clergy

-1-

House) are GRANTED, WITH LEAVE TO AMEND. Serra Clergy House did not defend the relief sought in the Amended Complaint for Declaratory Relief (Dkt. 10) ("Amended Complaint").

2. The Official Committee of Unsecured Creditors ("OCC") is directed to amend the Amended Complaint within twenty (20) days of entry of this Order. That Second Amended Complaint ("SAC") is to contain no redactions and no new substantive causes of action. It should specifically state one or more examples of the specific relief the OCC seeks beyond the bare allegations of paragraphs 83 and 84 of the Amended Complaint (which the OCC is free to repeat), namely that the assets of the Archdiocese are "in fact, owned by the Archdiocese and are property of the estate." (¶ 83), and those assets are "subject to the claims of the Archdiocese's creditors, including the Survivors." (¶ 84).

For example, as stated by counsel for the OCC at the hearing on August 28, 2025, the OCC may need to establish the value of those assets for purposes of the "best interest of creditors" test for any plan, or even to support any critical components such as asset disposition in any plan the OCC chooses to file.

3. Responses to the SAC will be due twenty (20) days from service of that SAC. Any new or renewed motion to dismiss must be based upon a good faith assertion by any movant's counsel that new allegations of the SAC justify dismissal, and do not repeat defenses previously presented and dealt with at the prior hearing or in this order. All of those defenses are preserved for all defendants going forward.

4. If any response is a renewed motion to dismiss, the moving party should cite this order and inform all other parties that any response to such renewed motion to dismiss is due within ten (10) days and will be heard on an expedited basis that will be set promptly by the court. No replies will be permitted for such renewed motion to dismiss.

5. Some of defendants' counsel complained that the OCC had not sought authority from the court to prosecute this action. It appears to the court that requiring the OCC to make a demand on the Debtor before commencing such an action (as might be the case with a derivative suit) would be the ultimate exercise in futility since the Debtor would not be inclined to take the position it so forcefully opposes and presently is advocated by the OCC. Notwithstanding that obvious outcome, the OCC is directed to file a motion to seek court authority to prosecute this adversary proceeding *nunc pro tunc* pursuant to the court's "scream or die" provisions of B.L.R. 9014. Tentatively, the court will grant that permission but will consider any good faith opposition that is timely filed in accordance with this procedure.

6. October 23, 2025, at 1:30 PM, is the date and time for the continued scheduling conference in this adversary proceeding. Prior to that time, counsel for the parties should meet and confer to discuss discovery deadlines and a schedule for any dispositive motions and for trial. Those topics will be discussed at that conference.

That hearing will be conducted only via Zoom. The court's website offers information explaining how to arrange an

-3-

appearance at a video hearing.  If you have questions about how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

ECF Recipients