Entered on Docket
October 29, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: October 29, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor.<br>_____ | Bankruptcy Case<br>No. 23-30564-DM<br><br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; ET AL.,<br><br>        Defendants.<br>_____ | Adversary Proceeding<br>No. 25-03021-DM<br><br>Hearing Scheduled:<br>Date: November 6, 2025<br>Time: 1:30 PM<br>Via Zoom<br>www.canb.uscourts.gov/calendars |

**MEMORANDUM REGARDING SCHEDULING CONFERENCE ON NOVEMBER 6, 2025**

    When we reconvene on November 6, 2025, to discuss the proposed discovery plan and scheduling orders for this adversary proceeding, I want all counsel to be prepared to address my concerns as set forth below:

-1-

1. It is hard to imagine how this adversary proceeding will remain on schedule if the Debtor proposes and I am able to confirm a Chapter 11 plan no later than early 2026. If that does not occur, then it seems equally unlikely that this adversary proceeding would survive if the underlying case were dismissed, either on a consensual or opposed motion, or in response to my own Order to Show Cause if I feel compelled to issue one by then. While no such motion or Order to Show Cause is pending, the possibility cannot be ignored given that just across the bay there is the possibility that the bankruptcy case, The Roman Catholic Bishop of Oakland (Case No. 23-40523), will have been dismissed by the time of our next hearing. That may not be of any legal consequence in this case, but may have some serious psychological or other impact on abuse survivors here, especially those who may have claims against both that debtor and this one. I have said repeatedly that abuse victims throughout the reach of the San Francisco Archdiocese and the Santa Rosa and Oakland dioceses should be treated in a similar manner regardless of the venue of the three bankruptcy cases.

2. The Joint Discovery Plan (Dkt. 76) states that Defendants and/or the Committee may introduce expert testimony regarding canon law. Interpretation and explanation of canon law certainly requires experts, but whether canon law applies at all is a question of law for me to decide. To that end, it seems appropriate to schedule early briefing on this threshold issue, at least if the Committee does not agree that canon law must be considered to resolve the critical property of the estate issue. If that is decided adverse to the Debtor and

other Defendants, then discovery of experts and rebuttal experts on canon law is unnecessary. Counsel should be prepared to discuss a prompt briefing schedule on this issue at the November 6 hearing.

   **3.** Related to this, and keeping in mind that the Committee is not basing its theory of this case on avoiding powers principles, I need to know what law would control were the case dismissed and a claimant in a position to levy on property of a non-Debtor defendant.

   **4.** Apart from canon law, it is not clear what the subject of any other expert testimony would be. Experts are not necessary to determine the critical facts to determine what is or is not property of the estate.

   **5.** Defendants suggest that as many as three weeks would be necessary for trial beyond the Committee's suggested five days. That seems inconceivable given the sole question presented. Before I will even consider such a lengthy trial to be presented by six different parties, five of whom are non-debtors but directly aligned with the Debtor, I will have to be convinced that is appropriate.

   **6.** Consistent with the foregoing comment, the Joint Discovery Plan suggests that Defendants might take at least twenty or more depositions. The obvious question is, of whom? Defendants do not need to depose their own representatives; the Committee is made up of abuse victims represented by counsel who could not answer that question. There do not appear to be many issues that the Defendants need to develop separately to prove their own respective cases if indeed they have different

defenses.  Non-Debtor defendants should be prepared to discuss this issue.

    **7.**   If non-Debtor defendants do have different defenses, they will need to explain those differences before I will schedule them (through their five law firms) as though they represent disparate interests, five truly separate defendants with different stories to tell.

    **8.**   At the hearing on October 23, 2025, I explained to counsel that I would take up with other bankruptcy judges of the district the question of to whom and when I would transfer this adversary proceeding and the main case.  While that will be an ongoing subject of discussion among the members of the court, and of principal concern to the three judges who will not be leaving within the next fifteen months, it is not going to be a front burner item for the simple reason that unless persuaded otherwise, and assuming this Chapter 11 case is still in a pre-confirmation status, I will conduct a trial during mid-2026 and set aside five to eight days to do so.  The parties should meet and confer regarding adjustments to the proposed schedule in light of these comments.  I will be prepared to discuss them on November 6.

**\*\*END OF MEMORANDUM\*\***