Damion D. D. Robinson, SBN 262573
8430 Santa Monica Blvd., Suite 200
West Hollywood, California 90069
Tel: (424) 278-2335
Email: damion.robinson@diamondmccarthy.com

Allan B. Diamond, Esq. (admitted *pro hac vice*)
Christopher D. Johnson, Esq. (admitted *pro hac vice*)
Justin Strother (admitted *pro hac vice*)
**DIAMOND McCARTHY LLP**
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com
  Chris.johnson@diamondmccarthy.com
  Justin.strother@diamondmccarthy.com

*Attorneys for Archdiocese of San Francisco
Capital Assets Support Corporation*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　　Debtor. | Case No. 23-30564<br><br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, *et al.*,<br><br>　　　　Defendants. | Adv. Proc. No. 25-03021<br><br>**MOTION TO INTERVENE OF THE ARCHDIOCESE OF SAN FRANCISCO CAPITAL ASSETS SUPPORT CORPORATION'S MOTION TO INTERVENE UNDER FED. R. CIV. P. 24 AND MEMORANDUM OF LAW IN SUPPORT** |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    A.     Intervention is Proper Under Rule 24(a)(2). ................................................... 2

    B.     CASC's Motion to Intervene is Timely ............................................................ 3

    C.     CASC Has a Significantly Protectable Interest ............................................... 3

    D.     CASC's Ability to Protect Its Interest May Be Impaired Absent Intervention ........................................................................................................ 4

    E.     No Existing Party Adequately Represents CASC's Unique Interest .............. 5

    F.     Rule 24(c) is Satisfied by the Attached Proposed Answer. ........................... 5

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District,*
    (C.D. Cal. 2014) 162 F.Supp.3d 1053 ................................................................................ 4

*Arakaki v. Cayetano,*
    (9th Cir. 2003) 324 F.3d 1078 ..................................................................................... 2, 3

*Berger v. N.C. State Conf. of NAACP,*
    142 S. Ct. 2191 (2022) ................................................................................................ 3, 5

*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir.1998) ............................................................................................ 3

*Greene v. United States,*
    996 F.2d 973 (9th Cir.1993) ............................................................................................ 3

*League of United Latin Am. Citizens v. Wilson,*
    131 F.3d 1297 (9th Cir.1997) .......................................................................................... 3

*Southwest Center for Biological Diversity v. Berg,*
    (9th Cir. 2001) 268 F.3d 810 ........................................................................................... 3

**Rules**

FED. R. CIV. P. 24 .................................................................................................... passim

Ninth Circuit, Rule 24 ......................................................................................................... 2

**Other Authorities**

Fed. Prac. & Proc. Civ. § 1908 (3d ed.) ............................................................................. 2

Fed. Prac. & Proc. Civ. § 1908.1 (3d ed.) .......................................................................... 3

**PRELIMINARY STATEMENT**

The ARCHDIOCESE OF SAN FRANCISCO PARISH, SCHOOL AND CEMETERY JURIDIC PERSONS CAPITAL ASSETS SUPPORT CORPORATION ("CASC") respectfully moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). As explained below, the Committee's adversary proceeding directly implicates assets for which CASC holds legal title and responsibility, yet CASC was not named as a party. Because adjudication of this proceeding could impair CASC's ability to protect its distinct legal interests, and because no existing party adequately represents those interests, intervention is required.

**BACKGROUND**

CASC is a nonprofit religious support corporation that was formed in 2007 by the Roman Catholic Archbishop of San Francisco. A core function of CASC is to hold and administer funds, including endowments and donor restricted funds, that have been entrusted to it by parishes and related entities. These assets are held by CASC in legally segregated accounts, and CASC maintains detailed accounting records of each entity's respective balances. Funds deposited with CASC remain subject to the spending authority and control of the depositing parish or entity. CASC treats each deposit as creating a liability owed to the depositing entity and does not treat the funds as its own unrestricted property. This structure is consistent with Canon Law and practice and is not altered by the incorporated or unincorporated status of the underlying parish or beneficiary.

CASC's governing documents provide that it must operate exclusively to support, benefit, and carry out the purposes of the RCASF, specifically by advancing the mission of parish and school juridic persons duly established under Canon Law. The articles of incorporation further provide that all CASC property is irrevocably dedicated to religious, charitable, or educational purposes.

At the time of its creation, various assets were transferred to CASC from the RCASF, as well as from parishes, schools, and cemeteries within the Archdiocese. These transfers primarily consisted of investments beneficially owned by those entities. CASC assumed all civil and canonical obligations related to the use of those funds, subject to existing donor or use restrictions. CASC also obtained and evaluated supporting donor restriction documentation.

In addition to the investment pool funds described above, CASC maintains a deposit and loan fund for the parishes and schools within the Archdiocese. These entities typically transfer any funds in excess of two months' projected operating needs to CASC for management, either in the deposit and loan fund or in long-term investment pools. CASC does not hold or manage any funds belonging to the RCASF itself. It maintains separate, annually audited financial statements and detailed accounting records that identify the beneficial interest of each participating parish, high school, cemetery and other affiliated entities in the assets held by CASC.

In short, CASC is a real party in interest to the characterization of the assets it holds for the benefit of non-debtor parishes, schools, and cemeteries. CASC has assumed the civil and canonical obligations associated with those assets, maintains separate financial records and beneficial ownership accounting, and is responsible for ensuring compliance with both donor restrictions and canonical norms. Its role and legal status are central to any determination of whether such assets are property of the Debtor's estate.

All of the factual allegations in this motion and brief are supported by the contemporaneously filed Declaration of Philip Skrade.

## ARGUMENT

### A. Intervention is Proper Under Rule 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) requires the court "on timely motion" to "permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." Fed. R. Civ. P. 24(a)(2); *see also* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1908 (3d ed.) ("On timely motion an absentee must be permitted to intervene if (1) the absentee claims an interest relating to the property or transaction that is the subject of the action, and (2) is so situated that the disposition of the action may as a practical matter impair or impede the absentee's ability to protect that interest, unless (3) the existing parties adequately represent that interest.").

In the Ninth Circuit, Rule 24 "receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano* (9th Cir. 2003) 324 F.3d 1078, 1083, *as amended* (May 13, 2003) (*citing*

*Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998). In its analysis, courts are to be guided by practical and equitable considerations. *Id.* Additionally, courts must take all well-pleaded, nonconclusory allegations in the motion to intervene and the proposed answer in intervention as true absent sham, frivolity, or other similar objections. *Southwest Center for Biological Diversity v. Berg* (9th Cir. 2001) 268 F.3d 810, 820

**B.     CASC's Motion to Intervene is Timely**

The Court should look at three factors in determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997).

This motion is timely. It is being filed approximately two months after the named defendants filed their answers, and before the Court has ruled on any dispositive motions or entertained any significant motion practice. The case remains in its early stages. Intervention at this point will not cause undue delay or prejudice to the existing parties.

**C.     CASC Has a Significantly Protectable Interest**

The Complaint seeks, in substance, a declaration that assets held by CASC on behalf of non-debtor parishes and other entities are property of the Debtor's estate. These are the very assets to which CASC holds legal title and for which it owes obligations to the parishes and others and bears financial accountability. Where a proposed intervenor claims a legally protectable interest in specific property at issue in a suit, that satisfies Rule 24(a)(2). *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2197–98 (2022). The interest requirement of Rule 24(a)(2) is met if the judgment will have a binding effect on the would-be intervenor. Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1908.1 (3d ed.).

This requirement is not a significant hurdle and should not be interpreted too technically. The Ninth Circuit has made clear that "[w]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Southwest Center for Biological Diversity v. Berg* (9th Cir. 2001) 268 F.3d 810, 818 (*citing Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993).

In *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District* (C.D. Cal. 2014) 162 F.Supp.3d 1053, 1056, the district court applied Rule 24(a)(2) and allowed the U.S. government to intervene in litigation where, as trustee, it held the legal title to a Native American tribe's groundwater rights. The court recognized that, although the intervenor was not itself asserting a personal ownership claim, it had a protectable interest by virtue of its legal responsibility for managing the rights. *Id.* Here, CASC's position is closely analogous. CASC holds legal title to and manages specific funds for the benefit of parishes, schools, and other non-debtors. The Committee's effort to recharacterize those funds as property of the Debtor's estate places CASC's obligations and authority at issue in the same way. As in *Agua Caliente*, that interest is sufficient to warrant intervention under Rule 24(a)(2).

CASC's interest in the characterization of the funds it holds on behalf of parishes, schools, and other non-debtors is a significantly protectable interest because it goes to the core of CASC's legal obligations and responsibilities. CASC holds legal title to these funds, maintains detailed accounting records reflecting each beneficial owner's interest, and has assumed both civil and canonical obligations regarding their proper classification and use. If the Court were to determine that these funds are property of the Debtor's estate, that would directly impair CASC's ability to fulfill its duties to the non-debtor beneficiaries, undermine its corporate purpose, and potentially expose it to liability. The relief sought by the Debtor (namely, to recharacterize funds held by CASC for non-debtors as property of the estate) squarely targets CASC's stewardship of these assets. That alone is sufficient to establish a significantly protectable interest warranting intervention under Rule 24(a)(2).

**D.     CASC's Ability to Protect Its Interest May Be Impaired Absent Intervention**

Disposition of this adversary proceeding may impair CASC's interest in multiple ways. It should go without saying that if the Court finds that the assets in CASC's possession are property of the Debtor, that destroys CASC's legal ownership, and casts confusion on CASC's responsibilities, obligations, and administrative practices. Moreover, a ruling in the Committee's favor may place CASC in the untenable position of conflicting obligations to depositors, insurers, or regulators.

It is not necessary that impairment be certain. Rule 24(a)(2) is triggered when the disposition of the action "**may** as a practical matter impair or impede [CASC's] ability to protect its interest". Fed. R. Civ. P. 24(a)(2) (*emphasis added*).

**E.      No Existing Party Adequately Represents CASC's Unique Interest**

No existing party to this adversary proceeding adequately represents CASC's unique legal and institutional interests. The non-debtor defendants are the intended beneficiaries of the funds at issue, but they do not hold legal title to those funds, are not charged with their management, and do not have the same responsibility for ensuring compliance with donor restrictions, civil obligations, or canonical requirements. CASC alone holds legal title to the funds and maintains detailed accounting of the beneficial interests, and it has assumed ongoing obligations to administer, segregate, and safeguard those assets. Its legal exposure and accountability are distinct from the interests of the parishes, schools, and other non-debtors it supports. Additionally, CASC is financially supported by the fees that it charges to those beneficial owners for CASC's management of the assets.

The Supreme Court has made clear that the burden of showing inadequate representation under Rule 24(a)(2) is "only a minimal challenge". *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2203 (2022). Differences in perspective, litigation posture, or institutional function are sufficient to establish this element. CASC satisfies that threshold and is entitled to intervene to protect its distinct interests.

**F.      Rule 24(c) is Satisfied by the Attached Proposed Answer.**

Attached as Exhibit 1 is the proposed answer of CASC. It states the defenses for which intervention is sought, and accordingly, satisfies Federal Rule of Civil Procedure 24(c), which requires the motion to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.*

**CONCLUSION**

CASC holds legal title to funds at issue in this adversary proceeding, many of which are donor-restricted. It has accepted responsibility to safeguard, account for, and apply those funds in accordance with the applicable restrictions. If the Committee's claims are sustained, CASC's ability to fulfill those obligations will be directly impaired.

No existing party can speak for CASC. The parishes and ministries may benefit from the funds, but they neither hold title nor bear the same legal burdens that CASC does.

This motion is timely, narrow in scope, and imposes no undue delay. CASC seeks only to protect its role and obligations in a proceeding that squarely threatens them. Intervention should be granted.

Based on the foregoing points and authorities, CASC, by and through its undersigned counsel, respectfully requests that this Court allow CASC to intervene in this case.

Dated: December 15, 2025.

DIAMOND MCCARTHY LLP

*/s/ Allan B. Diamond*
Damion D.D. Robinson
8430 Santa Monica Blvd., Suite 200
West Hollywood, California 90069
Telephone: 424-278-2335
damion.robinson@diamondmccarthy.com

Allan B. Diamond (admitted *pro hac vice*)
Christopher D. Johnson (admitted *pro hac vice*)
Justin Strother (admitted *pro hac vice*)
2200 Post Oak Blvd., Suite 1000
Houston, TX 77056
Telephone: 713-333-5100
Facsimile: 713-333-5199
adiamond@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
justin.strother@diamondmccarthy.com

*Attorneys for Archdiocese of San Francisco Capital Assets Support Corporation*

# PROOF OF SERVICE

STATE OF TEXAS, COUNTY OF HARRIS

I am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the within action; my business address is: 909 Fannin, Suite 3700, Houston, TX 77010.

On December 15, 2025, I served the foregoing document(s) described as:

**MOTION TO INTERVENE OF THE ARCHDIOCESE OF SAN FRANCISCO CAPITAL ASSETS SUPPORT CORPORATION'S MOTION TO INTERVENE UNDER FED. R. CIV. P. 24 AND MEMORANDUM OF LAW IN SUPPORT**

on interested parties in this action, at the following address(es):

*SEE ATTACHED SERVICE LIST*

☒ **BY EMAIL:** I served a copy of the foregoing on the interested parties via email to their addresses for electronic service as specified in the Service List, or through an electronic service platform.

☐ **BY MAIL:** I enclosed ☐ originals / ☐ true copies of the same in sealed envelopes addressed as specified in the Service List.

☐ I deposited the sealed envelope for collection with the United States Postal Service, with the postage thereon fully prepaid.

☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage thereon fully prepaid.

☐ **BY OVERNIGHT:** I enclosed the foregoing in an envelope or package provided by an overnight delivery carrier and addressed to the persons stated in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

Executed on December 15, 2025 at Houston, Texas.

| | |
|---|---|
| Catherine Burrow | */s/ Catherine Burrow* |
| [Print Name of Person Executing Proof] | [Signature] |

**Registered Electronic Participants**

Peter C. Califano on behalf of Defendant Vallombrosa Retreat Center
pcalifano@nvlawllp.com

Robert M Charles, Jr on behalf of Defendant All Hallows Chapel
Robert.Charles@wbd-us.com

Daniel Lloyd Egan on behalf of Defendant Holy Cross Catholic Cemeteries
degan@wilkefleury.com

Gail S. Greenwood on behalf of Plaintiff The Official Committee Of Unsecured Creditors
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

Ori Katz on behalf of Defendant The Roman Catholic Archbishop of San Francisco
okatz@sheppardmullin.com, LSegura@sheppardmullin.com

Jeannie Kim on behalf of Defendant The Roman Catholic Archbishop of San Francisco
jekim@sheppardmullin.com, dgatmen@sheppardmullin.com

Brittany Mitchell Michael on behalf of Plaintiff The Official Committee Of Unsecured Creditors
bmichael@pszjlaw.com

Paul J. Pascuzzi on behalf of Defendant The Roman Catholic Archbishop of San Francisco
ppascuzzi@ffwplaw.com, docket@ffwplaw.com

Kathleen Mary Derrig Rios on behalf of Defendant All Hallows Chapel
Katie.Rios@wbd-us.com

Julie H. Rome-Banks on behalf of Defendant Archbishop Riordan High School
julie@bindermalter.com

James I. Stang on behalf of Plaintiff The Official Committee Of Unsecured Creditors
jstang@pszjlaw.com

Jason D. Strabo on behalf of Defendant Sacred Heart Cathedral Preparatory
jstrabo@mwe.com, dnorthrop@mwe.com

- 8 -
MOTION TO INTERVENE AND MEMORANDUM OF LAW