**RJN 2**

1  TOBIN & TOBIN
   PAUL E. GASPARI, ESQ.
2  LAWRENCE R. JANNUZZI, ESQ.
   One Montgomery Street, 15th Floor
3  San Francisco, CA  94104
   Telephone: (415) 433-1400
4
   Attorneys for defendant THE ROMAN
5  CATHOLIC ARCHBISHOP OF SAN FRANCISCO

6

7                 UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10  PLANNED PARENTHOOD ASSOCIATION      )  Case No. C910580  WHO
    OF SAN MATEO COUNTY,                )
11                                      )  OPPOSITION OF THE ROMAN
                      Plaintiff,        )  CATHOLIC ARCHBISHOP OF SAN
12                                      )  FRANCISCO TO MOTION FOR
              v.                        )  PRELIMINARY INJUNCTION
13                                      )
    HOLY ANGELS CATHOLIC CHURCH,        )
14  NORTHERN CALIFORNIA OPERATION       )  Hearing:
    RESCUE, JAMES ROBINSON, DOROTHY     )
15  ANN CONNOLLY, CHARLES METZGER,      )  Date:  April 4, 1991
    NANCY MURRAY, and DOES 1 through    )  Time:  2:00 p.m.
16  100,                                )  Courtroom: 7
                                        )
17                    Defendants.       )  Accompanying Papers:
                                        )  1.  Declaration of Father
18  _____      )  Edward Cleary

19                                         2.  Declaration of Msgr.
                                           James P. McKay
20
                                           3.  Proposed form of order
21

22

23

24

25

26

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

OCC AVP0001041

# TABLE OF CONTENTS

PAGE

I   INTRODUCTION . . . . . . . . . . . . . . . . . . . .   1

II   LEGAL DISCUSSION . . . . . . . . . . . . . . . . .   4

   A.   Since Plaintiff Has Not Shown Any
     Likelihood Of Success Against The
     ARCHDIOCESE, And The Balance Of
     Hardships Tips In Favor Of The
     ARCHDIOCESE, No Injunction May Issue
     Against It . . . . . . . . . . . . . . . . . . . .   4

      1.   Plaintiff Bears The Burden Of Showing
        A Likelihood Of Success And An
        Advantage In The Balance Of
        Hardships . . . . . . . . . . . . . . . .   4

      2.   In The Absence Of Any Evidence
        Against The ARCHDIOCESE, Plaintiff
        Has Shown Absolutely No Chance Of
        Success Against It . . . . . . . . . . .   6

      3.   The Relative Hardships Of This Case
        Tip Sharply In Favor Of The
        ARCHDIOCESE . . . . . . . . . . . . . .   11

   B.   The Proposed Injunction Is Vague,
     Overbroad And Goes Far Beyond
     Preservation Of The Status Quo . . . . . . .   13

III   CONCLUSION . . . . . . . . . . . . . . . . . . . .   15

-i-

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
415) 433-1400

TABLE OF AUTHORITIES

PAGE

CASES

Benda v. Grand Lodge of International Association
of Machinists and Aerospace Workers
    584 F.2d 308, 315 (Ninth Cir. 1978) Cert.
    dismissed 441 U.S. 937, 99 S.Ct 2065,
    60 L.Ed. 2d 667 . . . . . . . . . . . . . . . . . . . .   7

Coffee Dan's Inc. v. Coffee Don's Charcoal Broiler
    305 F.Supp. 1210, 1212-13 (N.D. Cal. 1969) . . .   5,6

First Brands Corp. v. Fred Meyer, Inc.
    809 F.2d 1378, 1381 (Ninth Cir. 1987) . . . . .   5

Franks v. Bowman Transport Co.
    424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed. 2s
    444 (1976) . . . . . . . . . . . . . . . . . . . . .   9

Hartikka v. United States
    754 F.2d 1516, 1518 (Ninth Cir. 1985) . . . . .   11

Hecco Ventures  v. Avalon Energy Corp.
    606 F.Supp. 512, 515 (S.D.N.Y. 1985) . . . . . .   4

Los Angeles Memorial Coliseum Commission v.
National Football League
    634 F.2d 1197, 1203-1204 (Ninth Cir. 1980) . . .   5

Mann v. Cox
    487 F.Supp. 147, 155 (D.C. Ga. 1979) . . . . . .   8

Maryland Casualty Co. v. Huger
    728 S.W.2d 574 (1987) . . . . . . . . . . . . . .   10

Naughton v. Bevilacqua
    605 F.2d 586, 590 (First Cir. 1979) . . . . . .   7,13

Olagues v. Russoniello
    770 F.2d 791, 799 (Ninth Cir. 1985) . . . . . .   4

Pomerantz v. County of Los Angeles
    674 F.2d 1288, 1291 (Ninth Cir. 1982) . . . . .   9

Regents of the University of California v. American
Broadcasting Companies, Inc.
    747 F.2d 511, 514 (Ninth Cir. 1984) . . . . . .   6,14

-ii-

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433 1400

Sid Berk, Inc. v. Uniroyal, Inc.
425 F.Supp. 22, 28 (C.D. Cal. 1977) . . . . . . 5,14

Sierra On-Line, Inc. v. Phoenix Software, Inc.
739 F.2d 1415, 1422 (Ninth Cir. 1984) . . . . . 14

United States v. Veon
538 F.Supp. 237, 246 (E.D. Cal. 1982) . . . . . 14

United States v. W.T. Grant Co.
345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed.
1303, 1309 . . . . . . . . . . . . . . . . . . 4,9

Williams v. Alioto
549 F.2d 136, 140 (Ninth Cir. 1977), Cert.
denied 450 U.S. 1012, 101 S.Ct. 1723,
68 L.Ed. 2d 213 . . . . . . . . . . . . . . . . 9

Wilson v. Watt
703 F.2d 395, 399 (Ninth Cir. 1983) . . . . . . 6

Wood v. Benedictine Society of Alabama
(1988) 530 So. 2d 801, 806 . . . . . . . . . . 11

STATUTES

Fed.R.Civ.P. 65(d) . . . . . . . . . . . . . . . . 13

OTHER AUTHORITIES

William Schwarzer, et al., Federal Civil Procedure
Before Trial (TRG 1989) p. 13-19, ¶13:43, et seq. . . 5,14

AAA\ARC0320A.TOC

-iii-

TOBIN A TOT R
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO.
CALIFORNIA 94104
(415) 433-1400

Plaintiff PLANNED PARENTHOOD ASSOCIATION OF SAN MATEO COUNTY is seeking a preliminary injunction ostensibly to prevent harassment of its staff and patients at an abortion clinic in Daly City, California. Plaintiff names HOLY ANGELS CATHOLIC CHURCH in its complaint and proposed preliminary injunction. The ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole (the "ARCHDIOCESE"), is the owner and operator of HOLY ANGELS, which is not a separate legal entity. The ARCHDIOCESE, therefore, is appearing in place of HOLY ANGELS.

The facts are simple: Plaintiff complains that the various defendants (whom it refers to indiscriminately as "the picketers") have engaged in various acts which it labels (also indiscriminately) as threats, disruptions and harassment. As for itself, however, the ARCHDIOCESE has never engaged in these activities, and does not condone or encourage them.[1]

The sole involvement in this dispute of anyone arguably associated with the ARCHDIOCESE is a periodic appearance by a parish priest with a small Rosary Group. The only activity of this group is to say the Rosary near the clinic

---

[1] In many, perhaps most, of plaintiff's allegations, it is entirely unclear precisely what acts constitute, for example, harassment or intimidation. For purposes of this response, however, it is clear that whatever specific acts are complained of are not the acts of the ARCHDIOCESE and the ARCHDIOCESE is responding on that basis. The ARCHDIOCESE reserves the right to make further objections should any further acts be specified.

- 1 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

Case: 25-03021    Doc# 164-2    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 6
of 24
OCC AVP0001045

1  in a quiet, unobtrusive way.  These persons do not approach,
2  much less harass, any other persons, do not distribute
3  literature or chant or picket, do not block doorways or any
4  other public access.

5        The inclusion of the ARCHDIOCESE in this action is
6  entirely misplaced.  It is clear that even the quiet, prayerful
7  activity of the parish priest is not the act of defendant
8  ARCHDIOCESE or any of its arms.  Even if it were, neither the
9  priest, the ARCHDIOCESE, nor any of its agents has partaken in,
10 encouraged or condoned any of the activities which plaintiff
11 seeks to enjoin.  Moreover, the ARCHDIOCESE has no relationship
12 whatsoever to any of the other defendants.  Under these
13 circumstances the ARCHDIOCESE is a wholly inappropriate
14 defendant.

15       The improper nature of the inclusion of the
16 ARCHDIOCESE is underscored by the evidentiary showing of
17 plaintiff.  Despite bearing the burden of proving the necessity
18 for injunctive relief, not one single piece of evidence offered
19 by plaintiff even suggests that the ARCHDIOCESE or anyone acting
20 on its behalf or at its encouragement has done even a single one
21 of the acts complained of.  On the contrary, the ARCHDIOCESE
22 demonstrates that no such activity has been done by or on behalf
23 of the ARCHDIOCESE (either through HOLY ANGELS parish or any
24 other arm), and that the ARCHDIOCESE does not encourage or
25 condone any such activities.

26       Furthermore, while plaintiff gives great weight to its

- 2 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIE & TOCHI
41 TENTH 41 LAW
ONE MONTGOMERY STREET
11 TENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 423-1400

OCC AVP0001046

1  "rights" and the rights of its patients, those are far from the
2  only rights involved in this injunction.  The inquiry into the
3  balance of hardships in this case does not begin and end at the
4  clinic door.  Insofar as plaintiff seeks to enjoin the
5  ARCHDIOCESE, the Court must also consider that the injunction
6  sought by plaintiff in truth amounts to a prior restraint of
7  speech and an impairment of freedoms of religion and assembly.
8  Plaintiff must make a strong showing indeed to justify such
9  draconian remedies, but in fact has made no showing at all of
10  any improper activities of the ARCHDIOCESE.

11        Finally, even if an injunction against the ARCHDIOCESE
12  were appropriate at all, the injunction sought by plaintiff is
13  drastically vague and overbroad.  The purpose of a preliminary
14  injunction is not to grant plaintiff all relief sought in the
15  complaint.  A preliminary injunction is designed to preserve the
16  status quo only, and must be narrowly tailored, specific and
17  precise.  The sweeping and ambiguous terms of the proposed
18  injunction fail this as well.

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

                              - 3 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

OCC AVP0001047

## LEGAL DISCUSSION

A.      Since Plaintiff Has Not Shown Any Likelihood of
        Success Against the ARCHDIOCESE, And The Balance Of
        Hardships Tips In Favor of the ARCHDIOCESE, No
        Injunction May Issue Against It.

        1.  Plaintiff Bears the Burden Of Showing A
            Likelihood Of Success And An Advantage In The
            Balance Of Hardships.

The ARCHDIOCESE maintains--and plaintiff has made no showing to the contrary--that it simply has nothing to do with the acts plaintiff complains of.  Plaintiff's moving papers, therefore, fail to satisfy the prerequisites for a preliminary injunction.

It is Plaintiff who bears the burden of proving that preliminary injunction is necessary.  United States v. W.T. Grant Co. 345 U.S. 629, 633, 73 S. Ct. 894, 97 L.Ed. 1303, 1309. A preliminary injunction, another Court has noted, is "an extraordinary and drastic remedy which should not be routinely granted [citation omitted], and the plaintiff seeking such relief bears a heavy burden of proof [citations omitted]." Hecco Ventures v. Avalon Energy Corp. 606 F.Supp. 512, 515 (S.D.N.Y. 1985).  The Ninth Circuit follows this unanimous rule:  "[A] plaintiff . . . has the burden of showing that equitable relief is necessary . . . ."  Olaques v. Russoniello 770 F.2d 791, 799 (Ninth Cir. 1985).  And as this Court has held, "a preliminary injunction is an extraordinary and far-reaching remedy,"  which will be granted "only where the plaintiff makes a clear and convincing showing of need."

- 4 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

OCC AVP0001048

1  _Coffee Dan's Inc. v. Coffee Don's Charcoal Broiler_  305 F.Supp.
2  1210, 1212-13 (N.D.Cal. 1969).  Indeed, granting a preliminary
3  injunction is "the exception rather than . . . the rule."  _Sid_
4  _Berk, Inc. v. Uniroyal, Inc._  425 F.Supp. 22, 28 (C.D. Cal.,
5  1977).  And if there is any doubt on the record, "ordinarily"
6  the request for preliminary injunction will be denied.  _Id._ at
7  29.

8         In the Ninth Circuit, the showing required for a
9  preliminary injunction has been stated in alternative ways.  In
10 _Los Angeles Memorial Coliseum Commission v. National Football_
11 _League_  634 F.2d 1197, 1203-1204 (Ninth Cir. 1980), for example,
12 the Court employed the "traditional" test balancing the chance
13 of success against the threat of irreparable injury and the
14 balance of hardships.  Other Courts have employed the so-called
15 "alternate" test, cited by plaintiff, which allows a preliminary
16 injunction to issue if plaintiff shows _probable_ success _and_
17 possibility of irreparable injury on the one hand, or serious
18 questions as to the merits combined with a _sharp_ tip in the
19 balance of hardships.  See, _e.g._, _First Brands Corp. v. Fred_
20 _Meyer, Inc._  809 F.2d 1378, 1381 (Ninth Cir. 1987),  William
21 Schwarzer, _et al._, _Federal Civil Procedure Before Trial_  (TRG
22 1989) p.13-9, ¶ 13:43, _et seq._

23        It has been frequently noted that these are in reality
24 alternative formulations of the same test, a "continuum of
25 equitable discretion whereby the greater the relative hardship
26 to the moving party, the less probability of success must be

~ 5 ~
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
415) 433-1400

OCC AVP0001049

shown."   Regents of the University of California v. ABC, Inc.
747 F.2d 511, 515 (Ninth Cir. 1984).

Although the strength of the showing of success may
vary according to the equities of the case, the "irreducible
minimum" is a showing of at least some chance of success.
Wilson v. Watt  703 F.2d 395, 399 (Ninth Cir. 1983).   And
where, as here, the balance actually tips toward defendant,
plaintiff is held to the "clearest" showing of probable success.
Coffee Dan's, supra, 305 F. Supp. at 1216.

The ARCHDIOCESE submits that plaintiff's showing fails
both sides of this test:  Plaintiff has shown absolutely no
evidence demonstrating any likelihood at all of succeeding
against the ARCHDIOCESE.  And since the equities here lean
decidedly in favor of the ARCHDIOCESE, the need for such a
showing is made all the more crucial.

### 2.   In the Absence of Any Evidence Against the ARCHDIOCESE, Plaintiff Has Shown Absolutely No Chance Of Success Against It.

The evidentiary showing of plaintiff consists entirely
of several declarations of plaintiff's staff members complaining
of the acts of undifferentiated persons referred to as "the
picketers" or "the demonstrators" on unspecified occasions,
performing certain acts which plaintiff's witnesses label
"harassment" or "intimidation."

It appears that much, if not the great majority, of
the action complained of is Constitutionally protected free

- 6 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
FINE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433-1400

OCC AVP0001050

1  speech and assembly, and that the "harassment" and
2  "intimidation" stem mostly from plaintiff's desire not to hear
3  it.  That question, however, need not be answered here, for it
4  is patent that not one single act has been attributed to the
5  ARCHDIOCESE or any of its agents.  On the contrary, the
6  ARCHBISHOP has provided competent evidence that it has nothing
7  to do with the acts complained of, and does not approve of or
8  encourage those acts.  On this showing, the ARCHDIOCESE is not a
9  proper defendant.

10         To carry its burden, plaintiff must show that there
11  exists "some cognizable danger of recurrent violation--something
12  more than the mere possibility which serves to keep the case
13  alive."  W.T. Grant, supra, 345 U.S. at 633.  And "no chance of
14  success at all will not suffice".  Benda v. Grand Lodge of
15  International Association of Machinists and Aerospace Workers
16  584 F.2d 308, 315 (Ninth Cir. 1978) cert. dismissed 441 U.S.
17  937, 99 S.Ct. 2065, 60 L.Ed.2d 667.

18         Thus, injunctive relief has been refused against
19  defendants who, at most, were tangentially connected with the
20  case.  Naughton v. Bevilacqua  605 F.2d 586, 590 (First Cir.
21  1979).  In that case, the defendant, unlike the ARCHDIOCESE, had
22  at least some connection to the case, as a supervisor of
23  employees who had committed the acts complained of. Since he had
24  no relationship to or control over those acts, however, the
25  Court refused to "burden him on peril of contempt, with
26  preventing 'speculative and probably only sporadic future

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433-1400

Case: 25-03021   Doc# 164-2   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 12
of 24

OCC AVP0001051

misconduct' by employees with whom he has no direct contact, where that misconduct 'is not part of a pattern of persistent and deliberate official policy.' Id.

Similarly, in a case where jury commissioners were accused of bias, another Court refused to grant an injunction as to the judge who was responsible for appointing the commissioners, as there was "not the slightest evidence" that this particular defendant was in any way connected with the act to be enjoined. Mann v. Cox 487 F.Supp. 147, 155 (D.C.Ga. 1979).

Here, other than being named as a defendant (and other than the public knowledge that the Roman Catholic Church condemns abortion), plaintiff fails to show that the ARCHDIOCESE is even tangentially connected to this case. On the contrary, the ARCHDIOCESE has testified that it has not, and does not, participate in, condone, or encourage any behavior which could possibly be construed as confrontation, harassment, intimidation or disturbance of the peace, and certainly none of the acts plaintiff complains of.

An analogous situation is that of the "mootness" doctrine. The ordinary moot case embraces the situation where a defendant has participated in wrongdoing in the past, and permanently "repented". No such showing of "repentance" would seem necessary, where, as here, no past wrongdoing is alleged or shown. The question, in any case, is whether there is a reasonable probability--a "cognizable danger"--that the action

- 8 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433 1400

Case: 25-03021    Doc# 164-2    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 13
of 24
OCC AVP0001052

1   will recur.  If not, the controversy is moot and no injunction
2   will issue.  W.T. Grant, supra, 345 U.S. at 633.  As the
3   Supreme Court noted there, "to be considered are the bona fides
4   of the expressed intent to comply, the effectiveness of any
5   discontinuance and, in some cases, the character of past
6   violations."  Id.

7       Here, the "bona fides" of the ARCHDIOCESE are
8   unrebutted, there were no past acts to discontinue, and any such
9   actions are specifically disavowed.  There is no basis,
10  therefore, for finding any probability that any such acts will
11  occur in the future.  Possibly the entire action, but certainly
12  the request for a preliminary injunction, are moot.

13      Mootness, indeed, implicates far more than the
14  issuance of an injunction:  The Court cannot, under Article III
15  of the Constitution, decide moot cases.  Williams v. Alioto 549
16  F.2d 136, 140 (Ninth Cir. 1977), cert. denied 450 U.S. 1012, 101
17  S.Ct. 1723, 68 L.Ed.2d 213.  To determine whether it has
18  jurisdiction, the Court must ask "whether 'a live controversy
19  [remains] at the time this court reviews the case."  Pomerantz
20  v. County of Los Angeles 674 F.2d 1288, 1291 (Ninth Cir. 1982),
21  quoting Franks v. Bowman Transport Co. 424 U.S. 747, 96 S.Ct.
22  1251, 47 L.Ed.2d 444 (1976).  Here, absent any showing of past
23  harm, any showing of future likelihood of injury--any showing at
24  all--there cannot be said to be any "live" controversy between
25  plaintiff and the ARCHDIOCESE.

26      One person related to the ARCHDIOCESE has been present

- 9 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433 1400

OCC AVP0001053

1 at this abortion clinic, although plaintiff fails to identify
2 even this. That one person is a parish priest, who brings a
3 small group to the site to say the Rosary every other Saturday
4 morning. That priest is not named as a defendant, has testified
5 that he does not participate in any of the complained-of
6 activities, and has not been accused of any particular act.

7 The ARCHDIOCESE cannot be enjoined from acts of the
8 priest which never happened. Even if the priest were active in
9 the way suggested by plaintiff, however, such actions would be
10 the actions of an individual citizen. They would not be the
11 actions of the ARCHDIOCESE which does not encourage or condone
12 them.

13 In _Maryland Casualty Co. v. Huger_ 728 S.W. 2d 574
14 (1987), the Missouri Court of Appeals discussed the case of a
15 priest who _did_ engage in civil disobedience at an abortion
16 clinic. But like our case, the activities were neither
17 authorized nor encouraged by the Archbishop of St. Louis. The
18 Court held that the Church's anti-abortion teaching alone was
19 not sufficient to make a priest the agent of the Archbishop in
20 engaging in civil disobedience. The religious superior, like
21 our own, "acknowledged that a priest should be philosophically
22 and theologically opposed to abortion; but there is no duty to
23 express one's views by way of unlawful demonstrations." _Id._ at
24 580. Under those circumstances, the priest "was exercising his
25 privilege as a 'citizen,' . . . but was not engaged 'within the
26 scope of his duties . . . .' as an agent of the Archbishop. _Id._

- 10 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOB · R TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEEN H FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 453-1400

Case: 25-03021    Doc# 164-2    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 15
of 24

OCC AVP0001054

at 581,

Similarly, in <u>Wood v. Benedictine Society of Alabama</u> (1988) 530 So.2d 801, 806, where a priest had damaged and defaced an abortion clinic, the Supreme Court of Georgia held that "the fact that [the priest] is a monk--and also a priest-- 24 hours a day, does not necessarily mean that his membership in the [Benedictine] Society makes the Society liable for all of his actions".

In our case, the priest is not named as a defendant and, in fact, has not been accused of any particular act. Even if the facts were otherwise, however, this would be no basis for seeking an injunction against the ARCHDIOCESE.

### 3. The Relative Hardships of This Case Tip Sharply In Favor of The ARCHDIOCESE.

Since plaintiff has established exactly zero chance of success in this action, even the strongest showing of hardship becomes nearly irrelevant. Nevertheless, "the 'balance of hardships' is a critical element of plaintiff's showing." <u>Hartikka v. United States</u> 754 F.2d 1516, 1518 (Ninth Cir. 1985). Here, the balance actually tips sharply in favor of the ARCHDIOCESE.

Plaintiff argues that the ARCHDIOCESE will suffer little "real" hardship in granting the injunction sought. (Plaintiff's Memorandum of Points and Authorities, p. 21). Perhaps placing a prior restraint on the right of free speech, limiting the right of assembly, and burdening the freedom of

- 11 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOJER & TOLEN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 430-1400

1  religion do not appear to be "real" hardships to plaintiff, but
2  the ARCHDIOCESE believes otherwise.

3  And despite plaintiff's argument that the Court "can"
4  fashion a limited injunction, the reality of the injunction
5  sought is a draconian order of amazing breadth and obscurity.
6  In addition to not blocking access, the order would restrain
7  Holy Angels Church (along with its "officers, agents, servants,
8  employees and attorneys, and all persons in active concert or
9  participation with them", whoever they may be) literally from
10  entering the shopping center, from standing in or crossing the
11  shopping center, from "approaching [potentially any] individuals
12  in their cars", and from "making any excessively loud sounds".
13  Even worse, this amorphous group of unspecified citizens may
14  not, under pain of contempt, engage in "coercion, intimidation,
15  or force", "harassing" persons or disturbing the peace.  And,
16  lest anything be missed, plaintiff seeks also to enjoin
17  "chanting."

18  This language works a grave hardship on the
19  ARCHDIOCESE:  It threatens to gag the Church on important moral,
20  ethical and social questions, in advance, based solely on the
21  content and audience.  This is no "time, place and manner"
22  restriction; this is an egregious attempt to stifle public
23  criticism of plaintiff's business, only because plaintiff does
24  not want to hear it.

25  The ARCHDIOCESE does not encourage or condone
26  confrontation or harassment, and has not participated in it, but

- 12 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

Case: 25-03021    Doc# 164-2    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 17
of 24

OCC AVP0001056

1  it cannot allow plaintiff to use this lawsuit as a pretext to
2  silence the Church under threat of Court sanction.

3      Moreover, even if there were no Bill of Rights
4  infractions in this proposed injunction, such restraints, if
5  enforced, amount to the threat of holding the Archbishop of San
6  Francisco liable for contempt every time a Catholic enters this
7  public shopping center, or every time a priest prays in public.
8  These are not only "real" hardships, they are the kind of
9  hardships which will prevent issuance of an injunction.
10 Naughton v. Bevilacqua, supra.

11 B.      The Proposed Injunction Is Vague, Overbroad and Goes
12         Far Beyond Preservation of the Status Quo.

13     Plaintiff's proposed injunction, even if it were to be
14 issued, is woefully defective in the necessary protections of
15 defendants. All of plaintiff's terms are entirely undefined
16 and, probably, undefinable. They fail to give defendants or the
17 Court any guidance as to what actions are forbidden and what
18 persons are enjoined. The injunction, therefore, only invites
19 controversy rather than avoiding it.

20     All injunctions must state specifically the precise
21 conduct which is enjoined. Fed. R. Civ. P. 65(d). They must
22 also describe in reasonable detail the activities, "and not by
23 reference to the complaint or other document" the acts sought to
24 be restrained. Here, the injunction is laden with such broad
25 and ambiguous prohibitions as "interfering with rights of
26 travel", "attempting to enter . . . or otherwise occupying" a

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433-1400

- 13 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

OCC AVP0001057

public shopping center; "standing, crossing or otherwise occupying" the shopping center; "harassing" people; "making any excessively loud sounds, including chanting"; or "otherwise violating any local or state laws." Precisely what conduct constitutes "harassing" or "excessively loud noise" can only be left to the imagination of the Court; the ARCHDIOCESE cannot supply any useful definitions. This is inappropriate material from which to fashion a Court order.

Additionally, the purpose of a preliminary injunction is to preserve the status quo pending trial. Regents of the University of California v. American Broadcasting Companies, Inc. 747 F.2d 511, 514 (Ninth Cir.1984). It is "not a preliminary adjudication on the merits . . . . " Sierra On-Line, Inc. v. Phoenix Software, Inc. 739 F.2d 1415, 1422 (Ninth Cir. 1984). Requests for injunctions that would change the status quo "are viewed with hesitancy and carry a heavy burden of persuasion." Schwarzer, et al., Federal Civil Procedure Before Trial ¶13:79, p. 13-15, citing United States v. Veon 538 F.Supp. 237, 246 (E.D.Cal. 1982). The status quo is defined as "the last uncontested status which preceded the pending controversy." Sid Berk, Inc. 425 F. Supp. at 29.

Rather than attempting to "freeze" the controversy in place pending trial, plaintiff's proposed injunction merely tracks the language of the complaint's prayer for relief. If granting plaintiff everything it asks for is preserving the status quo, this injunction accomplishes that. In truth,

- 14 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

TOGIN & TOGIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

1  however, this injunction (always assuming it is necessary and
2  proper) would amount to a gag and shackles on several parties,
3  including the ARCHDIOCESE.  Those shackles have not been in
4  place heretofore and cannot be considered part of the status
5  quo.

6      By the terms of the complaint, Planned Parenthood has
7  been operating under these identical circumstances for several
8  years.  Now, however, plaintiff asks for what should be an
9  emergency measure and takes the opportunity to seek a sort of
10 preliminary adjudication of the entire dispute.  The Court
11 should decline this invitation, and if an injunction is entered
12 at all, the Court should narrowly limit it to measures which
13 preserve, rather than alter, the status quo.

14     Finally, Federal Rule 65 prohibits an injunction from
15 incorporating the "complaint or other document" to define the
16 actions enjoined.  Plaintiff's proposed injunction, however,
17 uses the complaint to define the areas which defendants may not
18 "occupy."  If issued, the injunction must be altered
19 specifically to state the areas defendants may not enter.

20                              III
                           CONCLUSION

21     Plaintiff has failed to carry its burden as to either
22 prong of the test for a preliminary injunction:  It has shown
23 absolutely no probability of success against the ARCHDIOCESE,
24 and it has failed to demonstrate that the balance of hardships
25 tips in its favor at all.  Even if an injunction were
26

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94100
(415) 433-1400

                              - 15 -
        OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

OCC AVP0001059

1   appropriate under these circumstances, the proposed injunction
2   is terminally vague, ambiguous and overreaching.   For these
3   reasons, the ARCHDIOCESE respectfully requests that the Court
4   deny plaintiff's request for a preliminary injunction.

6   DATED:   April 4, 1991.

                                    TOBIN & TOBIN

                              By_____
                                 LAWRENCE R. JANNUZZI ESQ.
                                 Attorneys for defendant THE
                                 ROMAN CATHOLIC ARCHBISHOP OF
                                 SAN FRANCISCO

12  AAA\ARC0320A.OPP

TOBIN & TOBIN
ATTORNEYS AT LAW
UNL MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433 1400

- 16 -
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

OCC AVP0001060

PROOF OF SERVICE BY MAIL
1013a.(3) CCP Revised 1/1/88

I, CHRISTINA M. KONTZ, declare:

I am a citizen of the United States over the age of eighteen years and not a party to the within action. I am employed by the law offices of Tobin & Tobin, One Montgomery Street, 15th Floor, San Francisco, California 94104. I was directed by LAWRENCE R. JANNUZZI, ESQ., a member of the bar of this Court at whose direction this service was made.

On April 4, 1991, I served the foregoing documents described as: OPPOSITION OF THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO TO MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF FATHER EDWARD CLEARY; DECLARATION OF MSGR. JAMES P. McKAY; [PROPOSED] ORDER ON MOTION FOR PRELIMINARY INJUNCTION on the interested parties in this matter by placing the true and correct copies thereof in sealed envelopes addressed as follows:

SEE ATTACHED LIST

I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firms practice of collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal

/ / /

/ / /

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

1

1   cancellation date or postage meter date is more than one (1)
2   day
3   after date of deposit for mailing in affidavit.
4           I declare under penalty of perjury of the laws of the
5   State of California that the foregoing is true and correct.
6           Executed this ___ day of April, 1991, at San
7   Francisco, California.

                                        CHRISTINA M. KONTZ

SAMP-PLD.POS

2

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 433-1400

OCC AVP0001062

1

2    MCCUTCHEN, DOYLE, BROWN & ENERSEN
BETH H. PARKER
3    ENID A. VAN HOVEN
WILLIAM D. KISSINGER
4    CAROLINE M. ZANDER
Market Post Tower, Suite 1500
5    55 South Maket Street
San Jose, California   95113-2373
6

7    Scott L. Thomas
Thomas & Porrazzo
8    Horizon Center, Suite 1170
2 North Second Street
9    San Jose, California   95113

10   Charles Metzger
417 Silver Ave.
11   San Francisco, CA   94112

12   Northern California Operation Rescue
2464 El Camino Real, #590
13   Santa Clara, CA   95051

14

15

16

17

18

19

20

21

22

23

24

25

26

3

TOBIN & TOBIN
ATTORNEYS AT LAW
ONE MONTGOMERY STREET
FIFTEENTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 433-1400

OCC AVP0001063