**RJN 6-1**



San Francisco Superior Courts
Information Technology Group

# Document Scanning Lead Sheet

Jul-21-2006 3:11 pm

Case Number: CGC-06-454413

Filing Date: Jul-21-2006 3:04

Juke Box: 001    Image: 01494100

COMPLAINT

ADRIAN BRANCHCOMB et al VS. LOREA HUBBARD et al

001C01494100

**Instructions:**
Please place this sheet on top of the document to be scanned.

|  | SUM-100 |
|---|---|
| # SUMMONS<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
LOREA HUBBARD, HUBBARD BOARD and CARE, ADRIAN GREEN, CASTRO SENIOR CENTER, GOLDEN GATE SENIOR SERVICES, THE MOST HOLY REDEEMER CHURCH, and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)*:
ADRIAN BRANCHCOMB, CHARLES BRANCHCOMB, KENNETH BRANCHCOMB, THERESA BRANCHCOMB and HELEN B. GEBEYEHOU

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of San Francisco
400 McAllister, Street, San Francisco, CA 94102

CASE NUMBER: *(Número del Caso)* CGC-06-454413

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tesfaye W. Tsadik, Esq., SB#108103    Telephone (510)839-3922
1736 Franklin Street, 10th Floor      Facsimile (510)444-1704
Oakland, CA 94612

DATE: JUL 21 2006    GORDON PARK-LI    Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)* Jun Panelo *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms™    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Tesfaye W. Tsadik, Esq. SB#108103<br>Law Offices of Tesfaye W. Tsadik<br>1736 Franklin Street, 10th Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: (510)839-3922  FAX NO.: (510)444-1704<br>ATTORNEY FOR (Name): Plaintiff Robel Daniel | **FILED**<br>San Francisco County Superior Court<br><br>JUL 21 2006<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |

**CM-010**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAlister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: Branchcomb, et al V. Hubbard, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>CGC-06-454413<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [X] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (16)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2006

TESFAYE W. TSADIK, ESQ.                              ▸ *Tesfaye W. Tsadik*
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

FILED
San Francisco County Superior Court
JUL 2 1 2006
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

1  Tesfaye W. Tsadik, Esq.; SB#108103
   Law Offices of Tesfaye W. Tsadik
2  1736 Franklin Street, 10th Floor
   Oakland, CA 94612
3  Telephone (510)839-3922
   Facsimile (510)444-1704
4  E-mail: ttsadik@pacbell.net       CASE MANAGEMENT CONFERENCE SET

5  Attorney for Plaintiffs
                                      DEC 2 2 2006 - 9:00 AM
6

7                                     DEPARTMENT 212
                                                    SUMMONS ISSUED
8

9
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                       COUNTY OF SAN FRANCISCO
11

12  Adrian Branchcomb, Charles        )  Case No. CGC-06-454413
    Branchcomb, Joseph Branchcomb,    )
13  Kenneth Branchcomb, Theresa       )  COMPLAINT FOR DAMAGES:
    Branchcomb, and Helen B.          )  NEGLIGENCE; WRONGFUL
14  Gebeyehou,                        )  DEATH; ELDER ABUSE and
                                      )  UNFAIR BUSINESS PRACTICES
15          Plaintiffs,               )

16       v.                           )

17  Lorea Hubbard, Hubbard Board and  )
    Care, Adrian Green, Castro Senior )
18  Center, Golden Gate Senior Services, )
    The Most Holy Redeemer Church,    )
19  and Does 1 through 50, inclusive. )

20          Defendants.               )

21                                    )

22  _____

23
         Come now Plaintiffs and allege as follows:
24
                              **PARTIES**
25
         1. Plaintiffs' decedent, David Branchcomb, died on December 7, 2005. At the
26
    time of his death he was sixty eight years old. At the time of his death, he was a resident
27

28                                    -1-

Case: 25-03021   Doc# 164-6   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 5 of 19

at Hubbard Board and Care facility. He suffered mental and physical infirmities as a result of his age. Under the provisions of *Welfare & Institutions Code §15610.2*, David Branchcomb was at all times herein mentioned an "elder".

2. Plaintiff's Adrain Brachcomb, Charles Branchcomb, Joseph Branchcomb, Kenneth Branchcomb, Theresa Branchcomb, and Helen Gebyehou are all brothers and sisters of the decedent, David Branchcomb.

3. The right of decedent, David Branchcomb to maintain this action before he died has been transferred to plaintiffs Adrain Brachcomb, Charles Branchcomb, Joseph Branchcomb, Kenneth Branchcomb, Theresa Branchcomb, and Helen Gebyehou under Code of Civil Procedure §377.32. Plaintiffs are the Successors in Interest of the decedent David Branchcomb , and have complied with the provisions of CCP §377.32, having filed an affidavit as therein provided.

4. Decedent David Branchcomb was never married, had no children or other siblings other than the plaintiffs herein.

5. Defendant Lorea Hubbard, at all times stated in this complaint was the owner, operator, administrator and supervisor of the Hubbard Board and Care facility.

6. Defendant Hubbard Board and Care is and at all times mentioned in this complaint was licensed to operate as Adult Care Facility by the California Department of Social Services and is located in San Francisco, California and at all times mentioned doing business at 457 Wheeler Avenue, San Francisco.

7. On information and belief Defendant Adrian Green was the employee of Golden Gate Services and Castro Valley Senior Center and was the supervising staff on duty on .the day of the incident alleged herein.

8. Defendant Castro Senior Center, on information and belief, an entity organized and existing under the laws of the state California providing various senior program at the facility owned by Most Holy Redeemer Church.

-2-

9. Defendant Most Holy Redeemer Church, on information and belief, is a non profit organized for religious purposes under the laws of the State of California and the owner and manager of the property where the Castro Senior Center and Golden Gate Services operate their programs.

10. The true names and /or capacities of the Defendants named herein as Does 1 through 50, inclusive, and each of them, are unknown to th plaintiffs who therefore sue said Defendants aby such fictitious names. Plaintiffs will amend this complaint to show the true names and/or capacities of said Doe defendants, and each of them, when the same has been ascertained.

11. In committing the acts alleged in this complaint, each defendant was the agent and employee of each other defendant and was acting within the scope of employment, agency, employment and capacity..

## GENERAL ALLEGATIONS

12. Plaintiffs incorporate by reference each allegation set forth above.

13. From on or about 1986 until on or about November, 2005, was a resident of Hubbard Board and Care. He was admitted to Hubbard Board and Care for care required because of his mental disability. He has substantial limitaitons in his eye sight at certain time requiring assistance of a guide. While he was at Hubbard Board and Care, he was able to enjoy visits with his family and to feel pain and fear, but he was not able to take care of himself. During the entire time he resided there, he was not able to understand or handle his own business and legal affairs and was incompetent within the meaning of Code of Civil Procedure §352(a).

14. While David Branchcomb resided at Hubbard's Board and Care facility, his health and his mental condition declined severely. Errors in the administration of medications as well as inadequate medical care by defendants Hubbard and Hubbard Board and Care contributed substantially to his decline.

-3-

15. On November 21, early morning, decedent David Branchcomb was picked up from his residence at the Hubbard Board & Care for participation in an activity organized and supervised by Golden Gate Services, Castro Senior Center, located on the premises owned and managed by The Most Holy Redeemer Church in San Francisco. The activity was to stay until 1:30 p.m. in the afternoon and was supervised by Adrian Green, an employee of Golden Gate Services. Decedent, Mr. Branchcomb was on stage for a rehearsal when he fell from the four feet high stage to the ground, struck his head which caused brain injury. He was transported by ambulance to San Francisco General Hospital where died from this injury on December 5, 2005..The decedent Branchcomb, with virtual blind eye sight, was on the stage for the rehearsal without adequate and proper guide and supervision. In fact Ms. Green had eight persons "to watch over" that day for the planned activity.

16. On November 21, 2005, the date of the accident and/or prior to that date decedent Branchcomb did not receive his medications, which included anti-epileptic, anti-spasmodic, and anti-diabetic.

## FIRST CAUSE OF ACTION

(Negligence)

(Against Hubbard & Hubbard Board & Care )

17. Plaintiffs incorporate by reference each allegation set forth in Paragraph 1 through 16 above..

18. At all times mentioned, each defendant owed a duty to use ordinary care, and such other care as prescribed by law, in the treatment and protection of the decedent, David Brachcomb.. In particular and without limiting the generality of the foregoing, defendants were required to:

    a. Comply with legal requirements for retaining residents such as decedent David Branchcomb;

-4-

meaning of Civil Code §3294(c)(2).

22. As a legal result of Defendants recklessness, and oppressive conduct, plaintiffs are entitled, in addition to special damages for the neglect and abuse of decedent DAVid Branchcomb to an award of general damages and reasonable attorney fees under Welfare and Institutions Code §15657, to punitive damages under Civil Code §3294 and to treble punitive damages under Civil Code §3345.

## SECOND CAUSE OF ACTION
### (Wrongful Death)
### (Against all Defendants)

23. Plaintiffs incorporate by reference each allegation set forth in Pargrpah 1 through 22 above.

24. As a legal result of defendants' conduct, plaintiffs suffered the wrongful death of David Branchcomb

25. Plaintiffs sustained damages due to the wrongful death of David Branchcomb, which include loss of, advice, training, love, companionship, comfort, affection, society, solace, and moral support, and also funeral and burial expenses.

26. As a legal result of defendants' conduct, plaintiffs sustained damages and also incurred hospital and medical expenses and general damages.

## THIRD CAUSE OF ACTION
### (Elder Abuse Under Welfare and Institutions Code 15657)
### (Against Hubbard & Hubbard Board & Care )

27. Plaintiffs incorporate by reference each allegation set forth in Paragraph 1 through 26 above.

28. Defendants' acts and omissions as alleged constitute neglect, as defined in Welfare and Institutions Code §15610.57, done with malice, oppression, fraud, and recklessness within the meaning Welfare and Institutions Code §15657.

b. Employ sufficient numbers of staff with necessary skills to take care of the residents;

c. Accept and retain only residents for whom they could provide adequate care;

d. Reappraise residents who have significant physical and mental changes;

e. Notify residents' family and physician of significant changes in a resident's health, and document those changes;

f. Provide adequate supervision to meet residents' needs, including monitoring them for significant changes in medical condition;

g. To properly and accurately administer his medications;

h. Timely transfer residents to other and appropriate facilities when they can no longer receive adequate care in a adult residential care facility;

i. Notify Community Care Licensing of any failure to obtain needed nursing or medical care;

19. Defendants negligently failed to use ordinary care, and such other care as prescribed by law, in the care and protection of decedent David Branchcomb. . In particular and without limiting the generality of the foregoing, defendants negligently failed to perform each requirement listed in the previous paragraph, so that, inter alia, and as a legal result decedent David Branchcomb incurred expenses for hospital, medical, and nursing care and suffered various severe injuries, disease, severe pain, severe emotional distress, mental suffering, and death.

20. These alleged acts and omissions were done with recklessness within the meaning of Welfare and Institutions Code §15657.

21. These alleged acts and omissions were despicable, oppressive and did subject David Branchcomb to cruel and unjust hardship and were carried on with willful and conscious disregard of the rights and safety of decedent David Branchcomb, within the

-5-

29. As a legal result of the alleged acts and omissions, decedent David Branchcomb incurred damages for pain and suffering.

30. Plaintiffs are entitled to recover David Branchcomb's damages for pain and suffering under Welfare and Institutions Code §15657(b).

31. As a legal result of the alleged acts and omissions, the plaintiffs are entitled to an award of reasonable attorney fees under Welfare and Institutions Code §15657(a).

32. By reason of the foregoing, defendants have acted with malice, fraud, and oppression as defined in Civil Code §3294 and the plaintiffs are therefore also entitled to recover punitive damages, and treble punitive damages under Civil Code §3345.

## FOURTH CAUSE OF ACTION

**(Unfair Business Practices—Business and Professions Code 17200)**

**(Against Hubbard & Hubbard Board & Care)**

33. Plaintiffs incorporate by reference each allegation Paragraph 1 through 32 above.

34. Plaintiffs bring this action for their own interests and in the interests of the general public.

35. Defendants were paid monthly fees for the care defendants provided to David Branchcomb.

36. By reason of the foregoing, defendants have engaged in unfair, unlawful, and fraudulent business practices within the meaning of Business and Professions Code §17200.

37. Unless restrained and enjoined, defendants will continue in the policies and practices alleged above. Accordingly, the Court must issue an injunction restraining and enjoining defendants from inadequately supervising their employees and their residents, from failing to respond to changes in residents' physical conditions, from failure to properly and accurately administer medications; and from otherwise failing to provide legally required care.

-7-

WHEREFORE, plaintiffs pray judgment as follows:

1. For general compensatory damages under Welfare and Institutions Code §15657(b) according to proof at trial.
2. For special compensatory damages according to proof at trial.
3. For punitive damages according to proof at trial.
4. For treble damages under Civil Code §3345.
5. For attorney fees under Welfare and Institutions Code §15657(a).
6. For funeral and burial expenses.
7. For cost of suit and for such other and further relief as the court deems just and proper.

Dated: May 15, 2006

*Tesfaye W. Tsadik*
TESFAYE W. TSADIK, ESQ.
Attorney for Plaintiffs

**RJN 6-2**



## San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Sep-20-2006 3:36 pm

Case Number: CGC-06-454413

Filing Date: Sep-20-2006 3:33

Juke Box: 001   Image: 01544078

ANSWER

ADRIAN BRANCHCOMB et al VS. LOREA HUBBARD et al

001C01544078

**Instructions:**
Please place this sheet on top of the document to be scanned.

```
                                                              FILED
                                                      San Francisco County Superior Court
 1  William B. Waterman, Esq. (SBN: 105007)
 2  JOSEPH COSTELLA & ASSOCIATES                           SEP 20 2006
    215 Lennon Lane, Suite 200
 3  Walnut Creek, California 94598                      GORDON PARK-LI, Clerk
    T: (925) 945-4491                                   BY: _____
 4  F: (925) 945-4454                                              Deputy Clerk

 5  Attorney for Defendants
 6  THE ROMAN CATHOLIC ARCHBISHOP OF SAN
    FRANCISCO, a corporation sole incorrectly sued as
 7  "THE MOST HOLY REDEEMER CHURCH" and
    GOLDEN GATE SENIOR SERVICES
 8
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| ADRIAN BRANCHCOMB, CHARLES BRANCHCOMB, JOSEPH BRANCHCOMB, KENNETH BRANCHCOMB, and HELEN B. GEBEYEHOU,<br><br>Plaintiffs,<br><br>v.<br><br>LOREA HUBBARD, HUBBARD BOARD and CARE, ADRIAN GREEN, CASTRO SENTIOR CENTER, GOLDEN GATE SENIOR SERVICES, THE MOST HOLY REDEEMER CHURCH, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CGC-06-454413<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

**GENERAL DENIAL**

COMES NOW Defendants THE ROMAN CATHOLIC ARCHBISHOP OF SAN

FRANCISCO, a corporation sole, *incorrectly sued as "THE MOST HOLY REDEEMER*

*CHURCH"* and GOLDEN GATE SENIOR SERVICES (hereinafter "these answering

(1)

defendants") answering the allegations of the complaint, these answering defendants deny generally and specifically, each and every, all and singular, the allegations contained in said complaint. Further answering said complaint, these answering defendants deny that plaintiffs were damaged in any sum, or at all. As used herein, "plaintiff" means and refers to each and every plaintiff.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: COMPARATIVE NEGLIGENCE

That at all times and places set forth in the complaint, plaintiff was guilty of carelessness, recklessness and negligence in and about the matters and happenings set forth therein and to the extent that such conduct contributed to the alleged damages, if any there were, plaintiff's right to recover is proportionately diminished.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: FAULT OF OTHERS

That at all times and places set forth in the complaint, other persons or entities, including, but not limited to, parties of this suit, were negligent, careless and otherwise legally blameworthy in the manner in which they conducted themselves. Said negligence, carelessness and legal fault proximately caused, and proximately contributed to causing, the injuries and damages alleged in the complaint, if any in fact there were, and this answering defendant is, therefore, entitled to implied equitable indemnity and contribution from said other persons or entities to the extent of their percentage of fault or culpability.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: VIOLATION OF STATUTE

That at all times and places set forth in the complaint, plaintiff was in violation of a

(2)

statute, and that this violation proximately caused such injuries as alleged by plaintiff, if any there were.

### AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: FAILURE TO STATE A CAUSE OF ACTION

That the complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

### AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: STATUTE OF LIMITATIONS

These answering defendants allege that the complaint, and each cause of action contained therein, is barred by reason of a statute of limitations, including but not limited to Code of Civil Procedure Section 335.1.

### AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: NO NOTICE OF CONDITION

These answering defendants allege that these answering defendants did not have either actual or constructive notice of the condition, if any, which existed at the time and place mentioned in the complaint for a sufficient time prior to the alleged damages to have taken measures to protect against the condition.

### AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: OPEN AND OBVIOUS DANGER

That at all times material in this action, the alleged dangerous or defective condition as described in the complaint was open and obvious to Plaintiff, and as such bars any recovery in this action or diminishes Plaintiff's recovery to the extent that Plaintiff's loss, damage, or injury is attributable to the existence of the alleged dangerous or defective condition.

### AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT: RESERVE RIGHT TO ADD DEFENSE

That these answering defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. These answering defendants herein reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, these answering defendants pray:

1. That plaintiffs take nothing by reason of the complaint;
2. For costs of suit herein incurred; and
3. For such other and further relief as this court may deem just and proper.

DATED: September 19, 2006

JOSEPH COSTELLA & ASSOCIATES

By: /s/ William B. Waterman

William B. Waterman
Attorney for Defendants
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole *incorrectly sued as "THE MOST HOLY REDEEMER CHURCH"* and GOLDEN GATE SENIOR SERVICES

(4)
DEFENDANTS' ANSWER TO COMPLAINT

# PROOF OF SERVICE
### *Adrian Branchcomb, et al. v. Lorea Hubbard, et al.*
San Francisco Superior Court Case No: CGC-06-454413

I, Lisa Serrano, declare:

I am a citizen of the United States and am employed in the County of Contra Costa, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 215 Lennon Lane, Suite 200, Walnut Creek, California 94598.

On September __19__, 2006, I served the following documents:

**(1) DEFENDANTS' ANSWER TO COMPLAINT**

☒ (by mail) on all parties in said action, in accordance with Code of Civil Procedure section 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. Mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Walnut Creek, California.

☐ (by facsimile transmission) on all parties by transmitting said document(s) from our office by facsimile number (925) 945-4454 to the facsimile number(s) shown below without error.

☐ (by personal delivery) by causing to be served by hand delivery a true copy thereof to the person(s) at the address set forth below.

Tesfaye W. Tsadik, Esq.
LAW OFFICES OF TESFAYE W. TSADIK
1736 Franklin Street, 10th Floor
Oakland, CA 94612
F: (510) 444-1704
Attorney for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed on September __19__, 2006, at Walnut Creek, California.

_/s/ Lisa M. Serrano_
Lisa M. Serrano