**RJN 7-1**



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-21-2008 4:16 pm

Case Number: CGC-08-482171

Filing Date: Nov-21-2008 3:51

Juke Box: 001    Image: 02324219

COMPLAINT

MAUREEN T ZANE VS. THE ROMAN CATHOLIC ARCHDIOCESE OF SAN FRANCISCO

001C02324219

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE ROMAN CATHOLIC ARCHDIOCESE OF SAN FRANCISCO;
OUR LADY OF ANGELS SCHOOL; JUDY O'ROURKE; AND
PATRICIA BORDIN; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MAUREEN T. ZANE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court , 400 McAllister Street, San
Francisco, CA 94102-4514

CASE NUMBER: *(Número del Caso):* 08-482171

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of David S. Secrest, A Professional Corporation, 504 Plaza Alhambra, Suite 205, P. O. Box 1029,
El Granada, CA 94018-1029, Tel: 650-726-4746

DATE: NOV 2 1 2008
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Law Offices of David S. Secrest, A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 205, P. O. Box 1029
El Granada, CA 94018-1029
TELEPHONE NO.: 650-726-7461    FAX NO.: 650-726-7471
ATTORNEY FOR (Name): Plaintiff Maureen T. Zane

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

CASE NAME:

F I L E D
Superior Court of California
County of San Francisco

NOV 2 1 2008 NOV 2 1 2008

GORDON PARK-LI, Clerk
BY: Curtis C. Murphy
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-08-482107  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 21, 2008
Law Offices of David S. Secrest
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

Case: 25-03021   Doc# 164-7   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 4 of 27

Law Offices of David S. Secrest
A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 205
P. O. Box 1029
El Granada, CA 94018-1029
Tel: 650-726-7461
Fax: 650-726-7471
Attorney for Plaintiff
MAUREEN T. ZANE

F I L E D
Superior Court of California
County of San Francisco

NOV 2 1 2008

GORDON PARK-LI, Clerk
BY: MANAGHEN T Chart
DEPUTY CLERK SE

APR 2 4 2009 - 9:00 AM

DEPARTMENT 212 SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

MAUREEN T. ZANE,

    Plaintiff,

vs.

THE ROMAN CATHOLIC
ARCHDIOCESE OF SAN FRANCISCO;
OUR LADY OF ANGELS SCHOOL;
JUDY O'ROURKE; AND PATRICIA
BORDIN; and DOES 1-50, inclusive,

    Defendants.

Case No. CGC-.. 0 8 - 4 8 2 1 7 1
COMPLAINT FOR DAMAGES; INJUCTION-
DECLARATORY RELIEF; DEMAND FOR JURY
TRIAL

BY FAX

JURY TRIAL DEMANDED: Amount Demanded Exceeds $25,000 (Gov't. Code §72055)

I. PARTIES, VENUE AND JURISDICTION

1.      Plaintiff MAUREEN T. ZANE ("Plaintiff") is a female individual, over forty (40) years of
age, who resides in San Mateo, California in the County of San Mateo, California.

2.      At all times pertinent, until her termination from employment as alleged herein, Plaintiff
was an employee of Defendants THE ROMAN CATHOLIC ARCHDIOCESE OF SAN
FRANCISCO ("ARCHDIOCESE"), in San Francisco, California, in the County of San Francisco,
California, and OUR LADY OF ANGELS SCHOOL ("OLP") (hereinafter, jointly,
"ARCHDIOCESE"), in Burlingame, California in the County of San Mateo, California.

-1-

3. OLP is owned, operated, managed and dominated by ARCHDIOCESE.

4. ARCHDIOCESE is an entity, form unknown, doing business in California, County of San Mateo, and owned and operated by Defendants, and each of them, including DOES 1 through 50, and each of them. ARCHDIOCESE was, at all relevant times herein, the employer of Plaintiff.

5. ARCHDIOCESE employed Plaintiff as more specifically alleged herein, until her unlawful discharge from employment.

6. At all times pertinent, Defendant JUDY O'ROURKE ("O'Rourke") was a Principle at OLP. O'Rourke was and is at all times relevant herein a Manager and Supervisor employed by ARCHDIOCESE. O'Rourke acted as Plaintiff's Manager and Supervisor. O'Rourke is personally liable for her acts alleged herein under California Government Code Sections 12926(r), 12940(h) and 12940(j) and related laws.

7. At all times pertinent, Defendant PATRICIA BORDIN ("Bordin") was a Principle at OLP. O'Rourke was and is at all times relevant herein a Manager and Supervisor employed by ARCHDIOCESE. Bordin acted as Plaintiff's Manager and Supervisor. Bordin is personally liable for her acts alleged herein under California Government Code Sections 12926(r), 12940(h) and 12940(j) and related laws.

8. All the conduct complained of herein occurred in the County of San Mateo, California.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names and capacities when ascertained. Plaintiff is informed and believes and, on that basis, alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such defendants.

10. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was the agent, employee and/or working in concert with her, her or their co-defendants, and was acting within the course and scope of such agency, employment and/or concerted activity. To the extent that certain defendants perpetrated certain acts and omissions, the remaining defendant or defendants confirmed and ratified said acts and omissions. Each defendant was completely dominated and controlled by her, her or their co-defendants, and each was the alter ego of the other.

11. Whenever and wherever reference is made in this complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

-2-

1  12.    Whenever and wherever reference is made to individuals who are not named as Plaintiff or

2  defendants in this complaint but were employees/agents of ARCHDIOCESE, such individuals at all

3  relevant times acted on behalf of ARCHDIOCESE within the scope of their employment or agency.

## II. FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

4  13.    Plaintiff was employed as a teacher by ARCHDIOCESE for many years, and achieved at all

5  times an excellent employment record. At all times pertinent, Plaintiff maintained superior

6  credentials, received outstanding performance evaluations, and enjoyed her employment in every

7  way possible. Plaintiff was dedicated and loyal, and performed her duties with honor, distinction,

8  success and dedication. Plaintiff enjoyed an excellent personal and professional reputation

9  throughout her employment that was of substantial importance to her, personally, professionally,

10  morally and spiritually.

11  14.    Plaintiff and ARCHDIOCESE entered into a sequential series of contracts for renewal of

12  Plaintiff's employment as a teacher, the last of which was executed between the parties on April 25,

   2007, a true and correct copy of which is attached hereto as Ex. "A."

13  15.    Plaintiff performed all of the obligations required of her as part of her employment contract

14  and relationship, at all times.

15  16.    On or about November 21, 2008, and on a continuous basis thereafter, Defendants, and each

16  of them, published false and damaging statements, orally and in writing, concerning Plaintiff,

17  including, as an example, Plaintiff's termination letter dated November 21, 2008, a true and correct

   copy of which is attached hereto as Ex. "B" ("termination letter").

18  17.    The termination letter falsely asserts Plaintiff acted in a manner that was illegal, unethical,

19  unprofessional, and which "showed deeply flawed judgment, was a serious breach of your

20  professional and ethical duties and, in fact, may have been a violation of the law. This constitutes

21  dishonesty, unprofessional conduct, a breach of professional ethics, and conduct that tends to reflect

22  discredit upon the School and the Archdiocese, which are grounds for immediate termination under

23  your contract."

24  18.    The damaging statements contained in the termination letter were repeated by Defendants

   on a continuous basis thereafter, in various forums, privately and publicly, directly and by innuendo,

25  in writing and orally.

26  19.    At all times pertinent, Defendants, and each of them, knew that the damaging statements

27  contained in the termination letter were false when they were made.

28  20.    The termination letter was subject to inevitable self-publication.

-3-

21.     By terminating Plaintiff's employment for the grounds stated in the termination letter, Defendants breached, without excuse, the contractual provisions concerning Plaintiff's employment as detailed in writings and otherwise, including numerous violations of express terms of the contractual agreements incorporated therein (e.g., the Administrative Handbook, Faculty Handbook, the School Employee Handbook, guidelines, rules and regulations). The agreements provided limitations both on the grounds for termination and the manner of termination (i.e., required procedures).

22.     By terminating Plaintiff's employment for the grounds stated in the termination letter, Defendants breached of the covenant of good faith and fair dealing, which imposes a contractual duty to exercise all discretionary powers granted the defendants (under the provisions of the above-referenced documents) "in good faith and in accordance with fair dealing."

23.     Plaintiff suffers from cancer and/or had a history of cancer. Defendants knew this. Defendants regarded Plaintiff as disabled. These factors motivated the decision to terminate Plaintiff's employment.

### Exhaustion of Administrative Remedies:

24.     On November 21, 2008, Plaintiff filed a DFEH Complaint against ARCHDIOCESE O'Rourke, and Bordin.

25.     · On November 21, 2008, the DFEH issued its Right to Sue Letters in response to Plaintiff's DFEH Complaint.

### Continuing Violation Doctrine

26.     Any, and all, conduct by defendants that constitutes, or is part of, acts of illegal discrimination, harassment, and/or retaliation, and which predates any applicable statutory period, occurred in such a way as to be subject to the Continuing Violation Doctrine. All defendants are liable for the entire course of conduct of each defendant, including those acts that predate any applicable statutory period (if there were any).

### Request for Declaratory Relief

27.     Plaintiff and ARCHDIOCESE entered into two written agreements which purport to require arbitration of certain claims Plaintiff may wish to pursue in civil court, the first of which was executed on June 22, 2005, a true and correct copy of which is attached hereto as Ex. "C," and the second of which was executed on April 25, 2007, a true and correct copy of which is attached hereto as Ex. "A."

28.     Plaintiff will seek an Order of Injunctive and Declaratory Relief from the Court indicating that these purported arbitration provisions are in fact unconscionable and unenforceable under California law.

-4-

**FIRST CAUSE OF ACTION**
Breach of Employment Contract
(Against Defendant ARCHDIOCESE)

29.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 28 in this Complaint as if they were fully set forth here.

30.     Plaintiff and ARCHDIOCESE entered into an employment contract that specified a length of time that Plaintiff would remain employed.

31.     Plaintiff substantially performed her job duties unless performance was excused or prevented.

32.     ARCHDIOCESE breached the employment contract by discharging Plaintiff before the end of the term of the contract.

33.     Plaintiff was harmed by the discharge. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**SECOND CAUSE OF ACTION**
Breach of the Implied Covenant of Good Faith and Fair Dealing
(Against Defendant ARCHDIOCESE)

34.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 in this Complaint as if they were fully set forth here.

35.     Plaintiff and ARCHDIOCESE entered into an employment relationship.

36.     Plaintiff substantially performed her job duties unless performance was excused or prevented.

37.     ARCHDIOCESE prevented Plaintiff from receiving the benefits that she was entitled to have received under the contract.

38.     ARCHDIOCESE conduct was a failure to act fairly and in good faith.

39.     Plaintiff was harmed by the conduct of ARCHDIOCESE. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**THIRD CAUSE OF ACTION**
Discrimination in Violation of FEHA- Disability
(Against Defendant ARCHDIOCESE)

40.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 39 in this Complaint as if they were fully set forth here.

41.     Jurisdiction in this case is invoked pursuant to Gov't. Code §§ 12900, 12921, 12926, 12940

-5-

and 12965 (collectively referred to as "FEHA"). Defendants are not exempted from the statutes cited in this paragraph by any local, state or federal laws.

42.     At all times pertinent, Plaintiff was a person defined as disabled under applicable law. At all times pertinent, Plaintiff was a person defined as disabled under applicable law. The FEHA prohibits discrimination against individuals who have a "physical disability, mental disability or medical condition." Gov't. C. §12920; see also 2 Cal.C.Regs. §7293.6(a). Specifically, Plaintiff suffered from and/or was regarded as having cancer.

43.     Defendants knew Plaintiff was a person defined as disabled under applicable law.

44.     In perpetrating the above-described actions, among others, Defendant engaged in a pattern and practice of unlawful discrimination in violation of Gov't. Code §12940(a). ARCHDIOCESE discharged, Plaintiff, refused to hire or transfer Plaintiff, and took other adverse employment actions against Plaintiff.

45.     Plaintiff's protected status, specifically her disability were motivating reasons for the discharge, refused to hire or transfer, and other adverse employment actions against Plaintiff.

46.     As a direct result of such unlawful discrimination in violation of Gov't. Code §12940(a), Plaintiff was harmed.

47.     ARCHDIOCESE's unlawful discrimination against Plaintiff, and adverse employment actions against Plaintiff, were a substantial factor in causing Plaintiff's harm.

48.     ARCHDIOCESE's discrimination against Plaintiff and adverse employment actions against Plaintiff were a substantial factor in causing Plaintiff's harm.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, economic loss, including lost earnings, exacerbation of her preexisting medical disability, lost earning capacity, lost profits, medical expenses, physical pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has incurred and will continue to incur medical expenses for treatment by physicians, and other health professionals, and for other incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

### FOURTH CAUSE OF ACTION
Wrongful Discharge/Demotion in Violation of Public Policy
(Against Defendant ARCHDIOCESE)

50.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 49 in this Complaint as if they were fully set forth here.

Case: 25-03021    Doc# 164-7    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 10
of 27

1   51.   Jurisdiction in this court is invoked pursuant to Gov't. Code §§ 12900, 12921, 12926,

2   129240, and 12965 (collectively referred to as "FEIIA"). Defendants are not exempted from the

3   statutes cited in this paragraph by any local, state, or federal laws.

4   52.   Plaintiff was employed by ARCHDIOCESE.

    53.   ARCHDIOCESE discharged Plaintiff.

5   54.   Plaintiff's disability and/or ARCHDIOCESE regarding Plaintiff as being disabled was a

6   motivating reason for Plaintiff's discharge.

7   55.   The discharge caused Plaintiff's harm.

8   56.   As a direct and proximate result of defendants' conduct, Plaintiff has suffered, and will

9   continue to suffer, economic loss, including lost earnings, exacerbation of her preexisting medical

10  disability, lost earning capacity, lost profits, medical expenses, physical pain and suffering, and

    extreme and severe mental anguish and emotional distress. Plaintiff has incurred and will continue
11
    to incur medical expenses for treatment by physicians, and other health professionals, and for other
12
    incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in
13
    amounts to be proven at trial.

14                              FIFTH CAUSE OF ACTION
                                   Defamation *per se*
15                                (Against All Defendants)

16  57.   Plaintiff hereby realleges and incorporates herein by reference each and every allegation

17  contained in Paragraphs 1 through 56 in this Complaint as if they were fully set forth here.

18  58.   On or about November 21, 2008, and on a continuous basis thereafter, Defendants, and each

19  of them, published false and damaging statements, orally and in writing, concerning Plaintiff,

20  including, as an example, Plaintiff's termination letter dated November 21, 2008, a true and correct

21  copy of which is attached hereto as Ex. "B" ("termination letter").

    59.   The termination letter falsely asserts Plaintiff acted in a manner that was illegal, unethical,
22
    unprofessional, and which "showed deeply flawed judgment, was a serious breach of your
23
    professional and ethical duties and, in fact, may have been a violation of the law. This constitutes

24  dishonesty, unprofessional conduct, a breach of professional ethics, and conduct that tends to reflect

25  discredit upon the School and the Archdiocese, which are grounds for immediate termination under

26  your contract."

27  60.   The damaging statements contained in the termination letter were repeated by Defendants

28  on a continuous basis thereafter, in various forums, privately and publicly, directly and by innuendo,

-7-

1   in writing and orally.

2   61.     At all times pertinent, Defendants, and each of them, knew that the damaging statements
3   contained in the termination letter were false when they were made.

4   62.     The termination letter was subject to inevitable self-publication.

  63.     People reasonably understood that the statements were about Plaintiff.
5
  64.     Defendants failed to use reasonable care to determine the truth or falsity of the statements.
6
  65.     As a direct and proximate result of defendants' conduct, Plaintiff has suffered, and will
7   continue to suffer, loss of reputation, economic loss, including lost earnings, exacerbation of her
8   preexisting medical disability, lost earning capacity, lost profits, medical expenses, physical pain and
9   suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has incurred and
10   will continue to incur medical expenses for treatment by physicians, and other health professionals,
  and for other incidental medical expenses. Plaintiff is thereby entitled to general and compensatory
11
  damages in amounts to be proven at trial.
12
                     **SEVENTH CAUSE OF ACTION**
13                     Public Disclosure of Private Facts
                      (Against All Defendants)
14
  66.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation
15
  contained in Paragraphs 1 through 65 in this Complaint as if they were fully set forth here.
16
  67.     Defendants publicized private information concerning Plaintiff.
17   68.     A reasonable person in Plaintiff's position would consider the publicity highly offensive.

18   69.     Defendants knew, or acted with reckless disregard of the fact, that a reasonable person in
19   Plaintiff position would consider the publicity highly offensive.

20   70.     The private information was not of legitimate public concern, or did not have a substantial
21   connection to a matter of legitimate public concern.

  71.     Plaintiff was harmed.
22
  72.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.
23
                       **EIGHTH CAUSE OF ACTION**
24                    Violation of Lab. Code §1050
                      (Against All Defendants)
25
  73.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation
26   contained in Paragraphs 1 through 71 in this Complaint as if they were fully set forth here.

27   74.     After Plaintiff's employment with ARCHDIOCESE ended, Plaintiff applied for at least
28   dozens of positions off campus, and was a top candidate for many positions. However, because of

Law Offices of
DAVID B. SECREST
A Professional Corporation

-8-

1  negative and knowingly false representations about Plaintiff to prospective employers, made by

2  Defendants with the intent of preventing Plaintiff from obtaining employment, Plaintiff was denied

3  employment.

4  75.   Defendants' representations were not privileged, and were made with malice.

5  76.   Labor Code §1050 provides: "Any person, or agent or officer thereof, who, after having

6  discharged an employee from the service of such person or after an employee has voluntarily left

7  such service, by any misrepresentation prevents or attempts to prevent the former employee from

   obtaining employment, is guilty of a misdemeanor."

8  77.   Labor Code §1052 provides: "Any person who knowingly causes, suffers, or permits an

9  agent, superintendent, manager, or employee in his employ to commit a violation of section[] 1050

10  ... or who fails to take all reasonable steps within his power to prevent such violation is guilty of a

11  misdemeanor."

12  78.   Labor Code §1054 provides, in part: "[A]ny person or agent or officer thereof, who violates

13  any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action,

   for treble damages."

14  79.   As a direct and proximate result of defendants' conduct, Plaintiff has suffered, and will

15  continue to suffer, economic loss, including lost earnings, exacerbation of her preexisting medical

16  disability, lost earning capacity, lost profits, medical expenses, physical pain and suffering, and

17  extreme and severe mental anguish and emotional distress. Plaintiff has incurred and will continue

   to incur medical expenses for treatment by physicians, and other health professionals, and for other

18  incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in

19  amounts to be proven at trial.

20                          **PRAYER FOR RELIEF**

21      WHEREFORE, Plaintiff prays judgment against Defendants as follows:

22  1.   For compensatory and general damages against all Defendants in an amount according to

23  proof, including back pay, front pay, past and future damages for emotional and mental distress,

24  and past and future medical, psychological and/or therapuetic costs and expenses;

25  80.   For injunctive relief an Order of Injunctive and Declaratory Relief from the Court indicating

26  that these purported arbitration provisions are in fact unconscionable and unenforceable under

27  California law.

   2.

28

-9-

1   3.    For treble damages pursuant to Labor Code section 1054;

2   4.    For reasonable, statutory attorneys' fees and costs of suit, pursuant to California

3   Government Code Section 12965(b);

4   5.    For prejudgment and post-judgment interest according to any applicable provision of law,
    according to proof;

5   6.    For costs of suit; and

6   7.    For such other and further relief as the court deems proper.

7   Dated: November 21, 2008

8                       Law Offices of David S. Secrest

9

10                      David S. Secrest

11                      Attorney for Plaintiff
                        MAUREEN T. ZANE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

## EMPLOYMENT AGREEMENT
## INSTRUCTIONAL PERSONNEL

This Agreement, made and executed this ___25th___ day of ____April_____,
2007__ by and between The Roman Catholic Welfare Corporation of San Francisco, for and on
behalf of _Our Lady of Angels School_, hereinafter referred to as "School", and _Maureen Zane_,
hereinafter referred to as "Teacher", is entered into as follows:

**WHEREAS,** schools are operated in the Archdiocese of San Francisco wherein educational
services are regularly provided; and

**WHEREAS,** Teacher has furnished the Department of Catholic Schools of the
Archdiocese of San Francisco with a completed application, official transcripts of all college and
post graduate work, as well as other required documents and has been recommended by the
Department of Catholic Schools to be interviewed for employment in the schools of the
Archdiocese; and

**WHEREAS,** Teacher has reviewed the duties and responsibilities of Teacher as defined in
the guidelines and Faculty Handbook and Teacher represents that he/she is qualified to perform the
duties of the position of school teacher covered by the Agreement and that he/she is not under
Employment Agreement with any other school during the period of this Agreement; and

**WHEREAS,** the schools of the Archdiocese are unique in that they are Roman Catholic
and are committed to maintaining high educational standards within the framework of Catholic
doctrine and traditions; and

**WHEREAS,** Teacher has been interviewed and approved for employment by the Pastor,
Principal and the Associate Superintendent for Personnel, Department of Catholic Schools;

**NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:**

1.      Teacher agrees to perform the duties and responsibilities of Teacher as set forth in
the Job Description, Faculty Handbook and incorporated herein by reference. The duties and
responsibilities can be modified, at the discretion of the school, when deemed to be in the best
interest of the school. Teacher agrees to serve as Teacher during the school year beginning August

*March, 2003*

**C**  **C**

1, 20 _07_ and ending July 31, 20 _08_ for 180 student days of the school calendar plus additional days as established by the school for a total of _182_ days of service.

2.      Teacher shall perform his/her duties with a clear manifestation of principles especially characteristic of an educator in a Catholic school (e.g., cultivation and manifestation of a spirit of charity, respect for the teachings and principles of the Roman Catholic Church, conduct in accord with Catholic standards, respect for authority and others and characteristics consistent with Catholic teachings) and not to engage in conduct contrary to such principles in the course of Teacher's academic or personal life during the term of this Agreement.

3.`     For the school year referred to in Section 1 above, Teacher's years of service as a Teacher and his/her professional education qualify him/her for placement at Column _D_, Step _27+_ of the Archdiocesan Salary scale for lay teachers. The School agrees to pay Teacher a salary of $ _65,277.00_ _____, subject to deductions required by law or permitted by his/her Employment Agreement, to be paid in (please circle one) 12 or (24) installments. If Teacher should serve less than the total number of days of service referred to in Section 1 above in the regular calendar of the School, with the exception of earned and accumulated sick days, Teacher shall receive as salary only an amount that bears the same ratio to the established salary for the position as the number of days served bears to the designated total.

4.      Teacher agrees to perform all duties faithfully and satisfactorily as described in the Teacher Evaluation Process published by the Archdiocesan Department of Catholic Schools; agrees to comply with all rules and regulations promulgated by the School and by the Archdiocesan Department of Catholic Schools; agrees to comply with and abide by all pertinent statutes of the State of California and the United States; and to attend all teacher meetings, in-service programs and other events as specified by the Archdiocesan Department of Catholic Schools and the School.

5.      During the effective dates of this Agreement, Teacher shall be entitled to sick leave and such medical and other benefits approved by the Archdiocese of San Francisco for school Teachers.

6.      There shall be no obligation on the part of the School to renew this Agreement after the expiration date stated, and fulfillment of the terms of this Agreement does not entitle Teacher to tenure or expectation of Employment Agreement renewal. This Agreement shall terminate at the end of the prescribed period or upon separation of Teacher from service unless Teacher is invited to continue for the next school year.

*March, 2003*

C                                         C

7.     The Roman Catholic Welfare Corporation agrees that if it intends to employ Teacher for the next school year, a Employment Agreement for the next school year will be presented to Teacher on or before March 15. Teacher agrees to return the executed Employment Agreement on or before April 15 if he/she agrees to accept the Employment Agreement of employment for the next school year.

8.     It is expressly agreed and understood that The Roman Catholic Welfare Corporation of San Francisco through the Principal or other authorized representative shall have the right to dismiss Teacher during the term of this Agreement for reasons such as, but not limited to, the following:

- Insubordination
- Dishonesty
- Theft
- Falsification of records or information
- Falsification of job application or references
- Unfitness for service (e.g., working under the influence of intoxicants or drugs)
- Physical or mental incapacity
- Sexual or other unlawful form of harassment
- Unsatisfactory job performance
- Unprofessional conduct
- Breach of professional ethics
- Inability to work cooperatively with supervisors, peers or subordinates
- Violation of the terms of this Agreement
- Excessive tardiness or absenteeism
- Any conduct tending to reflect discredit upon School or the Archdiocese or tending to impair Teacher's usefulness as Teacher.

*March, 2003*

(This listing is not a complete list of all types of conduct which may result in disciplinary action up to and including discharge.)

The Teacher shall be informed in writing of the reason for any such dismissal. Disciplinary action up to and including dismissal may result from the commission of those acts listed above. In some cases, the action may result in suspension or discharge. The school reserves the right to decide whether dismissal or some lesser penalty is appropriate.

It is expressly agreed and understood that the School shall have the right to dismiss Teacher in the event that there is a complete or partial closing of School.

In the event that the services of Teacher are dismissed as provided herein, this Agreement shall terminate immediately, except for the arbitration procedure set forth in Section 9 which shall be utilized to resolve any claims or disputes between or affecting the parties, and Teacher shall not be entitled to any further benefits hereunder.

9. The Teacher and School agree to submit any and all disputes regarding the interpretation of this Agreement or the employment relationship to the Grievance, Appeals & Review Procedure contained within the Archdiocese of San Francisco's Administrative Handbook for Elementary and Secondary Schools (hereinafter "Handbook") which includes a procedure for binding arbitration except for workers' compensation, unemployment insurance, or other claims excluded by law from this arbitration. The parties acknowledge that a copy of the current Arbitration Procedures contained in the Handbook, referenced for Handbook and included in the Faculty Handbook and incorporated by reference herein. Said disputes include those arising out of the termination or nonrenewal of this Agreement or of Teacher's employment or any claim by Teacher of sexual harassment other unlawful harassment or unlawful discrimination which the parties are unable to resolve. It is expressly agreed that among the disputes which are to be submitted to said Grievance, Appeals & Review Procedure including final and binding arbitration are those disputes or claims concerning unlawful discrimination, sexual harassment and other unlawful harassment, wrongful discharge, breach of Employment Agreement, breach of the covenant of good faith and fair dealing, defamation, any alleged unlawful or wrongful act and any and all statutory, constitutional, tort and regulatory-based claims including those which might arise under the Age Discrimination in Employment Act of 1967, the United States and California Constitutions, California common law, the California Labor Code, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and any and all federal and state executive orders and

*March, 2003*

other applicable statutes and regulations. This foregoing list of claims is not all-inclusive. This final and binding arbitration will be pursuant to the provisions of the State of California's Uniform Arbitration Act, C.C.P. § 1280, et seq.

To request arbitration, Teacher must submit his/her request in writing to the Superintendent of Schools within the time limits that would apply to the claim if it were filed in a civil court of competent jurisdiction. Any failure to timely request arbitration shall constitute a waiver of all rights to any claims in any forum arising out of any dispute that was subject to arbitration. The parties agree that this Agreement to Arbitrate does not nullify the other procedures or time limits set forth in said Grievance, Appeals & Review Procedure, including the Arbitration Procedure. The parties acknowledge and agree that the Arbitration Procedure contained in the Handbook and Faculty Handbook may be modified from time to time by The Roman Catholic Welfare Corporation of San Francisco, and such modifications shall be deemed incorporated herein by reference.

In the event the Arbitrator or a court of competent jurisdiction determines that any term or provision of these arbitration procedures is illegal, invalid or unenforceable to any extent, such term or provision shall be enforced to the extent permissible under the law, and all remaining terms and provisions shall continue in full force and effect.

**IN CONSIDERATION FOR AND AS A MATERIAL CONDITION OF EMPLOYMENT WITH SCHOOL, TEACHER AND SCHOOL AGREE THAT ALTERNATIVE DISPUTE RESOLUTION, INCLUDING FINAL AND BINDING ARBITRATION, IS THE EXCLUSIVE MEANS FOR RESOLVING COVERED DISPUTES; NO OTHER ACTION MAY BE BROUGHT IN COURT OR IN ANY OTHER FORUM. TEACHER AND SCHOOL UNDERSTAND THAT THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION FOR A DISPUTE RELATING TO TERMINATION OF EMPLOYMENT, UNLAWFUL DISCRIMINATION OR SEXUAL HARASSMENT OR OTHER UNLAWFUL HARASSMENT; ONLY AN ARBITRATOR, NOT A JUDGE OR JURY, WILL DECIDE THE DISPUTE.**

10. Upon execution of this Agreement, Teacher shall be obligated to complete the term of employment specified herein unless otherwise mutually agreed to in writing by the Principal and Teacher. Because damages would be difficult to estimate, if Teacher breaches this provision, Teacher will pay School liquidated damages in a sum equal to the expense incurred by the School

*March, 2003*

to obtain the services of a substitute teacher until a new full time teacher is hired. This sum is designed to compensate the School for damage caused by Teacher's breach. This sum is not a penalty.

11.     Any condition of employment not specifically covered in this Agreement shall be governed by the Archdiocese of San Francisco's Administrative Handbook for Elementary and Secondary Schools and Faculty Handbook. This Agreement constitutes the entire Agreement of the parties and may only be amended by an agreement signed by the parties and the Superintendent of the Department of Catholic Schools.

12.     This Agreement is executed on behalf of and is binding on Teacher, and inures to the benefit of School, The Roman Catholic Welfare Corporation of San Francisco, The Roman Catholic Archbishop of San Francisco, A Corporation Sole, and any affiliated corporations and/or departments or offices under the authority of the Archbishop of San Francisco, and their agents, representatives, employees, successors and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement the day of the year hereinabove written.

THE ROMAN CATHOLIC WELFARE
CORPORATION OF SAN FRANCISCO

Our Lady of Angels School

_____
Teacher

_____
(name of school)

By: _____
Principal

By: _____
Pastor or Authorized Representative

cc:     School
        Teacher
        Personnel Department, Department of Catholic Schools

# OUR LADY OF ANGELS SCHOOL

1328 CABRILLO AVENUE • BURLINGAME CA 94010 • 650.343.9200 • FAX 650.343.5620

November 21, 2007

Dear Miss Zane,

As you know, the school and parish administration, in consultation with the Department of Catholic Schools, has been deliberating the serious situation that has arisen involving the inappropriate procurement of confidential student records relating to your sister's granddaughter. We had informed you that we were considering what disciplinary measures were called for under the circumstances. This letter will communicate our decision in this regard.

Our investigation reveals the following: The girl is not a student at Our Lady of Angels School. Your sister, without the authorization or knowledge of the school, applied to a public school authority for copies of your grand niece's confidential records. She did so using your name and in the name of OLA School. Whether or not you knew about this request, you have admitted that the records were delivered directly to you and that you gave them to your sister, instead of returning them and informing the school administration. The OLA administration only discovered this transaction when informed of it by the public school authority.

You knew that the student has no connection with OLA and that OLA would not have requested these records. You knew or should have known that confidential records are not to be disclosed to third parties. Moreover, you knew or should have known that your sister had no right to request or receive these records, much less in the name of OLA. Despite this knowledge, you did not return the records promptly to their source or inform the school administration of the situation. Instead, you helped distribute them to an improper recipient. The school might never have known that documents were illegally requested in its name and improperly disseminated if it had not been informed of that fact by the public school.

Regardless of whether you were directly involved in the initial request, your actions in receiving and silently passing along confidential records to persons who had no right to them showed deeply flawed judgment, was a serious breach of your professional and ethical duties and, in fact, may have been a violation of the law. This constitutes dishonesty, unprofessional conduct, a breach of professional ethics, and conduct that tends to reflect discredit upon the School and the Archdiocese, which are grounds for immediate termination under your contract. We have therefore decided to terminate your employment at OLA School, effective immediately.

Very truly yours,

Patricia Bordin/Judy O'Rourke
Co Principals



THE ARCHDIOCESE OF SAN FRANCISCO



## *ACKNOWLEDGMENT AND AGREEMENT TO ARBITRATE*

*I acknowledge that in the event that a serious employment dispute arises between me and the Archdiocese, the parties involved will make all efforts to resolve these disputes through informal means. If these informal attempts at resolution fail, the parties involved will submit the dispute to final and binding arbitration, if the dispute arises out of or is related to the termination of my employment, any allegation of discrimination or sexual other harassment or retaliation.*

*I acknowledge that by accepting or continuing in employment with the Archdiocese I agree to submit to final and binding arbitration, pursuant to the Archdiocese's Alternative Dispute Resolution Policies which I have received a copy, any dispute between me and the Archdiocese arising out of or related to the termination of my employment, alleged discriminatory conduct, alleged sexual or other harassment or retaliation. Arbitration is the exclusive remedy for all such disputes; no other action may be brought in any other forum. Disputes related to workers' compensation, unemployment insurance, and wag and hour issues are not arbitrable. THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION FOR A DISPUTE RELATING TO TERMINATION OF EMPLOYMENT, ALLEGED DISCRIMINATORY CONDUCT, OR ALLEGED SEXUAL OR OTHER HARASSMENT; ONLY THE ARBITRATOR, NOT A JUDGE OR JURY, WILL DECIDE THE DISPUTE.*

*Such arbitration is the exclusive remedy for both me and the Archdiocese. However, this agreement to arbitrate does not undermine the fact that I am an "at-will" employee and can therefore be terminated for any reason, or no reason at all.*

*I understand that employment disputes arising out of or related to termination of employment, discriminatory conduct, alleged sexual or other harassment or retaliation include, but are not limited to, the following: alleged violations of federal, state and/or local constitutions, statutes or regulations; claims based on any purported breach of contractual obligation, including breach of the covenant of good faith and fair dealing; and claims based on any purported breach of duty arising in tort, including violations of public policy.*



I agree that if any court of competent jurisdiction declares that any part of this arbitration provision is illegal, invalid or unenforceable, such a declaration will not affect the legality, validity or enforceability of the remaining parts of this arbitration agreement, and the illegal, invalid or unenforceable part will no longer be part of this agreement.

*Employee signature*

Maureen T. Zane
*Employee's name [Printed]*

June 22, 2005
*Date*

*[TO BE PLACED IN EMPLOYEE'S PERSONNEL FILE]*

**RJN 7-2**



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-18-2010 9:32 am

Case Number: CGC-08-482171

Filing Date: Nov-18-2010 9:29

Juke Box: 001    Image: 03036301

COURT JUDGMENT - GENERAL

MAUREEN T ZANE VS. THE ROMAN CATHOLIC ARCHDIOCESE OF SAN FRANCISCO

001C03036301

## Instructions:
Please place this sheet on top of the document to be scanned.

Law Offices of David S. Secrest
A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 205
P. O. Box 1029
El Granada, CA 94018-1029
Tel: 650-726-7461
Fax: 650-726-7471
Attorney for Plaintiff/Petitioner
Maureen T. Zane

**F I L E D**
*San Francisco County Superior Court*

NOV 1 8 2010

CLERK OF THE COURT

BY: _____ Deputy Clerk
PRISCILLA AGBUNAG

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

MAUREEN T. ZANE,

Plaintiff,

vs.

THE ROMAN CATHOLIC
ARCHDIOCESE OF SAN FRANCISCO;
OUR LADY OF ANGELS SCHOOL;
JUDY O'ROURKE; AND PATRICIA
BORDIN; and DOES 1-50, inclusive,

Defendants.

Case No. **CGC-08-482171**

**JUDGMENT FOLLOWING ARBITRATION
AWARD [PROPOSED]** (755)
Hearing Date: November 10, 2010
Time: 9:30 a.m.
Dept: 301
Judge: Hon. Peter J. Busch
Action Filed: November 21, 2008

This Court compelled arbitration of this matter pursuant to contract on April 9, 2009.

Norman Brand, American Arbitration Association, was selected as Arbitrator.

The arbitration hearing was held on April 5-9, June 17 and 24, 2010.

The arbitrator rendered his Final Award and Opinion on October 8, 2010.

On November 10, 2010, the matter came on for hearing on a Petition to Confirm the

Arbitration Award, brought by Plaintiff/Petitioner Maureen T. Zane. The Court then issued an

Order granting the Petition. Based upon that Order, the Court hereby enters judgment as follows:

Plaintiff/Petitioner Maureen T. Zane shall have judgment against Defendant/Respondent

-1-

*Zane v. Roman Catholic Archdiocese, et al.;* San Francisco Sup. Ct. No. CGC-08-482171

LAW OFFICES OF DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 PLAZA ALHAMBRA, SUITE 205, P. O. BOX 1029
EL GRANADA, CA 94018-1029
650-726-7461 TELEPHONE
650-726-7471 FACSIMILE

1  The Roman Catholic Archbishop of San Francisco, A Corporation Sole, in the amount of

2  $147,597.00, plus Pre-judgment interest from the date of the Award, October 8, 2010, until

3  payment is made.

   IT IS SO ORDERED.

   _____

   Hon. Peter J. Busch
   Judge of the Superior Court

8  Dated: November 18, 2010.

-2-

*Zane v. Roman Catholic Archdiocese, et al.;* **San Francisco Sup. Ct. No. CGC-08-482171**
**JUDGMENT FOLLOWING ARBITRATION AWARD [PROPOSED]**