**RJN 9-1**

John A. McGuinn, Esq. (State Bar No. 036047)
Jeannette A. Vaccaro, Esq. (State Bar No. 287129)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone:    415/421-9292
Facsimile:    415/403-0202

Attorneys for Plaintiff
CHERYL BELLONI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

CHERYL BELLONI,

      Plaintiff,

    v.

ARCHDIOCESE OF SAN FRANCISCO.,
a California corporation,

      Defendant.

Case No. CV 13 3509

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

(Race Discrimination; National
Origin Discrimination; Gender
Discrimination; Age
Discrimination; Labor Code
Violations)

PLAINTIFF CHERYL BELLONI COMPLAINS AND ALLEGES AS FOLLOWS:

## I.

### JURISDICTION AND VENUE

    1.    Plaintiff brings this action pursuant to Title VII, 42 U.S.C. § 2000e, the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, and under the California Labor

Code.  This court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, and over the state

claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

1

2.    The acts and omissions alleged herein were committed in the Northern District of California.

## II.

## THE PARTIES

3.    Plaintiff is a resident and citizen of the state of California.  Her date of birth is December 19, 1945.

4.    Defendant is a California corporation.  At all material times Defendant acted through agents and employees who at all material times acted within the course and scope of their agency and employment for Defendant.

## III.

## ADMINISTRATIVE EXHAUSTION

5.    Plaintiff timely filed this action after receiving a right to sue letter from the appropriate administrative agencies.

## IV.

## FACTUAL ALLEGATIONS

6.    Plaintiff's employment with Defendant spanned over 30 years from 1982 until November 30, 2012 when she was terminated by Defendant.

7.    During Plaintiff's long tenure at Defendant, she worked for five Pastors at St. Isabella Church in San Rafael, California as secretary, head of Human Resources and bookkeeper.

8.    In July 2011, Father Mark Ruberiano was appointed Pastor of St. Isabella Church. He is Filipino and in his mid-30s.

9.    Before Father Ruberiano became Pastor of St. Isabella, Plaintiff had received favorable evaluations of her job performance and had never been reprimanded or given any

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND                                                                              2
DEMAND FOR JURY TRIAL

verbal or written warnings about her job performance.

10.     In mid-July 2011, roughly two weeks after Father Ruberiano joined St. Isabella, Plaintiff received her first ever reprimand. It was from Father Ruberiano regarding comments Plaintiff made while she and another employee were counting the Sunday offertory. Father Ruberiano accused Plaintiff of being disrespectful and insubordinate.

11.     In early August 2011, Plaintiff was again reprimanded, this time for counting the Sunday offertory in the main office rather than the conference room. Father Ruberiano later documented in Plaintiff's personnel file that she had been passive aggressive and insubordinate.

12.     Also in August, Father Ruberiano asked Plaintiff why Deacon Jim Myers received a $125 monthly stipend. Plaintiff explained that the Deacon had been given a stipend for the work he did for the Parish since he was ordained over 10 years ago. She told Father Ruberiano that since Deacon Myers did not have full time employment outside the Parish the stipend was important to him. When Father Ruberiano instructed Plaintiff to stop issuing checks to the Deacon, she commented that she did not think that was fair. Father Ruberiano argued with her and later documented in her personnel file that she was "negatively defensive."

13.     In July or August 2011, Plaintiff was again reprimanded by Father Ruberiano. He told her not to question him about his whereabouts, nor about his presence in the office. He told Plaintiff he would tell her what she needed to know "on a need to know" basis. As parish secretary, however, she was expected by the parishioners to know when the Pastor would be in and was required to coordinate certain activities with him, such as the signing of checks and other important Parish business.

14.     Throughout his tenure, Father Ruberiano insisted that Plaintiff communicate with him by text messaging. For example, he required Plaintiff to text him the offeratory numbers every Monday morning, even if he was in the office.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND                                                                                          3
DEMAND FOR JURY TRIAL

15.    At the October or November 2011 staff meeting, Plaintiff asked whether the church would pay for the staff's cell phone bills since they were required to use their cell phones for church business. Father Ruberiano told her "no" the Parish would not reimburse the staff for any portion of their cell phone bills.

16.    In December, 2011, Plaintiff told Father Ruberiano that she didn't believe that text messaging was an effective way to communicate and that she would appreciate being able to speak with him about church business. He responded that texting was the way he communicated most often. He then told Plaintiff "Maybe you are not used to working for a younger boss."

17.    Since April 2011, Plaintiff had been allowed to work from home two days a week. This arrangement was put in place by the prior Pastor, Ken Westray, and the agreement was documented in Plaintiff's personnel file. In February 2012, however, Father Ruberiano rescinded this agreement. He told Plaintiff that she had to be in the office five days a week beginning in March 2012.

18.    In February 2012, Plaintiff informed Father Ruberiano that she was having hip replacement surgery and would require at least six weeks of medical leave beginning April 4, 2012.

19.    Plaintiff had hip replacement surgery on April 4, 2012 and was out on protected medical leave from April 4, 2012 through July 15, 2012. Unfortunately, the surgery had complications and left Plaintiff with permanent disabilities, including "drop foot" and nerve damage.

20.    Shortly after her return to work in July 2012, Plaintiff was again reprimanded by Father Ruberiano. This time he accused her of yelling at a co-worker, Mike Mangini, on the day she returned from her medical leave. Plaintiff told Father Ruberiano that she had not yelled at Mr. Mangini, she explained the situation and told him that she and Mr. Mangini had worked

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

4

together for over 25 years. Father Ruberiano then accused her of playing favoritism with her co-workers and being cliquish.

21. On July 23, 2012, a case of wine had been delivered to the rectory and no one knew who it was from. Father Ruberiano asked Plaintiff if she knew where the wine had come from. Plaintiff stated that perhaps it came from the sacristans because oftentimes there was not enough wine for the Mass and the sacristans were not able to find another bottle. Later that day, Father Ruberiano reprimanded Plaintiff and told her she had been disrespectful. He accused her of blaming him for the sacristans not having sufficient wine at Mass. Plaintiff, however, made no such comment, but merely expressed her opinion as to where the wine may have come from and why since they had been discussing where the wine could have come from. Father Ruberiano told her that he asked her a question, not for her opinion.

22. At the October 2012 Finance Council Meeting, Father Ruberiano commended Plaintiff to the council on the great job she was doing at keeping the Parish books. Despite these praises, on October 19, 2012, Father Ruberiano questioned Plaintiff regarding some checks that had been written on the Parish account. Father Ruberiano wanted to know if Plaintiff had receipts for the reimbursements and she told him she did. He then brought up his accusation that she had yelled at one of her co-workers, Mike Mangini, back in July. Although they had already discussed this situation and Plaintiff had explained that she'd never yelled at Mr. Mangini, Father Ruberiano used this meeting as an opportunity to lecture Plaintiff about being disrespectful although there were no "new incidents."

23. On November 6, 2012, Father Ruberiano came to Plaintiff's desk at 3:45 pm and gave her a written warning letter, told her to read it and sign it. The letter stated that Father Ruberiano "has received many complaints from your co-workers and others that you have dealt with them in a rude and unfriendly manner." It went on to accuse Plaintiff of being disrespectful

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

5

and insubordinate. The letter stated that she would have 30 days to improve her attitude and behavior. Plaintiff told Father Ruberiano that she didn't believe the accusations were true. Father Ruberiano refused to discuss the accusations in the letter, instead, he told her in a stern voice "Sheri, I asked you to read it and sign it." At Father Ruberiano's insistence, she signed the letter, albeit under duress. Plaintiff was shocked by the accusations in the letter and highly upset. When Plaintiff asked if she could have a copy of the letter, Father Ruberiano initially denied her request outright, but then stated, "I'll have to think about it."

24.     Father Ruberiano ultimately gave Plaintiff a copy of the letter on November 9, 2012. A copy of said letter is attached hereto as Exhibit 1. Plaintiff prepared and delivered a written response to the letter on November 12, 2012. A copy of Plaintiff's November 12 response is attached hereto as Exhibit 2. Father Ruberiano never sat down with Plaintiff to discuss the November 6 letter or her November 12 response.

25.     On November 30, 2012, at the end of the day, Father Ruberiano told Plaintiff that she was being terminated. He again accused her of being disrespectful and told her "I cannot work like this," "I cannot be successful at St. Isabella if you are here," and "This is not working for me. I've made my decision."

## V.

## STATEMENT OF CLAIMS

## CLAIM ONE

(42 U.S.C. § 2000e - Race/National Origin Discrimination)

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Plaintiff is a Caucasian-American.

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND                                                    6
DEMAND FOR JURY TRIAL

28. Plaintiff was subjected to discrimination by Defendant in one or more of the following particulars:

    a. Plaintiff was subjected to unwarranted discipline and/or

    b. Plaintiff was terminated.

29. A motivating factor in Defendant's conduct as alleged in paragraph 28(a) and/or (b) was Plaintiff's race, Caucasian and/or her national origin, American. Plaintiff was replaced by a younger Filipino male.

30. As a result Plaintiff has suffered emotional distress all to her non-economic loss in an amount to be proven at trial.

31. As a further result Plaintiff has suffered economic loss in an amount to be proven at trial.

32. Defendant's acts were intentional and Defendant should be assessed punitive damages in an amount to be proven at trial.

33. Plaintiff is entitled to her reasonable attorneys' and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

**CLAIM TWO**

(42 U.S.C. § 2000e - Gender Discrimination)

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. A motivating factor in Defendant's conduct as alleged in paragraph 28(a) and/or (b) was Plaintiff's gender, female. Plaintiff was replaced by a younger Filipino male.

36. As a result Plaintiff has suffered emotional distress all to her non-economic loss in an amount to be proven at trial.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

7

37. As a further result Plaintiff has suffered economic loss in an amount to be proven at trial.

38. Defendant's acts were intentional and Defendant should be assessed punitive damages in an amount to be proven at trial.

39. Plaintiff is entitled to her reasonable attorneys' and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

## CLAIM THREE

(29 U.S.C. § 621 *et. seq.* - Age Discrimination)

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff was 66 years old at the time of her termination.

42. Defendant's conduct as alleged in paragraph 28(a) and/or (b) was because of Plaintiff's age. She was replaced by a younger, less qualified male.

43. As a result of said discrimination, Plaintiff is entitled to lost back pay, retroactive fringe benefits, front pay, prejudgment interest, reasonable attorneys' and expert witness fees, and such other injunctive relief as the Court deems just pursuant to 29 U.S.C. § 216(b) and § 626(b).

44. Said conduct was intentional and Plaintiff is entitled to liquidated damages equal to twice the base amount of the award.

/ / /

/ / /

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

8

## CLAIM FOUR

(Labor Code § 226)

45.     Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46.     Throughout her employment, Plaintiff was not provided with accurate and complete wage statements in accordance with Labor Code § 226.

47.     Plaintiff is entitled to recover penalties not to exceed $4,000.00.

48.     Plaintiff is entitled to her costs and reasonable attorneys' fees pursuant to Labor Code § 226(e).

## CLAIM FIVE

(Cal. Labor Code § 2802)

49.     Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50.     From approximately July 2011 through her termination, Plaintiff was required to use her personal cellular telephone in the direct discharge of her duties or in obedience to the directions of her employer.

51.     Plaintiff has requested indemnification for the expenses related to the use of her personal cellular phone, but Defendant has refused to indemnify her for those expenses.

52.     Plaintiff is entitled to recover all expenses related to the use of her cellular telephone in the direct discharge of her duties or in obedience to the directions of her employer, which sum is alleged to be $1,176.00, plus interest.

53.     Plaintiff is entitled to her reasonable attorneys' fees pursuant to Labor Code § 2802(c).

/ / /

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

9

VI.

**DEMAND FOR JURY TRIAL**

54.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment as alleged in the claims stated above.

DATED: July 30, 2013                          McGUINN, HILLSMAN & PALEFSKY
                                               Attorneys for Plaintiff CHERYL BELLONI


                                          By: _____
                                               JOHN A. McGUINN

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT AND
DEMAND FOR JURY TRIAL

10

## Church of St. Isabella

One Trinity Way P.O. Box 6166  San Rafael, California 94903

(415) 479-1560
Fax (415) 479-8303
email: office@stisabellasparish.org

November 6, 2012

Sheri,

I have received many complaints from your co-workers and others that you have dealt with them in a rude and unfriendly manner, which is especially unacceptable for someone *employed here at St. Isabella's Church*. I observed this myself recently on October 19 when you told me in a disrespectful tone that "*I am disrespecting the staff while I am telling you about respect*". I do promote respect here in the workplace. But the manner that you said it made a lot of difference as it was condescending and disrespectful. October 24, while I was telling you in a gentle way important things to make our ministry here productive, you were yelling and just stood up, walked out while I was still talking and seating in the chair. I would like to let you know as I have told you many times and would like to make sure in writing that you understand that that is disrespectful and unbecoming of a Church employee. It is also called insubordination which could lead to work termination. I have also become aware as I documented some incidents that your interaction with our co-workers and even with me does not reflect an attitude of Christian concern over the past months. A negative attitude can't be productive.

If there are any further outbursts of this kind, your employment will be terminated immediately. In addition, I will be *observing your interaction with me, with others and your behavior while at work* and will expect a substantial improvement within the next 30 days, during which time I would expect you to achieve and *maintain respect and positive working relationships with me, our employees and visitors by showing and attitude of Christian concern*. If that *professional attitude and behavior is not positive and consistent* within that time and continuing thereafter, I will have no choice but to take action up to and including termination.

**The purpose of our meeting today is to point out these problems. As for your unprofessional conduct, as what I always reiterated, this will simply not be tolerated. If you need any help to achieve these goals, please let me know; my intent is and had always been to enable you to succeed in your job as I have talked to you several times and warned you, which would be good both for you and for the parish. A copy of this letter will be placed in your file. Please sign below to indicate that you have received and read this letter.**

**Father Mark Reburiano, Pastor**

EXBHIBIT 1

November 12, 2012

Dear Father Mark,

Thank you for giving me a copy of your letter of November 6, 2012. I have had a chance to read and re-read this letter several times, and although I still find it difficult and upsetting to believe that you have received complaints from my co-workers and others that I have been rude and unfriendly toward them, in an effort of Christian forgiveness, I would like to know the nature of my offences and apologize to those whom I have offended.

I am truly sorry that your opinion of me as outlined in your letter is less than desirable. I assure you, Father, that is not who I am, nor have I intended to be. If that were true, I'm quite certain that I would not have been allowed to remain at St. Isabella's as parish secretary for over 30 years. You yourself told me that my work is excellent, that I am basically the "gate-keeper" for the parish. I don't think of myself that way, but because of my many years here, I do know a lot about the inner workings of a parish, in particular St. Isabella's. I have a deep love and respect for the parishioners whom I have known for over 40 years, and for the exemplary parish that St. Isabella's is and has been. As a parishioner myself, I want the very best for my parish, and I feel that my work here has successfully reflected that.

That being said, please accept my apology if I have been condescending and disrespectful in my interactions with you; I have not meant to be insubordinate. My work ethic is to maintain respect and positive working relationships with you, my co-workers and visitors to the rectory by showing an attitude of Christian concern, and conducting myself with a professional attitude and behavior.

Please let me know when you and I can meet with those whom I have offended.


Sincerely,

Sheri Belloni


EXHIBIT 2

JS 44   (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHERYL BELLONI | ARCHDIOCESE OF SAN FRANCSICO |

**(b)** County of Residence of First Listed Plaintiff   MARIN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SAN FRANCISCO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John A. McGuinn, Esq.; Jeannette A. Vaccaro, Esq.
McGuinn, Hillsman & Palefsky
535 Pacific Avenue, San Francisco, CA 94133 (415) 421-9292

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                               *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e; 29 U.S.C. § 621 et. seq.; 28 U.S.C. § 1331, 1367.
Brief description of cause:
Gender and Age Discrimination.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE
07/30/2013

SIGNATURE OF ATTORNEY OF RECORD
John A. McGuinn, Esq.

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

**RJN 9-2**

1　PETER O. GLAESSNER, State Bar No. 93830
　　pog@llcllp.com
2　MARIA M. LAMPASONA, State Bar No. 259675
　　mlampasona@llcllp.com
3　LOMBARDI, LOPER & CONANT, LLP
　　Lake Merritt Plaza
4　1999 Harrison Street, Suite 2600
　　Oakland, CA 94612-3541
5　Telephone:　(510) 433-2600
　　Facsimile:　(510) 433-2699
6
7　Attorneys for Defendant, THE ROMAN
　　CATHOLIC ARCHBISHOP OF SAN
8　FRANCISCO, a Corporation Sole (sued erroneously
　　herein as ARCHDIOCESE OF SAN FRANCISCO,
9　a California corporation)

10　　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12　　　　　　　　　　OAKLAND DIVISION

13

14　CHERYL BELLONI,　　　　　　　　　| Case No.　CV 13-3509 KAW

15　　　　　　　Plaintiff,　　　　　　| **DEFENDANT THE ROMAN CATHOLIC**
　　　　　　　　　　　　　　　　　　　| **ARCHBISHOP OF SAN FRANCISCO'S**
16　v.　　　　　　　　　　　　　　　| **ANSWER TO PLAINTIFF'S**
　　　　　　　　　　　　　　　　　　　| **COMPLAINT; DEMAND FOR JURY**
17　ARCHDIOCESE OF SAN FRANCISCO,　| **TRIAL**
　　a California corporation,
18
　　　　　　　Defendant.
19

20　///

21　///

22　///

23　///

24　///

25　///

26　///

27　///

28　///

DEFENDANT'S ANSWER TO COMPLAINT
CV 13-3509 KAW
05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    Defendant, THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a

2    Corporation Sole (sued erroneously herein as ARCHDIOCESE OF SAN FRANCISCO, a

3    California corporation), hereby answers the complaint filed herein as follows:

**I.**

**JURISDICTION AND VENUE**

6    1.    In answer to paragraph 1, defendant admits that the United States District Court

7    generally would have jurisdiction over the claims alleged by plaintiff in this matter, but denies

8    that the court has properly exercised jurisdiction in the instant case because the claims alleged

9    herein are subject to binding arbitration pursuant to agreement of the parties.

10    2.    In answer to paragraph 2, defendant admits that venue is proper in the Northern

11    District of California.

**II.**

**THE PARTIES**

14    3.    In answer to paragraph 3, defendant admits that, according to its records, plaintiff

15    Cheryl Belloni's date of birth is December 19, 1945. Except as expressly admitted above,

16    defendant denies the remainder of the allegations in this paragraph for lack of information or

17    belief.

18    4.    In answer to paragraph 4, defendant denies that defendant is a California

19    corporation and admits that defendant is a California Corporation Sole. Except as expressly

20    admitted above, defendant denies the remainder of the allegations in this paragraph because

21    defendant cannot determine who are the "agents and employees" referenced in such allegation,

22    and on that basis, denies the allegations of this paragraph until such time as those allegations are

23    clarified.

**III.**

**ADMINISTRATIVE EXHAUSTION**

26    5.    In answer to Paragraph 5, defendant admits the plaintiff filed this action on July

27    30, 2013 and that the Equal Employment Opportunity Commission issued a right to sue letter on

28    May 3, 2013.

Case: 25-03021    Doc# 164-9    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 17
of 27
05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

**FACTUAL ALLEGATIONS**

6. In answer to Paragraph 6, defendant admits that plaintiff's employment with the defendant began on January 1, 1982 and that defendant terminated plaintiff's employment on November 30, 2012.

7. In answer to paragraph 7, defendant admits that plaintiff's position during the time she was employed with defendant was Parish Secretary at St. Isabella Church in San Rafael, California, which involved secretarial, human resources, and bookkeeping duties. Defendant admits that there were five different Pastors of St. Isabella Church in San Rafael during plaintiff's employment, and that the Parish Secretary position at St. Isabella's reported to the Pastor during that time period.

8. In answer to paragraph 8, defendant admits the allegations of this paragraph, and admits that Father Mark Reburiano is Filipino-American.

9. In answer to Paragraph 9, defendant admits that plaintiff's personnel file contains no written warnings relating to plaintiff's job performance before Father Reburiano became Pastor of St. Isabella Church. Except as expressly admitted above, defendant denies the remainder of the allegations in this paragraph for lack of information or belief.

10. In answer to Paragraph 10, defendant admits that, in July 2011, roughly two weeks after Father Reburiano joined St. Isabella, Father Reburiano reminded plaintiff of the Archdiocesan policy that the Sunday offertory be counted at the Parish conference room table, not at her desk. Defendant admits that approximately one week later Father Reburiano verbally counseled plaintiff about being disrespectful because plaintiff made an expletive comment while she and another employee were counting the Sunday offertory. Except as expressly admitted above, defendant denies each and every remaining allegation in this paragraph.

11. In answer to Paragraph 11, defendant admits that, in August 2011, Father Reburiano again verbally counseled plaintiff because she was not counting the Sunday offertory at the Parish conference room table. Defendant admits that Father Reburiano documented in plaintiff's personnel file that plaintiff had been passive aggressive and insubordinate. Except as

DEFENDANT'S ANSWER TO COMPLAINT
3                                    CV..........AW

05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1  expressly admitted above, defendant denies each and every remaining allegation in this
2  paragraph.

3       12.     In answer to Paragraph 12, defendant admits that, in August 2011, Father
4  Reburiano asked plaintiff why Deacon Jim Myers received a $125 monthly stipend because
5  another Deacon at the Parish had not been receiving a stipend.  Defendant admits that plaintiff
6  generally told Father Reburiano that Deacon Jim Myers had been receiving the stipend for some
7  period of time and that Deacon Jim Myers had bills and a mortgage to pay.  Defendant admits that
8  Father Reburiano asked plaintiff to put the payments to Deacon Jim Myers on hold until he could
9  speak with Deacon Jim Myers.  Defendant admits that plaintiff said generally that she did not
10  think this was fair.  Defendant admits that Father Reburiano made a note in plaintiff's personnel
11  file that plaintiff was "just negatively defensive in answering me."  Except as expressly admitted
12  above, defendant denies each and every remaining allegation in this paragraph.

13       13.     In answer to Paragraph 13, defendant admits that, in July or August 2011, Father
14  Reburiano verbally counseled plaintiff about her demeanor and language used when asking him
15  about his schedule.  Defendant admits that the Parish secretary sometimes is responsible for
16  coordinating activities with the Pastor, is responsible for putting checks in the Pastor or assistant
17  Pastor's mailbox for signature, and often coordinates Parish business.  Except as expressly
18  admitted above, defendant denies each and every remaining allegation in this paragraph.

19       14.     In answer to Paragraph 14, defendant admits that Father Reburiano told the Parish
20  staff that text messaging was one way the staff could communicate with him, but denies that he
21  insisted that plaintiff, or any other staff member, communicate with him exclusively by text
22  messaging.  Except as expressly admitted above, defendant denies each and every remaining
23  allegation in this paragraph.

24       15.     In answer to Paragraph 15, defendant admits that plaintiff asked whether the
25  church would pay for the staff's cell phone bills, and that Father Reburiano told her that the
26  Parish would not reimburse staff for the staff's cell phone bills because the staff was not required
27  to use their personal cell phones for church business.  Except as expressly admitted above,
28  defendant denies each and every remaining allegation in this paragraph.

DEFENDANT'S ANSWER TO COMPLAINT
4                                          CV 13-03089 KAW

05204-42747EM MML 647834.1

1    16.    In answer to Paragraph 16, defendant denies the allegations of this paragraph.

2    17.    In answer to Paragraph 17, defendant admits the previous pastor, Rev. Kenneth
3    Westray, allowed plaintiff to work from home two days a week since May 1, 2011, and that this
4    agreement is documented in plaintiff's personnel file. Defendant also admits that, in or around
5    March 2012, Father Reburiano requested that plaintiff work in the office five days a week so she
6    would be available to meet visitors and answer phone calls. Defendant admits that plaintiff began
7    working five days a week for two weeks in March 2012, but she requested that she be allowed to
8    work from home for two days a week until after she had scheduled surgery, and Father Reburiano
9    agreed. Following her surgery, in July 2012, plaintiff began working five days a week in the
10   office at the Parish. Except as expressly admitted above, defendant denies each and every
11   remaining allegation in this paragraph.

12   18.    In answer to Paragraph 18, defendant admits the allegations of this paragraph.

13   19.    In answer to Paragraph 19, defendant admits that plaintiff was out on protected
14   medical leave from April 4, 2012 through July 15, 2012. Except as expressly admitted above,
15   defendant denies the remainder of the allegations in this paragraph for lack of information or
16   belief.

17   20.    In answer to Paragraph 20, defendant admits that plaintiff returned to work in July
18   2012. Defendant also admits that, in or around July 2012, Father Reburiano heard plaintiff yell at
19   a co-worker, Mike Mangini, and that Father Reburiano verbally counseled plaintiff about
20   speaking to co-workers in a professional and respectful way. Except as expressly admitted above,
21   defendant denies each and every remaining allegation in this paragraph.

22   21.    In answer to Paragraph 21, defendant admits that a case of wine was delivered to
23   the rectory in or around July 2012, and that no one knew who sent it. Defendant admits that
24   Father Reburiano asked plaintiff if she knew where the wine had come from, and that, instead of
25   providing a response, plaintiff complained about Father Reburiano's system for storing Parish
26   wine. Defendant admits that, at some point thereafter, Father Reburiano verbally counseled
27   plaintiff about being disrespectful and told her that he merely was asking her where the wine had
28   come from, and was not asking her opinion about how the Parish should store the wine. Except

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

DEFENDANT'S ANSWER TO COMPLAINT

5

05204-42747EM MML 647834.1

as expressly admitted above, defendant denies each and every remaining allegation in this paragraph.

22.     In answer to Paragraph 22, defendant admits that Father Reburiano commended plaintiff to the Finance Counsel at a meeting in or about October 2012 because plaintiff had resolved a problem involving the Parish books.  Defendant admits that Father Reburiano, as a regular practice both before and after October 2012, would request to see receipts for reimbursements before signing checks.  Defendant admits that Father Reburiano requested receipts in or about October 2012, and plaintiff responded by yelling at Father Reburiano, at which time Father Reburiano reminded her of his earlier verbal counseling regarding her yelling at Mr. Mangini.  Father Reburiano verbally counseled plaintiff that her yelling at him and at co-workers was disrespectful.  Except as expressly admitted above, defendant denies each and every remaining allegation in this paragraph.

23.     In answer to Paragraph 23, defendant admits that on November 6, 2012 at or about 3:45 pm, Father Reburiano gave plaintiff a written warning letter, and asked plaintiff to sign the letter acknowledging her receipt.  Defendant admits the letter stated that Father Reburiano had "received many complaints from your co-workers and others that you have dealt with them in a rude and unfriendly manner."  Defendant admits that the letter stated, in part,  "I would like to let you know as I have told you many times and would like to make sure in writing that you understand that that is disrespectful and unbecoming of a Church employee.  It is also called insubordination which could lead to work termination."  Defendant admits that plaintiff stated that she did not believe the accusations were true.  Defendant admits that, when plaintiff asked for a copy of the letter, Father Reburiano did not immediately hand her a copy, but he agreed to give her a copy following his discussion with the Archdiocese Human Resources office.  Except as expressly admitted above, defendant denies each and every remaining allegation in this paragraph.

24.     In answer to Paragraph 24, defendant admits that Father Reburiano gave plaintiff a copy of the letter on November 9, 2012, and that the copy of the letter attached to plaintiff's complaint at Exhibit 1 is a true and correct copy of an unsigned version of the letter.  Defendant

Case: 25-03021    Doc# 164-9    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 21 of 27

05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
1999 Harrison Street, Suite 2600
Lake Merritt Plaza
Oakland, CA  94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   admits that plaintiff delivered a letter to Father Reburiano's mailbox on or about November 12,

2   2012, and that the copy of the letter attached to plaintiff's complaint as Exhibit 2 is a true and

3   correct copy of the letter. Except as expressly admitted above, defendant denies each and every

4   remaining allegation in this paragraph.

5           25.   In answer to Paragraph 25, defendant admits that on November 30, 2012, Father

6   Reburiano met with plaintiff to verbally counsel her and discuss an improvement plan. Defendant

7   admits that, at this meeting, plaintiff continued to be disrespectful, and Father Reburiano decided

8   at that meeting to terminate plaintiff. Defendant admits that Father Reburiano said plaintiff was

9   being disrespectful, and generally that plaintiff's employment with the Parish was not going to

10   work, that he could not be successful at St. Isabella if plaintiff's behavior did not improve, and

11   that Father Reburiano had to make a painful decision. Except as expressly admitted above,

12   defendant denies each and every remaining allegation in this paragraph.

13                               **V.**

14                   **STATEMENT OF CLAIMS**

15                       **CLAIM ONE**

16         **(42 U.S.C. 2000e – Race/National Origin Discrimination)**

17           26.   In answer to Paragraph 26, defendant refers to and incorporates by reference its

18   admissions and denials to Paragraphs 1 through 25, inclusive.

19           27.   In answer to Paragraph 27, defendant admits the allegations of this paragraph.

20           28.   In answer to Paragraph 28, defendant denies the allegations of this paragraph.

21           29.   In answer to Paragraph 29, defendant admits that the employee who temporarily

22   has assumed plaintiff's job duties following plaintiff's termination is a Filipino-American male

23   who was born in 1967. Defendant denies that plaintiff was "replaced" by this individual and,

24   except as expressly admitted, defendant denies each and every remaining allegation in this

25   paragraph.

26           30.   In answer to Paragraph 30, defendant denies the allegations of this paragraph.

27           31.   In answer to Paragraph 31, defendant denies the allegations of this paragraph.

28           32.   In answer to Paragraph 32, defendant denies the allegations of this paragraph.

Case: 25-03021   Doc# 164-9   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 22
of 27

05204-42747EM MML 647834.1

33. In answer to Paragraph 33, defendant denies the allegations of this paragraph.

## CLAIM TWO

### (42 U.S.C. 2000e – Gender Discrimination)

34. In answer to Paragraph 34, defendant refers to and incorporates by reference its admissions and denials to Paragraphs 1 through 33, inclusive.

35. In answer to Paragraph 35, defendant admits that plaintiff is female and that the employee who temporarily has assumed plaintiff's job duties following plaintiff's termination is a Filipino-American male who was born in 1967. Defendant denies that plaintiff was "replaced" by this individual and, except as expressly admitted, defendant denies each and every remaining allegation in this paragraph.

36. In answer to Paragraph 36, defendant denies the allegations of this paragraph.

37. In answer to Paragraph 37, defendant denies the allegations of this paragraph.

38. In answer to Paragraph 38, defendant denies the allegations of this paragraph.

39. In answer to Paragraph 39, defendant denies the allegations of this paragraph.

## CLAIM THREE

### (29 U.S.C. 621 *et seq.* – Age Discrimination)

40. In answer to Paragraph 40, defendant refers to and incorporates by reference its admissions and denials of Paragraphs 1 through 39, inclusive.

41. In answer to paragraph 41, defendant admits the allegations of this paragraph.

42. In answer to Paragraph 42, defendant admits that the employee who temporarily has assumed plaintiff's job duties following plaintiff's termination is a male who was born in 1967. Defendant denies that plaintiff was "replaced" by this individual and, except as expressly admitted, defendant denies each and every remaining allegation in this paragraph.

43. In answer to Paragraph 43, defendant denies the allegations of this paragraph.

44. In answer to Paragraph 44, defendant denies the allegations of this paragraph.

## CLAIM FOUR

### (Labor Code § 226)

45. In answer to Paragraph 45, defendant refers to and incorporates by reference its

DEFENDANT'S ANSWER TO COMPLAINT
CV 13-9308 KAW

05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    admissions and denials of Paragraphs 1 through 44, inclusive.

2       46.     In answer to Paragraph 46, defendant denies the allegations of this paragraph.

3       47.     In answer to Paragraph 47, defendant denies the allegations of this paragraph.

4       48.     In answer to Paragraph 48, defendant denies the allegations of this paragraph.

5 **CLAIM FIVE**

6 **(Labor Code § 2802)**

7       49.     In answer to Paragraph 49, defendant refers to and incorporates by reference its

8    admissions and denials of Paragraphs 1 through 48, inclusive.

9       50.     In answer to Paragraph 50, defendant denies the allegations of this paragraph.

10       51.     In answer to Paragraph 51, defendant denies the allegations of this paragraph.

11       52.     In answer to Paragraph 52, defendant denies the allegations of this paragraph.

12       53.     In answer to Paragraph 53, defendant denies the allegations of this paragraph.

13 **IV.**

14 **DEMAND FOR JURY TRIAL**

15       54.     In answer to Paragraph 54, defendant is not required to admit or deny this

16    allegation.

17       As further and additional affirmative defenses, defendant alleges the following:

18 **FIRST AFFIRMATIVE DEFENSE**

19       The complaint, and each claim therein, fails to state a valid claim against this answering

20    defendant.

21 **SECOND AFFIRMATIVE DEFENSE**

22       The complaint, and each claim therein, is not within this court's subject matter

23    jurisdiction, because it is subject to binding arbitration pursuant to agreement of the parties. *See* 9

24    U.S.C. § 1, *et seq.,* Cal. Code of Civ. Pro. § 1280, *et seq*. That agreement constitutes a bar to any

25    recovery by plaintiff in this civil action.

26    / / /

27    / / /

28    / / /

DEFENDANT'S ANSWER TO COMPLAINT
CV 18-05204 KAW

Case: 25-03021    Doc# 164-9    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 24 of 27

05204-42747EM MML 647834.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1

## THIRD AFFIRMATIVE DEFENSE

2  Plaintiff failed to timely or adequately exhaust the defendant's dispute resolution policy,

3 and thus the complaint, and each claim therein, is barred as a matter of law.

4

## FOURTH AFFIRMATIVE DEFENSE

5  Plaintiff failed to avail herself of the defendant's policies and procedures for reporting a

6 claim of illegal discrimination; as such, plaintiff's claims for damages are barred or are limited by

7 the doctrine of avoidable consequences.

8

## FIFTH AFFIRMATIVE DEFENSE

9  Plaintiff's claims alleging violations of 42 U.S.C. § 2000e and 29 U.S.C. § 621 *et seq.* are

10 barred because defendant is a religious employer and plaintiff's employment as the Parish

11 Secretary of a Parish involved community outreach involving the church's religious beliefs and

12 moral principles.

13

## SIXTH AFFIRMATIVE DEFENSE

14  Any exercise of court jurisdiction and / or application of federal statutes constitutes an

15 impermissible interference with defendant's exercise of religion and entanglement with religion

16 in violation of the First Amendment to the U.S. Constitution and the California Constitution.

17

## SEVENTH AFFIRMATIVE DEFENSE

18  The defendant's personnel actions were taken for lawful, non-discriminatory reasons, in

19 exercise of managerial judgment and discretion, and plaintiff was not terminated for any illegal or

20 pre-textual reason.

21

## EIGHTH AFFIRMATIVE DEFENSE

22  Plaintiff's damages, if any, arising from this defendant's lawful, personnel management

23 actions are exclusively within the jurisdiction of worker's compensation, and not within the

24 jurisdiction of this court. *Labor Code* §3601 et seq.; *Cole v. Fair Oaks Fire Protection District,*

25 (1987) 43 Cal.3d 148; *Mikolsy v. Regents of the University of California,* (2008) 44 Cal.4th 876.

26

## NINTH AFFIRMATIVE DEFENSE

27  Plaintiff's damages are limited by the monetary caps imposed under federal statutes, and

28 the claim for punitive damages is barred by federal law because the employer made a

DEFENDANT'S ANSWER TO COMPLAINT
10
CV 25-03021 WHO KAW

05204-42747EM MML 647834.1

1    "reasonable, good faith" effort to comply with the law.

2                    **TENTH AFFIRMATIVE DEFENSE**

3          The answering defendant is a religious corporation sole, and no claim for punitive

4    damages is permitted, except by prior order of the court, which has not been obtained.  Cal. Code

5    Civ. Pro. § 425.14.

6                  **ELEVENTH AFFIRMATIVE DEFENSE**

7          The claims for punitive damages violate the U.S. and/or California Constitutions, which

8    bar, limit or restrict the award of punitive or exemplary damages.

9                   **TWELFTH AFFIRMATIVE DEFENSE**

10         The complaint, and each claim therein, fails to state facts sufficient to constitute a cause of

11   action for attorney's fees.

12                  **THIRTEENTH AFFIRMATIVE DEFENSE**

13   Plaintiff failed to act reasonably to mitigate her damages, if any.

14                  **FOURTEENTH AFFIRMATIVE DEFENSE**

15   Plaintiff's claims are barred by her own unclean hands.

16                   **FIFTEENTH AFFIRMATIVE DEFENSE**

17         Plaintiff has released defendant from any alleged violation of Labor Code § 226, and

18   plaintiff's release is a bar thereto.

19                   **SIXTEENTH AFFIRMATIVE DEFENSE**

20         Plaintiff's claim for violation of Labor Code § 226 is barred in whole or in part by the

21   principles of accord and satisfaction, and payment.

22                 **SEVENTEENTH AFFIRMATIVE DEFENSE**

23         Other conduct plaintiff engaged in during her employment, though not discovered by the

24   employer until after plaintiff's termination, furnish further grounds for her termination and/or bar,

25   cut off or limit plaintiff's alleged damages, if any.

26                  **EIGHTEENTH AFFIRMATIVE DEFENSE**

27         Plaintiff's claims are barred to the extent she did not exhaust administrative remedies

28   related to those claims.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

05204-42747EM MML 647834.1

1

**PRAYER**

WHEREFORE, defendant prays for judgment as follows:

1)     That plaintiff take nothing and that judgment be entered for defendant;

2)     For attorney's fees and costs as permitted by law;

3)     For such other and further relief as the court deems just and proper.

DATED: September 18, 2013         LOMBARDI, LOPER & CONANT, LLP

By:    ***/s/ Peter O. Glaessner***
     PETER O. GLAESSNER
Attorneys for Defendant, THE ROMAN
CATHOLIC ARCHBISHOP OF SAN
FRANCISCO, a Corporation Sole (sued
erroneously herein as ARCHDIOCESE OF
SAN FRANCISCO, a California
corporation)

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury pursuant to Federal Rule of Civil Procedure §81.

DATED: September 18, 2013         LOMBARDI, LOPER & CONANT, LLP

By:    ***/s/ Peter O. Glaessner***
     PETER O. GLAESSNER
Attorneys for Defendant, THE ROMAN
CATHOLIC ARCHBISHOP OF SAN
FRANCISCO, a Corporation Sole (sued
erroneously herein as ARCHDIOCESE OF
SAN FRANCISCO, a California
corporation)

3
...27
28

DEFENDANT'S ANSWER TO COMPLAINT
CV-13-05097 KAW
-12-

05204-42747EM MML 647834.1