**RJN 11**

| | |
|---|---|
| 1 | GEORGE J. TICHY, II, Bar No. 041146 |
| | gtichy@littler.com |
| 2 | MICHELLE R. BARRETT, Bar No. 197280 |
| | mfalconer@littler.com |
| 3 | LISA LIN GARCIA, Bar No. 260582 |
| | llgarcia@littler.com |
| 4 | LITTLER MENDELSON, P.C. |
| | 650 California Street, 20th Floor |
| 5 | San Francisco, California  94108.2693 |
| | Telephone:   415.433.1940 |
| 6 | Facsimile:    415.399.8490 |

Attorneys for Defendants
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A Corporation Sole(erroneously sued as "The Archdiocese of San Francisco," "Junipero Serra High School," and "The Roman Catholic Archbishop of San Francisco") THE ARCHDIOCESE OF SAN FRANCISCO PARISH, SCHOOL AND CEMETERY JURIDIC PERSONS CAPITAL ASSETS SUPPORT CORPORATION, A California Nonprofit Religious Corporation (erroneously sued as "The Archdiocese of San Francisco Parish, School And Cemetery Juridic Persons Capital Assets Support Corporation"), and THE ARCHDIOCESE OF SAN FRANCISCO PARISH AND SCHOOL JURIDIC PERSONS REAL PROPERTY SUPPORT CORPORATION, A California Nonprofit Religious Corporation (erroneously sued as "The Archdiocese of San Francisco Parish And School Juridic Persons Real Property Support Corporation")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOHNERT,<br><br>    Plaintiff,<br><br>v.<br><br>THE ARCHDIOCESE OF SAN FRANCISCO; JUNIPERO SERRA HIGH SCHOOL; THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; THE ARCHDIOCESE OF SAN FRANCISCO PARISH AND SCHOOL JURIDIC PERSONS REAL PROPERTY SUPPORT CORPORATION; THE ARCHDIOCESE OF SAN FRANCISCO PARISH, SCHOOL AND CEMETERY JURIDIC PERSONS CAPITAL ASSETS SUPPORT CORPORATION; and DOES 1 through 25,<br><br>    Defendants. | Case No. 3:14-cv-02854-WHO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FIFTH, AND SIXTH CAUSES OF ACTION**<br><br>DATE:    August 13, 2014<br>TIME:    2:00 p.m.<br>DEPT:    Courtroom 2, 17th Floor<br>JUDGE:  Hon. William H. Orrick<br><br>Complaint Filed:    May 15, 2014<br>Trial Date:              No date set |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS                                                    Case No. 3:14-CV-02854-WHO

Case: 25-03021    Doc# 164-11    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 2 of 11

## I. INTRODUCTION

In Opposition, Plaintiff Kimberly Bohnert ("Plaintiff") attempts to present new accusations that are misplaced. Plaintiff's first and third causes of action based on the California Fair Employment and Housing Act ("FEHA") fail as a matter of law because all of the Defendants are nonprofit religious corporations that are expressly exempt from the Act's definition of "employer," and, thus, exempt from the statute's jurisdiction. Indeed, Plaintiff does not dispute that The Roman Catholic Archbishop of San Francisco, A Corporation Sole ("the Archbishop Corporation"), The Archdiocese Of San Francisco Parish, School And Cemetery Juridic Persons Capital Assets Support Corporation, A California Nonprofit Religious Corporation ("the Assets Corporation"), and The Archdiocese of San Francisco Parish And School Juridic Persons Real Property Support Corporation, A California Nonprofit Religious Corporation ("the Real Property Corporation") are exempt from the FEHA. Instead, Plaintiff contends that the FEHA applies to the erroneously named defendant "Junipero Serra High School" because of California Government Code section 12926.2 which pertains to "nonprofit public benefit corporation[s] formed by, or affiliated with, a particular religion and that operates an educational institution as its sole or primary activity." However, Junipero Serra High School is *not* a separate legal entity. Indeed, it is a part of the Archbishop Corporation. Notwithstanding this fact, Junipero Serra High School is also not a "nonprofit public benefit corporation," and as such, the California Government Code section upon which Plaintiff relies does not apply.

Further, Plaintiff's intentional and negligent of emotional distress claims are preempted by the California Workers' Compensation Act because the alleged wrongful conduct committed by Defendants concerns a workplace investigation, which is within the normal part of the employment relationship. Additionally, Plaintiff's intentional infliction of emotional distress claim fails because she has not sufficiently pled all of the elements of the claim. Accordingly, Defendants respectfully request that this Court grant their motion to dismiss with prejudice Plaintiff's first and third causes of action arising under the FEHA, as well as Plaintiff's fifth and sixth causes of action for intentional and negligent infliction of emotional distress.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS   1.   Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 3 of 11

## II. PLAINTIFF'S FIRST, THIRD, FIFTH, AND SIXTH CAUSES OF ACTION SHOULD BE DISMISSED WITH PREJUDICE.

### A. Plaintiff's Opposition Evidence Is Improper and Should Be Stricken.

On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence unless the matters are properly subject to judicial notice. *Butler v. Los Angeles County,* 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008); *see also Arpin v. Santa Clara Valley Transp. Agency,* 261 F. 3d 912, 925 (9th Cir. 2001).

Plaintiff submitted two declarations in support of her Opposition, both of which should be stricken because declarations cannot be considered in a 12(b)(6) motion. The content of these documents were not alleged in the Complaint nor were these documents attached to the Complaint. As such, these declarations and the exhibits attached thereto should be stricken and not be considered by the Court in ruling on the Motion.[1]

### B. Plaintiff's First and Third Causes of Action Must Be Dismissed Against the Archbishop Corporation, the Assets Corporation, and the Real Property Corporation.

As an initial matter, Plaintiff does not dispute that the Archbishop Corporation, the Assets Corporation and the Real Property Corporation are nonprofit religious corporations that are exempt from FEHA. *See* Cal. Gov't Code § 12926(d). As such, Plaintiff's FEHA claims against them must be dismissed with prejudice.

### C. Plaintiff's First and Third Causes of Action Fail Because Junipero Serra High School Is Not Plaintiff's Employer and Is Not A Nonprofit Public Benefit Corporation.

In Opposition, Plaintiff alleges that she was employed by "Serra." (*See* Opposition, 10:21-11:4.)[2] She also claims that Serra is subject to California Government Code section

---

[1] If the Court decides to consider the extrinsic evidence and treat Defendants' 12(b)(6) motion as a motion for summary judgment instead, Defendants request the opportunity to also submit supplemental briefing and extrinsic evidence.

[2] Defendants have not argued that Plaintiff was not employed by Junipero Serra High School, and thus do not need to "disprove" Plaintiff's allegations in this regard. Rather, Defendants have simply provided documentation to show that Junipero Serra High School and the Archbishop Corporation are the same entity. Given that Plaintiff cannot make a plausible argument that this is not the case, the first and third causes of action should be dismissed with prejudice against all Defendants. No discovery by Plaintiff in this regard is necessary.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS        2.        Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 4 of 11

1  12926.2(f), and therefore not exempt from FEHA's definition of employer. These conclusory
2  statements, however, are merely unreasonable deductions of facts and should not be accepted as true.
3  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. Cal. 2001) (in considering a Rule
4  12(b)(6) motion to dismiss, the court is not required to accept as true allegations that are merely
5  conclusory, unwarranted deductions of fact, or unreasonable inferences).

6        **1.    Junipero Serra High School Is Not A Legal Separate Entity from The**
7               **Archbishop Corporation, Which Is A Nonprofit Religious Corporation.**

8        Plaintiff has not stated a FEHA claim against Junipero Serra High School that is
9  plausible on its face. As a preliminary matter, Plaintiff's reliance on *Conley v. Gibson*, 355 U.S. 41,
10  45-46 (1957), for the proposition that Defendants have the "burden of establishing 'beyond doubt
11  that...no set of facts' would permit recovery on Plaintiff's claims" is misplaced. (Opposition, 12:11-
12  13.) This test has been expressly retired by the United States Supreme Court. *See Bell Atl. Corp. v.*
13  *Twombly*, 550 U.S. 544, 563 (2007) ("We could go on, but there is no need to pile up further
14  citations to show that *Conley*'s 'no set of facts' language has been questioned, criticized, and
15  explained away long enough"); *Ashcroft v. Iqbal*, 556 U.S. 662, 669-70 (2009) (acknowledging that
16  *Twombly* retired the *Conley* "no-set-of-facts" test). Instead, to survive a motion to dismiss, a
17  complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is
18  **_plausible_** on its face." *See Ashcroft*, 556 U.S. at 678 (emphasis added).

19        Here, Junipero Serra High School cannot plausibly be liable for a FEHA claim
20  because it is a part of the Archbishop Corporation, which is a nonprofit religious corporation. The
21  Complaint alleges that Defendants "are an integrated enterprise and a 'single employer' of Plaintiff
22  for purposes of this action" and that "the entities have overlapping ownership and management and
23  centralized control of operations." (Complaint, ¶ 9.) As such, the Complaint, which must be taken
24  as true for the purposes of a motion to dismiss, shows that Junipero Serra High School is not in a
25  separate entity.

26        Additionally, the matters for which Defendants seek judicial notice further
27  demonstrate that Junipero Serra High School is a part of the Archbishop Corporation. Specifically,
28  as demonstrated by Defendants' Requests for Judicial Notice, the Archbishop Corporation "operates

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS     3.     Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 5 of 11

and maintains Archdiocesan high schools," which includes Junipero Serra High School. (*See* Defendants' Request for Judicial Notice In Support Of Reply to Federal Rule Of Civil Procedure 12(B)(6) Motion To Dismiss Plaintiff's First, Third, Fifth, and Sixth Causes of Action [herein after "RJN 2"] ¶ 1 at Exh. A [pp. 6, 10])[3]. *See Sprewell*, 266 F.3d at 988 ("Court need not accept [ ] as true allegations that contradict matters properly subject to judicial notice"); *Butler*, 617 F. Supp. 2d at 999 (same). The Collective Bargaining Agreement governing Plaintiff's employment is between the Archbishop Corporation and the San Francisco Archdiocesan Federation of Teachers, reflecting that the Archbishop Corporation is Plaintiff's employer. (*Id.*) Additionally, the financial statements of the Roman Catholic Archdiocese of San Francisco reflect that Junipero Serra High School is a part of the Archbishop Corporation. For instance, the financial statements indicates that the Archbishop Corporation operates "parishes, schools and other Archdiocesan institutions," (p. 37), specifically lists Junipero Serra High School as one of those schools (p. 44), and finds that a significant portion of the Roman Catholic Archdiocese of San Francisco's revenue is derived from the schools (p. 37). (Defendants' Request for Judicial Notice In Support Of Their Federal Rule Of Civil Procedure 12(B)(6) Motion To Dismiss Plaintiff's First, Third, Fifth, and Sixth Causes of Action [herein after "RJN 1"], Doc. No. 9., ¶ 2, at Exh. B.)

As shown above, Junipero Serra High School is a part of the Archbishop Corporation. Accordingly, the Archbishop Corporation is Plaintiff's employer. Plaintiff does not dispute that the Archbishop Corporation is a nonprofit religious corporation. Further, Plaintiff does not dispute that as a nonprofit religious corporation, the Archbishop Corporation is exempt from FEHA. Accordingly, Plaintiff's FEHA claims against all of the defendants should be dismissed with prejudice.

---

[3] When a party presents new evidence in a reply brief, a court may consider these matters and give the adverse party an opportunity to respond. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 (C.D. Dist. 2007); *Gt Nexus v. Inttra, Inc.*, 2014 U.S. Dist. LEXIS 93469 (N.D. Cal. 2014); *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-1041 (9th Cir. 2003); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Here, Plaintiff has the opportunity to respond at the hearing for this Motion and as such, the Court should consider Defendants' Request for Judicial Notice filed concurrently with this Reply.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS   4.   Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 6 of 11

## 2. Government Code Section 12926.2(f) Does Not Apply Because Junipero Serra High School Is Not A Nonprofit Public Benefit Corporation.

Plaintiff's argument that Junipero Serra High School falls under California Government Code section 12926.2(f) is misplaced. The Archbishop Corporation (and by extension Junipero Serra High School) is a nonprofit religious corporation, and therefore, section 12926.2(f) does not apply.

Contrary to Plaintiff's claim, section 12926.2(f) was not enacted because "the Legislature intended to rein in the seemingly unfettered breadth of the FEHA's religious exemption as applied to hospitals and schools." (Opposition, 11:13-16.) Section 12926.2(f) provides:

> (1) Notwithstanding any other provision of law, a ***nonprofit public benefit corporation*** formed by, or affiliated with, a particular religion and that operates an ***educational institution as its sole or primary activity***, may restrict employment, including promotion, in any or all employment categories to individuals of a particular religion.
>
> (2) Notwithstanding paragraph (1) or any other provision of law, employers that are ***nonprofit public benefit corporations*** specified in paragraph (1) shall be subject to the provisions of this part in all other respects, including, but not limited to, the prohibitions against discrimination made unlawful employment practices by this part.

Conversely, Government Code section 12926(d) defines the term "employer" to "not include a ***religious association or corporation not organized for private profit***." (emphasis added). "Nonprofit public benefit corporations" are distinctly different from "nonprofit religious corporations." For instance, nonprofit public benefit corporations may be formed "for any public or charitable purposes" (Cal. Corp. Code § 5111), while nonprofit religious corporations may only be formed "primarily or exclusively for any religious purposes" (Cal. Corp. Code § 9111). *See also* Cal. Corp. Code § 5110 *et seq.* (laws governing "nonprofit public benefit corporations") *compare* Cal. Corp. Code § 9110 *et seq.* (laws governing "nonprofit religious corporations").

In *Henry v. Red Hill Evangelical Lutheran Church of Tustin,* 201 Cal. App. 4th 1041 (2011), a California court specifically rejected the plaintiff's contention that a religious school, which was operated by a religious organization, was not exempt from FEHA, reasoning as follows:

> Henry's argument that the church is subject to the FEHA under section 12926.2, subdivision (f) is unavailing. That subdivision permits a "nonprofit public benefit corporation formed by, or affiliated with, a

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS   5.   Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 7 of 11

> particular religion and that operates an educational institution as its sole or primary activity" to restrict employment to individuals of a particular religion (§ 12926.2, subd. (f)(1)), but otherwise makes such nonprofit public benefit corporations subject to "the prohibitions against discrimination made unlawful employment practices by this part." (§ 12926.2, subd. (f)(2).) **Henry points to no evidence indicating the school operated by the church as part of its ministry is a nonprofit public benefit corporation. (See Corp. Code, § 5110 et seq. [the Nonprofit Public Benefit Corporation Law].) To the contrary, the school has no independent legal status apart from the church.** As stated above, section 12926, subdivision (d) expressly excludes religious corporations not organized for profit from the act's definition of employer and the church is just such a religious corporation. [...] Accordingly, the trial court properly found for the church on the FEHA cause of action.

*Id.* 1049-50. (citations omitted) (emphasis added). The same rationale applies here. Plaintiff's Complaint does not allege that Junipero Serra High School (or any of the other defendants) is a "nonprofit public benefit corporation" pursuant to the California Corporations Code. To the contrary, Defendants are all legally organized as nonprofit religious corporations. (*See* RJN 1 ¶¶ 1-5, Exhs. A-E.) Further, as explained above, Junipero Serra High School has no independent legal status apart from the Archbishop Corporation. Moreover, taking the allegations in Plaintiff's own Complaint as true, all Defendants "are an integrated enterprise and a 'single employer' of Plaintiff for the purposes of this action" and such "entities have overlapping ownership and management and centralized control of operation." (Complaint, ¶ 9.) Accordingly, all Defendants are not "employers" subject to the FEHA, and Plaintiffs' first and third causes of action must be dismissed with prejudice.

### D. Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Are Barred By The Exclusive Remedy Provisions of The California Workers' Compensation Act.

Plaintiff's intentional and negligent infliction of emotional distress claims are barred by the California Workers' Compensation Act's ("WCA") exclusive remedy provision. Plaintiff's claims are all based on allegations that Defendants failed to adequately investigate and remedy student conduct. (*See* Complaint ¶¶ 13, 15-16, 19, 21-23.) Plaintiff's reliance on *Accardi v. Superior Court*, is misplaced because in *Accardi*, the plaintiff alleged she was harassed by her co-workers, and that her superiors ratified the actions and <u>affirmatively</u> participated in the harassment. 17 Cal. App. 4th 341, 346 (1993). (Opposition, 13:15-23.) Here, the crux of Plaintiff's claims

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS 6. Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 8 of 11

against Defendants is that after she was harassed by students (who are undisputedly not Defendants' employees), *Defendants failed to adequately investigate and take corrective action*. Defendants' investigation and actions surrounding Plaintiff's allegations are "a normal part of the employment relationship," that is subject to the exclusive remedy provisions of the WCA. *Cole v. Fair Oaks Fire Protect. Dist.*, 43 Cal. 3d 148, 159-60 (1987) ("Since awareness of the danger by the employer is not a basis for liability for damages, it follows that reckless disregard of the probability of injury should not warrant exemption from the exclusive remedy provisions of the [WCA].") Indeed, investigations of workplace misconduct are a normal part of the employment relationship. *See, e.g., Charles J. Vacanti, M.D. Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 821 (2001) (reasonable attempts to investigate is a normal part of the employment relationship and "cannot give rise to a court action against the employer"); *Miniace v. Pacific Mar. Ass'n*, 424 F. Supp. 2d 1168 (N.D. Cal. 2006) (finding the plaintiff's claims are preempted by the WCA because the plaintiff's complaints about the employer's "biased investigation" resulting in his termination was intricately intertwined with workplace practice).

### E. Plaintiff's Fifth Cause of Action For Intentional Infliction of Emotional Distress Fails Because Plaintiff Has Failed To Plead Sufficient Allegations For Each Element of Her Claim.

Liability for a claim for intentional infliction of emotional distress extends "only to conduct extreme and outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493, 499, n.5 (1970). A complaint that fails to allege such conduct against a defendant fails and must be dismissed. *See Fisher v. San Pedro Hosp.,* 214 Cal. App. 3d 590 (1989) (granting demurrer on intentional infliction of emotional distress claim where acts pled failed to "[e]vidence behavior beyond the bounds of decency").

Here, Plaintiff's Opposition does not dispute that Defendants were *not* the perpetrators of the alleged underlying harassment. (Complaint, ¶¶ 13, 15-16, 21.) Instead, Plaintiff attempts to point to allegations in the Complaint to arguably support her claim that Defendants engaged in intentional conduct *after* the alleged wrongdoing occurred that happened to cause her distress. (Opposition, 14:2-21.) However, even if the allegations were true (which they are not),

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS   7.   Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 9 of 11

1  they do not amount to anything more than her employer conducting and/or participating in the
2  workplace investigation about the wrongdoing; as such, the allegations are insufficient as a matter of
3  law to support a cause of action for intentional infliction of emotional distress. *Janken v. GM*
4  *Hughes Elec.*, 46 Cal. App. 4th 55, 80 (1996) ("A simple pleading of personnel management activity
5  is insufficient to support a claim of intentional infliction of emotional distress, even if improper
6  motivation is alleged.")

7  Further, Plaintiff has not sufficiently pled that these specific alleged actions were
8  taken with the intent to cause her severe emotional distress. *See Christensen v. Superior Court*, 54
9  Cal.3d 868, 903 (1991) ("It is not enough that the conduct be intentional and outrageous. It must be
10 conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is
11 aware"); *Cole*, 43 Cal. 3d at 159 (*citing Johns-Manville Products Corp. v. Superior Court*, 27 Cal.3d
12 465, 474 (1980)) ("To permit liability where the employer did not specifically intend to cause
13 distress but his misconduct reflected a reckless disregard of the probability of injury would be
14 contrary to" the exclusive remedy provisions of the WCA.)  In the Complaint, Plaintiff does not
15 specify what conduct were taken against her with the intention to cause her severe emotional
16 distress.[4] (Complaint, ¶ 45.)  Accordingly, Plaintiff's intentional infliction of emotional distress
17 must be dismissed.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

[4] For the same reasons, Plaintiff's negligent infliction of emotional distress claim must also fail because Plaintiff did not specifically plead what conduct allegedly engaged by Defendants negligently caused her emotional distress.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS     8.     Case No. 3:14-cv-02854-WHO

Case: 25-03021   Doc# 164-11   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 10 of 11

## III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss in its entirety, dismissing with prejudice Plaintiff's first, third, fifth, and sixth causes of action.

DATED:  July 14, 2014

/s/ Michelle R. Barrett
MICHELLE R. BARRETT
LITTLER MENDELSON, P.C.

Attorneys for Defendants
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A Corporation Sole(erroneously sued as "The Archdiocese of San Francisco," "Junipero Serra High School," and "The Roman Catholic Archbishop of San Francisco") THE ARCHDIOCESE OF SAN FRANCISCO PARISH, SCHOOL AND CEMETERY JURIDIC PERSONS CAPITAL ASSETS SUPPORT CORPORATION, A California Nonprofit Religious Corporation (erroneously sued as "The Archdiocese of San Francisco Parish, School And Cemetery Juridic Persons Capital Assets Support Corporation"), and THE ARCHDIOCESE OF SAN FRANCISCO PARISH AND SCHOOL JURIDIC PERSONS REAL PROPERTY SUPPORT CORPORATION, A California Nonprofit Religious Corporation (erroneously sued as "The Archdiocese of San Francisco Parish And School Juridic Persons Real Property Support Corporation")

Firmwide:127858877.3 024521.1033

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' REPLY TO MOTION TO DISMISS         9.         Case No. 3:14-cv-02854-WHO

Case: 25-03021    Doc# 164-11    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 11 of 11