**RJN 14-1**

DEBORAH KOCHAN (S.B. #152089)
dkochan@kochanstephenson.net
MATHEW STEPHENSON (S.B. #154330)
mstephenson@kochanstephenson.net
**KOCHAN & STEPHENSON**
1680 Shattuck Avenue
Berkeley, CA 94709
Telephone: (510) 649-1130
Facsimile: (510) 649-1131

Attorneys for Plaintiff
**MATTHEW GALLEGOS**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW GALLEGOS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; and DOES 1 through 5,<br><br>　　　　　Defendants. | Case No. 3:16-cv-01588 LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR RETALIATION IN VIOLATION OF TITLE VII AND DEMAND FOR JURY TRIAL** |

## THE PARTIES

1. Plaintiff MATTHEW GALLEGOS (hereafter "Mr. Gallegos" or "Plaintiff") is an adult man.

2. Defendant the Roman Catholic Archbishop of San Francisco, A Corporation Sole (hereafter "SF Archbishop"), is an employer subject to suit under Title VII of the Civil Rights Act of 1964 (hereafter "Title VII").

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 5 and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and

capacities when ascertained. Each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## JURISDICTION

4. This case is brought pursuant to Title VII of the Civil Rights Act of 1964.
5. Plaintiff has met his administrative requirements under Title VII.

## INTRADISTRICT ASSIGNMENT

6. The events giving rise to this litigation occurred in the City and County of San Francisco.

## GENERAL ALLEGATIONS

7. Mr. Gallegos began working in the position of Library Director at Archbishop Riordan High School in approximately August 2012. In approximately September of 2013 Mr. Gallegos opposed his supervisor, the Principal of Archbishop Riordan High School, Vittorio Anastasio, when Anastasio showed him a pornographic image stored on Anastasio's smart phone. Mr. Gallegos told him that his conduct was inappropriate, particularly in light of his leadership position in a Catholic school. Thereafter, Anastasio began subjecting Mr. Gallegos to retaliation including, but not limited to, demoting him from his position of Library Director.

8. During the summer of 2014, after Mr. Gallegos learned that Anastasio continued to show not just pornographic images of adults to others at the school but images of minors as well, and that Anastasio refused to take action against a male teacher who was sharing naked images of a female teacher, Mr. Gallegos, along with other school employees, made a formal complaint to Maureen Huntington, the Superintendent of Schools for the SF Archbishop. In connection with his complaint

that Anastasio's conduct was creating a hostile environment and was violative of the school's policies and code of conduct, including its "Shield the Vulnerable" policy, Mr. Gallegos also complained that Anastasio was subjecting him to retaliation.

9. In late 2014 the SF Archbishop conducted a sham investigation of Mr. Gallegos' allegations (and similar allegations by other teachers and staff) and not only failed to properly investigate in order to learn the full scope and impact of the conduct about which Mr. Gallegos and others were complaining, it also engaged in a cover up of information that was supportive of the allegations against Anastasio.

10. Thereafter, in connection with a lawsuit filed by Kimberly Bohnert against the SF Archbishop (Case No. 14-cv-02854-WHO) discovery revealed that the Archbishop had notice of a long history of sexually harassing conduct at Archbishop Riordan High School. Among the evidence adduced in Ms. Bohnert's case was the fact that "the harassment has been perpetrated by students, teachers and high level administrators. Yet the Archdiocese has taken little to no action to remediate." Further, included in the evidence cited by Ms. Bohnert in her August 2015 publicly filed opposition to the SF Archbishop's motion for summary judgment was the complaint that Mr. Gallegos and others made about Anastasio and the sham investigation that followed. Specifically, in her August 2015 filings Ms. Bohnert referenced the following facts with citations to supporting evidence:

> "In July 2014 there were complaints from multiple teachers and administrators that a Riordan administrator had shown them pornographic pictures, including one of a current student, and then retaliated against them when they expressed their concerns. . . . An 'outside' investigator was ultimately engaged to investigate the complaints. The 'investigator' lived in Louisiana, was a retired Archdiocese employee who knew and/or had previously worked with the Riordan administrators and faculty she was assigned to investigate. She openly proclaimed her admiration for Riordan, conducted her 'investigation' via telephone from her home, and predictably found no evidence of 'illegal or immoral conduct.'"

11.  In its September 2015 ruling on the SF Archbishop's dispositive motion in the *Bohnert* litigation, the Court found triable issues of fact as to the SF Archbishop's failings, including whether the Archdiocese failed to follow standard practices and its own policies and procedures with respect to investigating harassment allegations.  Despite the above referenced evidence that was adduced during the pendency of the *Bohnert* case and the Court's ruling on that evidence, the SF Archbishop took no action to reinvestigate Mr. Gallegos' complaints, not even after Mr. Gallegos continued to formally complain that Anastasio was subjecting him to ongoing retaliation.  Even when Mr. Gallegos asked the Superintendent of Schools, Maureen Huntington, to assist him in facilitating his transfer to another of the SF Archbishops' schools so that he could escape the retaliation to which he was being subjected at Riordan, Huntington refused.

12.  In conducting a sham investigation in the first instance, and then refusing to investigate Mr. Gallegos' subsequent complaints even after having been provided notice via the *Bohnert* litigation that the investigation it had conducted was bogus, the SF Archbishop not only failed to take prompt and effective remedial action designed to end the conduct, it emboldened Anastasio and his agents such that the retaliation against Mr. Gallegos escalated and continues to this day.  Said retaliation includes, but is not limited to, demoting Mr. Gallegos from the job for which he was hired, hyper scrutinizing his work, not providing him the support necessary to do his job, and ostracizing and publically denigrating him to his peers. Further, in July 2015, after the SF Archbishop's sham investigation, Anastasio filed a complaint in San Francisco Superior Court alleging that in reporting Anastasio's conduct Gallegos had defamed him.  Although Anastasio has since dropped that lawsuit, its intent was clear: to intimidate Mr. Gallegos into sacrificing his right and foregoing his obligation to bring Anastasio's improper conduct to light.  This is the very essence of retaliation.

## FIRST CAUSE OF ACTION:
### RETALIATION IN VIOLATION OF TITLE VII

13. Mr. Gallegos hereby realleges paragraphs 1 through 12.

14. Defendants' conduct described above constitutes violations of Title VII in that Mr. Gallegos was subjected to retaliation.

15. As a proximate result of the retaliation, as alleged above, Mr. Gallegos has been harmed in that he has suffered the loss of wages, benefits, and additional amounts of money he would have received if he had not been subject to said retaliation. As a result of such retaliation and consequent harm, Mr. Gallegos has suffered damages in an amount according to proof.

16. As a further proximate result of the retaliation, as alleged above, Mr. Gallegos has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress. As a result of such retaliation and consequent harm, Mr. Gallegos has suffered damages in an amount according to proof.

17. The above-cited actions of Defendants in subjecting Mr. Gallegos to retaliation were done with malice, fraud and/or oppression, and in reckless disregard of his rights under Title VII. Specifically, Defendants engaged in the intentional conduct alleged above and/or ratified said intentional conduct.

///

///

WHEREFORE, Plaintiff prays for judgment as follows:

1. For back pay, front pay, and other monetary relief according to proof;
2. For general damages according to proof;
3. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;
4. For injunctive relief;
5. For interest on the sum of damages awarded according to proof;
6. For reasonable attorney's fees and costs, including expert witness fees, pursuant to any and all such authority as is proper;
7. For costs of suit herein incurred; and
8. For such other and further relief as the court deems proper.

Dated: June 9, 2016               KOCHAN & STEPHENSON

/s/ Deborah Kochan
_____
Deborah Kochan
Attorneys for Plaintiff

6

Gallegos Complaint                                           Case No. 3:16-cv-01588 LB
03-08 Gallegos Amended Complaint
Case: 25-03021   Doc# 164-14   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 7 of 17

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial for each and every claim for which he has a right to a jury trial.

Dated: June 9, 2016

KOCHAN & STEPHENSON

/s/ Deborah Kochan
_____
Deborah Kochan
Attorneys for Plaintiff

7

Gallegos Complaint                     Case No. 3:16-cv-01588 LB
03-08 Gallegos Amended Complaint
Case: 25-03021    Doc# 164-14    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 8 of 17

**RJN 14-2**

Lisa Barnett Sween (State Bar No. 191155)
Stephanie Yang (State Bar No. 280006)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mails: lisa.sween@jacksonlewis.com
 stephanie.yang@jacksonlewis.com

Attorneys for Defendants
THE ROMAN CATHOLIC ARCHBISHOP OF
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; and DOES 1 through 5,<br><br>    Defendants. | Case No. 3:16-CV-01588 LB<br><br>**DEFENDANT ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: March 31, 2016 |

Defendant the Roman Catholic Archbishop of San Francisco, a Corporation Sole ("Defendant" or "ASF") hereby answers the unverified Complaint filed by Plaintiff Mathew Gallegos ("Plaintiff") as follows:

## GENERAL DENIAL

Defendant responds to Plaintiff's First Amended Complaint (the "Complaint") pursuant to Rule 12 of the Federal Rules of Civil Procedure and generally and specifically denies each and every allegation set forth in the Complaint, except as otherwise set forth below. Defendant further denies that Plaintiff is entitled to any of the relief requested, that Defendant is guilty of any wrongful conduct or omission, whether alleged or otherwise, and that any conduct or omission of Defendant, its employees or agents caused any injury or damage to Plaintiff in the amount alleged, an amount to be alleged, or otherwise.

## PARTIES

1. Defendant admits that Plaintiff is an adult man.

2. Defendant admits that it is Plaintiff's employer. The remainder of Paragraph 2 of the Complaint consists of legal conclusions to which no denial or admission is required.

3. Defendant lacks information as to any alleged "Doe Defendants." On that basis, Defendant denies Paragraph 3 of the COMPLAINT.

## JURISDICTION

4. Paragraph 4 of the Complaint consists of legal conclusions to which no denial or admission is required.

5. Paragraph 5 of the Complaint contains legal conclusions to which no denial or admission is required.

6. Paragraph 6 of the Complaint contains legal conclusions to which no denial or admission is required.

## GENERAL ALLEGATIONS

7. Defendant admits that Plaintiff began working as Library Director at Riordan High School in approximately August 2012. Upon information and belief, Defendant denies that Plaintiff was shown a pornographic image by Principal Anastasio. Defendant denies the remainder of Paragraph 7 of the Complaint.

8. Upon information and belief, Defendant denies that Principal Anastasio showed pornographic images of adults or minors. Upon information and belief, Defendant denies that another male teacher shared naked images of a female teacher, and thereby denies that Principal Anastasio refused to take any action against a male teacher. Defendant admits that Mr. Gallegos complained to former Superintendent Maureen Huntington. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remainder of Paragraph 8.

9. Defendant denies that it conducted a "sham investigation." Defendant denies the remainder of Paragraph 9.

10. Paragraph 10 contains legal conclusions and recitations of testimony from an

unrelated prior litigation against ASF, to which no admission or denial is required. To the extent a response is required, Defendant denies Paragraph 10 of the Complaint.

11. Upon information and belief, Defendant denies that Superintendent Huntington refused to assist Plaintiff or that it failed to properly investigate Plaintiff's complaints. The remainder of Paragraph 11 of the Complaint contains legal conclusions and/or recitations of alleged findings from an unrelated prior litigation against ASF, to which no admission or denial is required. To the extent a response is required, Defendant denies the remainder of Paragraph 11.

12. Upon information and belief, Defendant denies that it conducted a "sham investigation," or that it refused or failed to investigate Gallegos' complaint. Defendant denies that Plaintiff was demoted; that he has been subjected to any adverse employment action or "hyper scrutiny"; that it has not provided him the support necessary to do his job; or that it has ostracized or publically denigrated him to his peers. Defendant admits that Principal Anastasio initiated a defamation lawsuit against Plaintiff in Anastasio's personal capacity. Defendant denies the remainder of Paragraph 12 of the Complaint.

## FIRST CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF TITLE VII

13. Defendant hereby incorporates the above-referenced paragraphs 1-12.

14. Paragraph 14 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

15. Paragraph 15 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

16. Paragraph 16 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

17. Paragraph 17 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

## PRAYER (Paragraphs 1-8)

Defendant denies that Plaintiff is entitled to any of the alleged "damages" set forth in

Paragraphs 1 to 8 of the "Prayer" section of the Complaint.

**AFFIRMATIVE DEFENSES**

Without waiving the right to assert that Plaintiff bears the burden of proof, as separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant asserts as follows:

**FIRST AFFIRMATIVE DEFENSE**

*Failure to State a Cause of Action*

Plaintiff has failed to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendant. For example, Plaintiff has not specified with any particularity that he has suffered any adverse employment action, or that any alleged adverse employment action was motivated or substantially motivated by his participation in protected activity.

**SECOND AFFIRMATIVE DEFENSE**

*Statutes of Limitations*

The causes of action in Plaintiff's Complaint are barred in whole or in part, to the extent the applicable statutes of limitation have run.

**THIRD AFFIRMATIVE DEFENSE**

*Legitimate Business Purpose*

Employment actions, if any, taken against Plaintiff were the result of Plaintiff's own misconduct and/or performance failures and thus were taken for legitimate business purposes and were based on reasonable business judgment.

**FOURTH AFFIRMATIVE DEFENSE**

*Privilege*

The conduct set forth in the Complaint was, to the extent it occurred, privileged and/or justified.

**FIFTH AFFIRMATIVE DEFENSE**

*Offset*

Any award of benefits to Plaintiff should be offset by any other earnings, benefits, awards

and/or income received by Plaintiff, including but not limited to any unintentional overpayment of wages and/or settlement monies, etc.

### SIXTH AFFIRMATIVE DEFENSE

*Exhaustion of Administrative and Pre-Suit Contractual Remedies*

Each cause of action alleged in Complaint is barred to the extent the claims rely on allegations which were not contained in a timely complaint filed with the Equal Employment Opportunity Commission, or to the extent any such complaint was not properly grieved through the governing Collecting Bargaining Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

*Failure to Mitigate*

To the extent Plaintiff has failed to mitigate and minimize the alleged damages which Plaintiff contends he suffered, any recovery is barred or limited and restricted by his failure to mitigate or take reasonable steps necessary to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

*Workers' Compensation Exclusivity*

Plaintiff's claims for alleged mental, emotional, or physical distress are barred to the extent any such claims are subject to the exclusive provisions of the California Workers' Compensation Act, California Labor Code § 3200 *et. seq.*

### NINTH AFFIRMATIVE DEFENSE

*Laches*

To the extent Plaintiff unreasonably delayed in bringing this action against Defendant, this action is barred by laches.

### TENTH AFFIRMATIVE DEFENSE

*ERISA Preemption*

To the extent Plaintiff seeks compensation for alleged benefits, Plaintiff's claims for deprivation of benefits is preempted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1441(a) *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

*Failure to Take Reasonable Steps To Avoid Harm*

At all times relevant herein, Defendant maintained an internal complaint procedure whereby Plaintiff could have sought relief for the alleged conduct complained of. Plaintiff's claims are barred to the extent Plaintiff failed to take advantage of that remedy and/or to otherwise take reasonable steps to avoid harm.

### TWELFTH AFFIRMATIVE DEFENSE

*Defendant's Exercise of Reasonable Care*

Defendant exercised reasonable care to promptly address Plaintiff's workplace complaint(s) pursuant to Defendant's internal complaint procedures. To the extent Plaintiff failed to take advantage of the available remedies provided through Defendant's internal complaint procedures, Plaintiff's claims fail.

### THIRTEENTH AFFIRMATIVE DEFENSE

*Preexisting Conditions*

To the extent Plaintiff suffers, or has suffered, any symptoms of mental and/or emotional distress or mental or physical injury, which are the result of a pre-existing disorder or alternative concurrent cause, Defendant is not responsible for any such alleged injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

*Unclean Hands*

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

*Waiver/Estoppel*

Plaintiff has waived and is estopped and barred from alleging the matters set forth in Plaintiff's Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

*After Acquired Evidence*

To the extent discovery may disclose information which could serve as a basis for employment actions against Plaintiff, Plaintiff is barred from recovery by the after-acquired

evidence doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*At-Will Employment*

Any recovery on Plaintiff's First Amended Complaint, or any purported cause of action alleged therein, is barred to the extent Plaintiff's employment is for an unspecified duration and therefore, pursuant to Labor Code § 2922, the terms of the employment may be changed at-will based on business needs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

*No Compensation Owed*

Any recovery on Plaintiff's Complaint, whether contractual or otherwise, which Plaintiff claims is owed to him, has been fully performed, satisfied, or discharged.

## NINETEENTH AFFIRMATIVE DEFENSE

*Ministerial Exemption*

As a teacher at a Catholic high school, Plaintiff's job duties consist of a primarily ministerial role. Accordingly, Plaintiff's Title VII claim will fail under the ministerial exemption. See *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 132 S. Ct. 964, 707-710 (2012).

## TWENTIETH AFFIRMATIVE DEFENSE

*Reservation of Further Defenses*

Due to the conclusory manner in which Plaintiff asserted his allegations in the Complaint, Defendant presently has insufficient knowledge or information on which to form a belief as to whether there are additional defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## OTHER DEFENSES

## CLAIMS FOR PUNITIVE DAMAGES

## TWENTY-FIRST DEFENSE

*Failure to State Claim for Punitive Damages*

Plaintiff has failed to state facts sufficient to constitute a claim for punitive damages, as

Defendant did not act intentionally, maliciously, fraudulently, or recklessly. Defendant acted reasonably and based on legitimate business reasons.

### TWENTY-SECOND DEFENSE

*Due Process/Constitutional Bar to Punitive Damages*

To the extent the alleged punitive damages are excessive, Plaintiff's claims for punitive damages are unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE Defendant prays:

1. That Plaintiff's First Amended Complaint be dismissed in its entirety, with prejudice;
2. That Plaintiff take nothing by the First Amended Complaint;
3. That Defendant be awarded its costs of suit and, to the extent permitted by statute, attorneys' fees; and
4. That Defendant be granted such other and further relief as this Court may deem appropriate.

Dated: June 27, 2016            JACKSON LEWIS P.C.

By:    */s/Stephanie Yang*
Lisa Barnett Sween
Stephanie T. Yang
Attorneys for Defendant
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO

4818-2071-6848, v. 1