**RJN 15-1**

DEBORAH KOCHAN (S.B. #152089)
dkochan@kochanstephenson.net
MATHEW STEPHENSON (S.B. #154330)
mstephenson@kochanstephenson.net
**KOCHAN & STEPHENSON**
1680 Shattuck Avenue
Berkeley, CA  94709
Telephone: (510) 649-1130
Facsimile: (510) 649-1131

Attorneys for Plaintiffs
**FRANK OROSS and WILLIAM WATTERS**

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK OROSS and WILLIAM WATTERS,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; and DOES 1 through 5,<br>　　　　　Defendants. | Case No. 3:16-cv-02489 LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR RETALIATION IN VIOLATION OF TITLE VII AND DEMAND FOR JURY TRIAL** |

## THE PARTIES

1. Plaintiffs FRANK OROSS (hereafter "Mr. Oross" or "Plaintiff") and WILLIAM WATTERS (hereafter "Mr. Watters" or "Plaintiff") are adult men.

2. Defendant the Roman Catholic Archbishop of San Francisco, A Corporation Sole (hereafter "SF Archbishop"), is an employer subject to suit under Title VII of the Civil Rights Act of 1964 (hereafter "Title VII").

3. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 5 and therefore sues these defendants by such

fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by the aforementioned defendants.

## JURISDICTION

4. This case is brought pursuant to Title VII of the Civil Rights Act of 1964.

5. Plaintiffs have met their administrative requirements under Title VII.

## INTRADISTRICT ASSIGNMENT

6. The events giving rise to this litigation occurred in the City and County of San Francisco.

## GENERAL ALLEGATIONS

7. Mr. Oross, a long-time employee for the SF Archbishop at Archbishop Riordan High School, engaged in protected activities when he opposed his supervisor, the Principal of Archbishop Riordan High School, Vittorio Anastasio, in both 2013 and 2014 because Anastasio was displaying pornographic images of adults and minors and was also refusing to take action in response to complaints about others doing the same and was instead trying to cover it up. Anastasio thereafter began subjecting Mr. Oross to retaliation including, but not limited to, taking away his job responsibilities. Mr. Oross engaged in further protected activities in the summer of 2014 when he made a formal complaint to Maureen Huntington, the Superintendent of Schools for the Archdiocese of San Francisco. In connection with his complaint about Anastasio's conduct Mr. Oross also complained to Huntington that Anastasio was subjecting him to retaliation.

8. Mr. Watters, a long-time employee for the SF Archbishop at Archbishop Riordan High School, engaged in protected activities when he opposed his supervisor, the Principal of Archbishop Riordan High School, Vittorio Anastasio, in both 2013 and 2014, because Anastasio was displaying pornographic images of adults and minors and was also refusing to take action in response to complaints about others doing the same and was instead trying to cover it up. Anastasio thereafter began subjecting Mr. Watters to retaliation including, but not limited to, taking away job responsibilities. Mr. Watters engaged in further protected activities when in the summer of 2014 he made a formal complaint to Maureen Huntington, the Superintendent of Schools for the Archdiocese of San Francisco. In connection with his complaint to Huntington about Anastasio's conduct Mr. Watters also complained that Anastasio was subjecting him to retaliation.

9. In late 2014 the SF Archbishop conducted a sham investigation of Messrs. Oross and Watters' allegations (as well as similar allegations made by Plaintiff Matthew Gallegos and other teachers and staff), and not only failed to properly investigate in order to learn the full scope and impact of the conduct about which Messrs. Oross, Watters, and others were complaining, it also engaged in a cover up of information that was supportive of the allegations against Anastasio.

10. Thereafter, in connection with a lawsuit filed by Kimberly Bohnert against the SF Archbishop (Case No. 14-cv-02854-WHO), discovery revealed that the Archbishop had notice of a long history of sexually harassing conduct at Archbishop Riordan High School. Among the evidence adduced in Ms. Bohnert's case was the fact that "the harassment has been perpetrated by students, teachers and high level administrators. Yet the Archdiocese has taken little to no action to remediate." Further, included in the evidence cited by Ms. Bohnert in her August 2015 publicly filed opposition to the SF Archbishop's motion for summary judgment was the complaint that Messrs. Oross and Watters and others made about Anastasio and

the sham investigation that followed. Specifically, in her August 2015 filings Ms. Bohnert referenced the following facts with citations to supporting evidence:

> "In July 2014 there were complaints from multiple teachers and administrators that a Riordan administrator had shown them pornographic pictures, including one of a current student, and then retaliated against them when they expressed their concerns. . . . An 'outside' investigator was ultimately engaged to investigate the complaints. The 'investigator' lived in Louisiana, was a retired Archdiocese employee who knew and/or had previously worked with the Riordan administrators and faculty she was assigned to investigate. She openly proclaimed her admiration for Riordan, conducted her 'investigation' via telephone from her home, and predictably found no evidence of 'illegal or immoral conduct.'"

11. In its September 2015 ruling on the SF Archbishop's dispositive motion in the *Bohnert* litigation, the Court found triable issues of fact as to the SF Archbishop's failings, including whether the Archdiocese failed to follow standard practices and its own policies and procedures with respect to investigating harassment allegations. Despite the above referenced evidence that was adduced during the pendency of the *Bohnert* case and the Court's ruling on that evidence, the SF Archbishop took no action to reinvestigate Messrs. Oross and Watters' complaints, not even after Oross, Watters and others continued to formally complain that Anastasio was subjecting them to ongoing retaliation.

12. In conducting a sham investigation in the first instance, and then refusing to investigate Messrs. Oross and Watters' subsequent complaints even after having been provided notice via the *Bohnert* litigation that the investigation it had conducted was bogus, the SF Archbishop not only failed to take prompt and effective remedial action designed to end the conduct, it emboldened Anastasio and his agents such that the retaliation against Messrs. Oross and Watters escalated and continues to this day. Said retaliation includes, but is not limited to, further stripping Mr. Oross of his job responsibilities, reducing his hours, and

hyperscrutinizing his work.  For Mr. Watters the retaliation has included denying him the support necessary to do his job and hyperscrutinizing his work.  Further, in July 2015, after the SF Archbishop's sham investigation, Anastasio filed a complaint in San Francisco Superior Court alleging that in reporting Anastasio's conduct Mr. Oross and Mr. Watters had defamed him.  Although Anastasio has since dropped that lawsuit, its intent was clear: to intimidate Messrs. Oross and Watters into sacrificing their rights and foregoing their obligation to bring Anastasio's improper conduct to light.  This is the very essence of retaliation.

## FIRST CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF TITLE VII

13.  Plaintiffs hereby reallege paragraphs 1 through 12.

14.  Defendants' conduct described above constitutes violations of Title VII in that Plaintiffs were subjected to retaliation.

15.  As a proximate result of the retaliation, as alleged above, Plaintiffs have been harmed in that they have suffered the loss of wages, benefits, and additional amounts of money they would have received if they had not been subject to said retaliation.  As a result of such retaliation and consequent harm, Plaintiffs have suffered damages in an amount according to proof.

16.  As a further proximate result of the retaliation, as alleged above, Plaintiffs have been harmed in that they have suffered humiliation, mental anguish, and emotional and physical distress.  As a result of such retaliation and consequent harm, Plaintiffs have suffered damages in an amount according to proof.

17.  The above-cited actions of Defendants in subjecting Mr. Oross and Mr. Watters to retaliation was done with malice, fraud and/or oppression, and in reckless disregard of Plaintiffs' rights under Title VII.  Specifically, Defendants engaged in the intentional conduct alleged above and/or ratified said intentional conduct.

5

Oross/Watters Amended Complaint                                   Case No. 3:16-cv-02489 LB

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For back pay, front pay, and other monetary relief according to proof;
2. For general damages according to proof;
3. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;
4. For injunctive relief;
5. For interest on the sum of damages awarded according to proof;
6. For reasonable attorney's fees and costs, including expert witness fees, pursuant to any and all such authority as is proper;
7. For costs of suit herein incurred; and
8. For such other and further relief as the court deems proper.

Dated: June 9, 2016				KOCHAN & STEPHENSON

						/s/ Deborah Kochan
						_____
						Deborah Kochan
						Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

1  Plaintiffs hereby demand a trial for each and every claim for which they have a right to a jury trial.

Dated: June 9, 2016                         KOCHAN & STEPHENSON

/s/ Deborah Kochan

———————————————
Deborah Kochan
Attorneys for Plaintiff

**RJN 15-2**

Lisa Barnett Sween (State Bar No. 191155)
Stephanie Yang (State Bar No. 280006)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California  94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mails:  lisa.sween@jacksonlewis.com
          stephanie.yang@jacksonlewis.com

Attorneys for Defendants
THE ROMAN CATHOLIC ARCHBISHOP OF
SAN FRANCISCO, A Corporation Sole

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK OROSS and WILLIAM WATTERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; and DOES 1 through 5,<br><br>Defendants. | Case No.  3:16-CV-02489 LB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: May 9, 2016<br>Trial Date:  None Set |

Defendant the Roman Catholic Archbishop of San Francisco, a Corporation Sole ("Defendant" or "ASF") hereby answers the unverified Complaint filed by Plaintiffs Frank Oross and William Watters ("Plaintiffs") as follows:

## GENERAL DENIAL

Defendant responds to Plaintiffs' First Amended Complaint (the "Complaint") pursuant to Rule 12 of the Federal Rules of Civil Procedure and generally and specifically denies each and every allegation set forth in the Complaint, except as otherwise set forth below.  Defendant further denies that Plaintiffs are entitled to any of the relief requested, that Defendant is guilty of any wrongful conduct or omission, whether alleged or otherwise, and that any conduct or omission of Defendant, its employees or agents caused any injury or damage to Plaintiffs in the amount alleged, an amount to be alleged, or otherwise.

## PARTIES

1. Defendant admits that Plaintiffs are adult men.

2. Defendant admits that it is Plaintiffs' employer. The remainder of Paragraph 2 of the Complaint consists of legal conclusions to which no denial or admission is required.

3. Defendant lacks information as to any alleged "Doe Defendants." On that basis, Defendant denies Paragraph 3 of the COMPLAINT.

## JURISDICTION

4. Paragraph 4 of the Complaint consists of legal conclusions to which no denial or admission is required.

5. Paragraph 5 of the Complaint contains legal conclusions to which no denial or admission is required.

6. Paragraph 6 of the Complaint contains legal conclusions to which no denial or admission is required.

## GENERAL ALLEGATIONS

7. Defendant admits that Plaintiff Oross is a teacher at Riordan High School. Upon information and belief, Defendant denies that Plaintiff Oross was shown any pornographic image by Principal Anastasio. Defendant admits that Plaintiff Oross submitted a complaint to then Superintendent Maureen Huntington in around Summer 2014. Defendant denies the remainder of Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff Watters is a teacher at Riordan High School. Upon information and belief, Defendant denies that Plaintiff Watters was shown any pornographic image by Principal Anastasio. Defendant admits that Plaintiff Watters submitted a complaint to then Superintendent Maureen Huntington in around Summer 2014. Defendant denies the remainder of Paragraph 8 of the Complaint.

9. Defendant denies that it conducted a "sham investigation." Defendant denies the remainder of Paragraph 9.

10. Paragraph 10 contains legal conclusions and recitations of testimony from an unrelated prior litigation against ASF, to which no admission or denial is required. To the extent

a response is required, Defendant denies Paragraph 10 of the Complaint.

11. Upon information and belief, Defendant denies that Superintendent Huntington refused to assist Plaintiffs or that it failed to properly investigate Plaintiffs' complaints. The remainder of Paragraph 11 of the Complaint contains legal conclusions and/or recitations of alleged findings from an unrelated prior litigation against ASF, to which no admission or denial is required. To the extent a response is required, Defendant denies the remainder of Paragraph 11.

12. Upon information and belief, Defendant denies that it conducted a "sham investigation," or that it refused or failed to investigate Plaintiffs' complaint. Defendant denies that Plaintiffs were subjected to any adverse employment action or "hyper scrutiny." Defendant admits that Plaintiff Oross' hours were reduced based on legitimate business reasons, including graduation credit changes at the school and a decrease in demand for PE from the students. Defendant admits that Principal Anastasio initiated a defamation lawsuit against Plaintiffs in Anastasio's personal capacity. Defendant denies the remainder of Paragraph 12 of the Complaint.

## FIRST CAUSE OF ACTION:

## RETALIATION IN VIOLATION OF TITLE VII

13. Defendant hereby incorporates the above-referenced paragraphs 1-12.

14. Paragraph 14 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

15. Paragraph 15 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

16. Paragraph 16 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

17. Paragraph 17 of the Complaint consists of legal conclusions to which no admission or denial is required. To the extent a response is required, Defendant denies that paragraph.

## PRAYER (Paragraphs 1-8)

Defendant denies that Plaintiffs are entitled to any of the alleged "damages" set forth in Paragraphs 1 to 8 of the "Prayer" section of the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving the right to assert that Plaintiffs bear the burden of proof, as separate and distinct affirmative defenses to Plaintiffs' Complaint and the causes of action alleged therein, and to each of them, Defendant asserts as follows:

## FIRST AFFIRMATIVE DEFENSE

*Failure to State a Cause of Action*

Plaintiffs have failed to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendant.  For example, Plaintiffs have not specified with any particularity that they have suffered any adverse employment action, or that any alleged adverse employment action was motivated or substantially motivated by their participation in protected activity.

## SECOND AFFIRMATIVE DEFENSE

*Statutes of Limitations*

The causes of action in Plaintiffs' Complaint are barred in whole or in part, to the extent the applicable statutes of limitation have run.

## THIRD AFFIRMATIVE DEFENSE

*Legitimate Business Purpose*

Employment actions, if any, taken against Plaintiffs were the result of Plaintiffs' own misconduct and/or performance failures and/or based on changing business needs (including, e.g., change in graduation credit requirements and student demand), and thus were taken for legitimate business purposes and were based on reasonable business judgment.

## FOURTH AFFIRMATIVE DEFENSE

*Privilege*

The conduct set forth in the Complaint was, to the extent it occurred, privileged and/or justified.

## FIFTH AFFIRMATIVE DEFENSE

*Offset*

Any award of benefits to Plaintiffs should be offset by any other earnings, benefits,

awards and/or income received by Plaintiffs, including but not limited to any unintentional overpayment of wages and/or settlement monies, etc.

### SIXTH AFFIRMATIVE DEFENSE

*Exhaustion of Administrative and Pre-Suit Contractual Remedies*

Each cause of action alleged in Complaint is barred to the extent the claims rely on allegations which were not contained in a timely complaint filed with the Equal Employment Opportunity Commission, or to the extent any such complaint was not properly grieved through the governing Collecting Bargaining Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

*Failure to Mitigate*

To the extent Plaintiffs have failed to mitigate and minimize the alleged damages which Plaintiffs contend they suffered, any recovery is barred or limited and restricted by the failure to mitigate or take reasonable steps necessary to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

*Workers' Compensation Exclusivity*

Plaintiffs' claims for alleged mental, emotional, or physical distress are barred to the extent any such claims are subject to the exclusive provisions of the California Workers' Compensation Act, California Labor Code § 3200 *et. seq.*

### NINTH AFFIRMATIVE DEFENSE

*Laches*

To the extent Plaintiffs unreasonably delayed in bringing this action against Defendant, this action is barred by laches.

### TENTH AFFIRMATIVE DEFENSE

*ERISA Preemption*

To the extent Plaintiffs seek compensation for alleged benefits, Plaintiffs' claims for deprivation of benefits is preempted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1441(a) *et seq.*

**ELEVENTH AFFIRMATIVE DEFENSE**

*Failure to Take Reasonable Steps To Avoid Harm*

At all times relevant herein, Defendant maintained an internal complaint procedure whereby Plaintiffs could have sought relief for the alleged conduct complained of. Plaintiffs' claims are barred to the extent Plaintiffs failed to take advantage of that remedy and/or to otherwise take reasonable steps to avoid harm.

**TWELFTH AFFIRMATIVE DEFENSE**

*Defendant's Exercise of Reasonable Care*

Defendant exercised reasonable care to promptly address Plaintiffs' workplace complaint(s) pursuant to Defendant's internal complaint procedures. To the extent Plaintiffs failed to take advantage of the available remedies provided through Defendant's internal complaint procedures, Plaintiffs' claims fail.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*Preexisting Conditions*

To the extent Plaintiffs suffer, or have suffered, any symptoms of mental and/or emotional distress or mental or physical injury, which are the result of a pre-existing disorder or alternative concurrent cause, Defendant is not responsible for any such alleged injuries.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*Unclean Hands*

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*Waiver/Estoppel*

Plaintiffs have waived and are estopped and barred from alleging the matters set forth in Plaintiffs' Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

*After Acquired Evidence*

To the extent discovery may disclose information which could serve as a basis for employment actions against Plaintiffs, Plaintiffs are barred from recovery by the after-acquired

1 | evidence doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*At-Will Employment*

Any recovery on Plaintiffs' First Amended Complaint, or any purported cause of action alleged therein, is barred to the extent Plaintiffs' employment is for an unspecified duration and therefore, pursuant to Labor Code § 2922, the terms of the employment may be changed at-will based on business needs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

*No Compensation Owed*

Any recovery on Plaintiffs' Complaint, whether contractual or otherwise, which Plaintiffs claim are owed to them, has been fully performed, satisfied, or discharged.

## NINETEENTH AFFIRMATIVE DEFENSE

*Ministerial Exemption*

As teachers at a Catholic high school, Plaintiffs' job duties consist of a primarily ministerial role. Accordingly, Plaintiffs' Title VII claim will fail under the ministerial exemption. See *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 132 S. Ct. 964, 707-710 (2012).

## TWENTIETH AFFIRMATIVE DEFENSE

*Reservation of Further Defenses*

Due to the conclusory manner in which Plaintiffs asserted their allegations in the Complaint, Defendant presently has insufficient knowledge or information on which to form a belief as to whether there are additional defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## OTHER DEFENSES

## CLAIMS FOR PUNITIVE DAMAGES

## TWENTY-FIRST DEFENSE

*Failure to State Claim for Punitive Damages*

Plaintiffs have failed to state facts sufficient to constitute a claim for punitive damages, as

1  Defendant did not act intentionally, maliciously, fraudulently, or recklessly. Defendant acted
2  reasonably and based on legitimate business reasons.

### TWENTY-SECOND DEFENSE

*Due Process/Constitutional Bar to Punitive Damages*

To the extent the alleged punitive damages are excessive, Plaintiffs' claims for punitive damages are unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE Defendant prays:

1. That Plaintiffs' First Amended Complaint be dismissed in its entirety, with prejudice;
2. That Plaintiffs take nothing by the First Amended Complaint;
3. That Defendant be awarded its costs of suit and, to the extent permitted by statute, attorneys' fees; and
4. That Defendant be granted such other and further relief as this Court may deem appropriate.

Dated: June 27, 2016                    JACKSON LEWIS P.C.

                                        By:   */s/Stephanie Yang*
                                              Lisa Barnett Sween
                                              Stephanie T. Yang
                                              Attorneys for Defendant
                                              THE ROMAN CATHOLIC ARCHBISHOP
                                              OF SAN FRANCISCO, A Corporation Sole

4815-3021-7780, v. 1

8                                       Case No. 3:16-CV-02489 LB