**RJN 16**

Paul E. Gaspari, State Bar No. 76496
Daniel C. Zamora, State Bar No. 224375
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
475 Sansome Street, Suite 510
San Francisco, CA 94111
Telephone:  415.433.1400
Facsimile:   415.433.3883
pgaspari@weintraub.com
dzamora@weintraub.com

Attorneys for Petitioner
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A CORPORATION SOLE, for itself and as erroneously sued as the "Archdiocese of San Francisco" and "Marin Catholic High School"

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
02/15/2023 at 02:35:52 PM
By: Anita Dhir,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| COORDINATED PROCEEDING SPECIAL TITLE (Rule 3.550(c))<br><br>*IN RE: NORTHERN CALIFORNIA CLERGY CASES* | **Judicial Council Coordinated Proceeding No.: 5108**<br><br>**DECLARATION OF DANIEL C. ZAMORA IN SUPPORT OF ADD-ON PETITION FOR COORDINATION [CCP § 404.4; CRC RULE 3.544] AND FOR AN ORDER STAYING PROCEEDINGS [CRC RULES 3.515 & 3.529]**<br><br>Coordination Trial Judge: Hon. Evelio Grillo |

{3716431.DOCX:}

1

Zamora Decl. ISO Add-On Petition, JCCP No. 5108

I, Daniel C. Zamora, declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California, and am a shareholder with the law firm of Weintraub Tobin Chediak Coleman Grodin law corporation, counsel for petitioner THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, A CORPORATION SOLE, for itself and as erroneously sued as the "Archdiocese of San Francisco" and "Marin Catholic High School". If called upon to testify, I could and would competently attest to the following, which is submitted of my own personal knowledge.

2. Attached hereto as Exhibit "A" is a true and correct copy of the First Amended Complaint in *John Doe v. The Roman Catholic Archbishop of San Francisco,, et al.*; Marin County Superior Court Case No. CIV2204107, filed December 15, 2022 (the "Action").

3. There are four purported named defendants in the Action: (a) defendant The Roman Catholic Archbishop of Francisco; (b) the Archdiocese of San Francisco; (c) Marin Catholic High School; and (d) "Deacon Doe" the accused individual. This firm represents The Roman Catholic Archbishop of Francisco, A Corporation Sole, which is erroneously sued as the Archdiocese of San Francisco and Marin Catholic High School.

4. Defendant The Roman Catholic Archbishop of San Francisco, A Corporation Sole, was purportedly served with the operative First Amended Complaint ("FAC") on January 30, 2023. Accordingly, the time period for The Roman Catholic Archbishop of San Francisco, A Corporation Sole, to file an initial responsive pleading to the FAC had not yet passed at the time this petition was filed and served.

5. No discovery has been propounded or conducted by any party in the Action.

6. A Case Management Conference in the Action is scheduled for May 4, 2023 in the Marin County Superior Court.

7. No pre-trial motions had been filed in the Action at the time this petition was filed and served.

8. No trial date has been set in the Action.

9. A true and correct copy of this Court's July 2, 2020 order is attached hereto as Exhibit "B."

1 | I declare under penalty of perjury that the foregoing is true and correct and that this
2 | declaration is executed on February 15, 2023 at San Francisco, California.

_____
Daniel C. Zamora

weintraub tobin chediak coleman grodin
LAW CORPORATION

{3716431.DOCX:}  3  Zamora Decl. ISO Add-On Petition, JCCP No. 5108

# EXHIBIT A

OCC AVP0001444

```
1  Mark L. Webb (SBN 67959)
   Law Office of Mark L. Webb
2  994 Clayton Street, Suite 2
   San Francisco, California 94102
3  Phone: (415) 515-0960
   Email: mark@markwebb.com
4
5  Attorney for Plaintiff JOHN DOE
```



FILED

DEC 27 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO, MARIN CATHOLIC HIGH SCHOOL, DEACON DOE and DOES 2 to 100,<br><br>    Defendants. | Case No. CIV2204107<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Sexual Battery in Violation of Civ. Code § 1708.5<br>2. Battery<br>3. Intentional Infliction of Emotional Distress<br>4. Negligence with Allegations of Conscious Disregard of Rights/Safety of Others<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JOHN DOE ("Plaintiff") and alleges as follows based on information and belief available to him at the time of the filing of this Complaint.

PARTIES AND VENUE

1. Plaintiff is an individual over the age of 18 who at all relevant times resided in the County of Marin. The name used by Plaintiff in this Complaint, "JOHN DOE" is not his actual name, but is a fictitious name used to protect Plaintiff's privacy because he was a victim of childhood sexual molestation and abuse.

2. On information and belief, Defendant THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO ("ARCHBISHOP") has been, at all relevant times mentioned herein, a Corporation

- 1 -
COMPLAINT

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 6 of 18

OCC AVP0001445

Sole or similar entity, incorporated in the state of California, comprised of other corporations, decision-making entities, officials, and employees authorized to conduct business. At all relevant times, ARCHBISHOP conducted substantial business operations in the County of Marin, providing religious and school services.

3. On information and belief, Defendant ARCHDIOCESE OF SAN FRANCISCO ("DIOCESE") was, at all relevant times mentioned herein, a legal entity whose form is presently unknown to Plaintiff, which conducted substantial operations in the County of Marin, including religious and educational services.

4. On information and belief, Defendant MARIN CATHOLIC HIGH SCHOOL was, at all relevant times mentioned herein, a legal entity whose form is presently unknown to Plaintiff, which conducted substantial operations in the County of Marin, including educational services.

5. DEACON DOE is an individual over the age of 18 who, on information and belief, resided and/or worked in the County of Marin when the events alleged herein took place. DEACON DOE's real name is currently known to Plaintiff, but he is being sued under a fictitious name pending an order from the Court allowing disclosure of his true name, pursuant to Code Civ. Proc. § 340.1.

6. The true names and capacities of defendants sued herein as DOES 2 through 100 are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs is informed and believes, and thereon alleges that each of these fictitiously named Defendants is responsible in some manner, jointly and/or severally, for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately and legally caused by the conduct of these DOE defendants.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned the Defendants, and each of them, were the principals, agents acting within the scope of agency, servants, employers, employees within the scope of employment, joint venturers and/or partners of their Co-Defendants, and that when they were so acting they were and are jointly and/or severally liable, together with their Co-Defendants, for the injuries to Plaintiff as hereinafter alleged. Plaintiffs is also informed and believes and upon such information allege that the Defendants and each of them authorized and/or ratified the conduct of each and every one of the Co-Defendants.

- 2 -
COMPLAINT

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 7 of 18

OCC AVP0001446

## GENERAL ALLEGATIONS

8. In the 1960s and early 1970s, Plaintiff attended Catholic schools in the County of Marin, starting in the first grade. Plaintiff's family were devout Catholics, and Plaintiff served as an altar boy at church services.

9. In or around 1972, Plaintiff was a student at MARIN CATHOLIC HIGH SCHOOL. On information and belief, MARIN CATHOLIC HIGH SCHOOL was owned and/or operated by ARCHBISHOP and/or DIOCESE. At that time, DEACON DOE was employed by ARCHBISHOP and DIOCESE, including at MARIN CATHOLIC HIGH SCHOOL. As a deacon, DEACON DOE was considered to be a member of the clergy, which afforded him status and privileges within the Catholic community.

10. In the summer of 1972, Plaintiff was celebrating his 15th birthday with a gathering of friends and family, including DEACON DOE as an honored guest, at Stinson Beach. The gathering included a sleepover that was attended by DEACON DOE. The following morning, Plaintiff awakened to find that DEACON DOE had pulled down his bed sheets and his pajama bottoms and was performing oral sex on Plaintiff.

11. Plaintiff reported the abuse to his mother. Plaintiff's mother reported the incident to school and church authorities, including to management staff of ARCHBISHOP and DIOCESE. Those authorities told Plaintiff's mother that they would "take care of it." Despite those assurances, those managers of ARCHBISHOP and DIOCESE failed to investigate the incident, report the incident to law enforcement, discipline DEACON DOE, or do anything else to prevent Plaintiff or other minors from falling victim to DEACON DOE.

12. On information and belief, DEACON DOE was known by the other defendants to have a history of allegedly committing acts of sexual abuse against minors. Despite their knowledge of DEACON DOE's prior deviant acts, those defendants hired DEACON DOE, kept DEACON DOE in their employ, allowed DEACON DOE to have ongoing access to minors, and failed to warn families in the school and church community about DEACON DOE's conduct. Instead, the other defendants projected a positive image of DEACON DOE within the Catholic community, which lulled people into believing that DEACON DOE did not present a risk of harm to their children. Additionally,

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 8 of 18

OCC AVP0001447

ARCHBISHOP and/or DIOCESE actually **promoted** DEACON DOE to positions of higher authority within their organizations despite their knowledge of his prior deviant acts against children and his sexual abuse of Plaintiff.

13. The failure to investigate the reported sexual abuse of Plaintiff's by DEACON DOE, and to take appropriate remedial action against DEACON DOE, was motivated by a desire by the other defendants to protect the status and reputation of ARCHBISHOP and DIOCESE. Specifically, they wished to avoid a public scandal that could harm the reputations of those entities and reduce the flow of income to those entities from donations and tuition payments.

14. As a result of his sexual abuse at the hands of DEACON DOE, Plaintiff's faith in the Catholic Church and his belief in its teachings were destroyed. For a lifelong Catholic child in a devout Catholic family, this was psychologically devastating. Plaintiff has suffered extreme emotional distress for decades as a result of being victimized and betrayed by people who were supposed to protect him. He further suffered because his abuser was being protected and even promoted by ARCHBISHOP and/or DIOCESE. Those defendants effectively helped DEACON DOE to "get away" with his crimes against minors, including Plaintiff.

### FIRST CAUSE OF ACTION
### Sexual Battery in Violation of Civ. Code § 1708.5
### (Plaintiff Against Defendant DEACON DOE)

15. Plaintiff repeats and re-alleges the preceding paragraphs and incorporates them herein by reference as though set forth in full.

16. During the above-described incident, DEACON DOE intended to cause a harmful or offensive contact with Plaintiff, and in fact caused Plaintiff to experience a harmful and offensive contact.

17. As a result of the above-described harmful and offensive conduct by DEACON DOE, Plaintiff suffered physical injury and decades of extreme emotional distress.

18. The conduct of DEACON DOE was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays judgment against Defendant as hereinafter set forth

- 4 -
COMPLAINT

Case: 25-03021   Doc# 164-16   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 9 of 18

OCC AVP0001448

## SECOND CAUSE OF ACTION
### Battery
### (Plaintiff Against Defendant DEACON DOE)

19. Plaintiff repeats and re-alleges the preceding paragraphs and incorporates them herein by reference as though set forth in full.

20. During the above-described incident, DEACON DOE intended to cause a harmful or offensive contact with Plaintiff, and Plaintiff did suffer such harmful and offensive contact.

21. As a result of the actions of DEACON DOE, Plaintiff suffered physical injury and decades of extreme emotional distress. DEACON DOE's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Plaintiff Against Defendant DEACON DOE)

22. Plaintiff repeats and re-alleges the preceding paragraphs and incorporates them herein by reference as though set forth in full.

23. During the above-described conduct, DEACON DOE intended to cause emotional distress to Plaintiff. A reasonable person in Plaintiff's shoes would have found DEACON DOE's conduct to be offensive, and Plaintiff did suffer harmful and offensive contact. DEACON DOE's conduct was extreme and outrageous in that it was directed at a minor and was for his sexual gratification.

24. As a result of the actions of DEACON DOE, Plaintiff has suffered physical injury and decades of extreme emotional distress. The conduct of Defendant was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### Negligence
### (Plaintiff Against THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO, and DOES 2 to 100)

25. Plaintiff repeats and re-alleges the preceding paragraphs and incorporates them herein

- 5 -
COMPLAINT

by reference as though set forth in full.

26. As the employer(s) of DEACON DOE, THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO and/or MARIN CATHOLIC HIGH SCHOOL are vicariously liable for the acts described above, which occurred while DEACON DOE was acting in the scope of his employment for those defendants.

27. As stated above, THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO, MARIN CATHOLIC HIGH SCHOOL, and DOES 2 to 100 knew that DEACON DOE had a history of allegations of committing acts of sexual abuse against minor students and churchgoers. Thus, on information and belief, they had actual knowledge of his dangerous propensities. In the alternative, they *should have known* of his dangerous propensities and *would have known* of them had they bothered to investigate prior allegations of improper conduct by him, made by minor students and churchgoers.

28. THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO, MARIN CATHOLIC HIGH SCHOOL, and DOES 2 to 100 stood in a special relationship with minors who attended their churches and schools. Thus, those defendants owed a duty of care to protect minor students and churchgoers from assaultive propensities of third parties of whose assaultive propensities they had knowledge. Those defendants further owed a duty to protect minor students and churchgoers from sexual abuse by their employees, like DEACON DOE.

**Negligent Hiring**

29. Despite their knowledge of DEACON DOE's prior deviant acts, these defendants hired DEACON DOE for a position that involved unsupervised contact with minors.

**Negligent Supervision**

30. After hiring DEACON DOE, these defendants failed to properly supervise him and allowed him to be alone with minor students and churchgoers. They failed to investigate allegations that he engaged in improper conduct with minors while employed by them.

**Negligent Retention**

31. After becoming aware of DEACON DOE's improper conduct toward minors, and despite credible evidence that warranted disciplinary action, these defendants continued to employ

- 6 -
COMPLAINT

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 11 of 18

OCC AVP0001450

DEACON DOE, which allowed his abuse of minor students and churchgoers to continue. Further, they concealed evidence of the improper conduct so that their reputations would not suffer within the community they were providing religious and educational services to.

**Negligent Training**

32. Additionally, these defendants failed to train staff members to identify, investigate, and address abusive behavior on the part of staff members, and particularly members of the clergy.

**Conscious Disregard of Plaintiff's Rights**

33. Given the prior knowledge that these defendants had of DEACON DOE's of alleged earlier misconduct toward minors, and given the special relationship they had with Plaintiff, the acts and omissions of these defendants rise to the level of conscious disregard of the rights and safety of Plaintiff and other minor students and churchgoers. They amount to malice, oppression, and/or fraud as those terms are defined under Civ. Code § 3294.

34. As stated above, DEACON DOE was subsequently promoted to higher positions of authority within the DIOCESE. This was done with the ratification and approval of managing agents and/or officers of ARCHBISHOP and/or DIOCESE, despite actual knowledge on the part of those managing agents and/or officers of DEACON DOE's earlier deviant conduct and his deviant conduct toward Plaintiff. This promotion of DEACON DOE amounts to a ratification of his deviant actions by those ARCHBISHOP and DIOCESE.

35. As a result of the above-described actions and/or omissions of these defendants, Plaintiff has suffered physical injury and decades of extreme emotional distress. The acts and/or omissions of these Defendant was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**PRAYER**

Wherefore, Plaintiff prays for the following relief:

**For the First Cause of Action**: special damages, general damages, punitive damages, costs of litigation, any applicable statutory damages, attorneys fees, if applicable, and any other relief deemed by the court to be appropriate.

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 12 of 18

OCC AVP0001451

**For the Second Cause of Action**: special damages, general damages, punitive damages, costs of litigation, any applicable statutory damages, attorneys fees, if applicable, and any other relief deemed by the court to be appropriate.

**For the Third Cause of Action**: special damages, general damages, punitive damages, costs of litigation, any applicable statutory damages, attorneys fees, if applicable, and any other relief deemed by the court to be appropriate.

**For the Fourth Cause of Action**: special damages, general damages, punitive damages against any defendants whose conduct is found by the trier of fact to amount to malice, oppression, or fraud as defined in Civ. Code § 3294(c), costs of litigation, any applicable statutory damages, attorneys fees, if applicable, and any other relief deemed by the court to be appropriate.

## Demand for Jury Trial

Plaintiff demands a trial of this matter by a jury.

Dated: December 27, 2022

_____
Mark L. Webb,
Attorney for Plaintiff JOHN DOE

- 8 -
COMPLAINT

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

DEC 15 2022


N. JOHNSON
COURT EXECUTIVE OFFICER
MARIN CO. SUPERIOR COURT

PLAINTIFF: J DOE

CASE NO. CIV 2204 JAMES M. KIM

VS.

DEFENDANT: THE ROMAN CATHOLIC ARCHBISHOP OF SF CT AL

**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**
(Pursuant to Government Code Section 68600 et seq.)

Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.

This case is assigned for all purposes to Judge S FRECCERO in Courtroom A.

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service ____/____/____ 8:30 / 9:00 A.M.

   Failure to Answer ____/____/____ 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on 5/4/23 8:30 / **9:00** A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties at least 15 calendar days before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

Distribution: Original - Court File; Canary - Plaintiff

CV008        NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)        Rev. 7/15/15
             (Pursuant to Government Code § 68600 et seq.)

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 14 of 18

OCC AVP0001453

OCC AVP0001454

## MARIN COUNTY SUPERIOR COURT
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case.

### ADVANTAGES OF ADR

#### Save Time
A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

#### Save Money
When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

#### Increase Control Over the Process and the Outcome
In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

#### Preserve Relationships
ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

#### Increase Satisfaction
In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Case: 25-03021   Doc# 164-16   Filed: 02/19/26   Entered: 02/19/26 18:11:36   Page 16 of 18

OCC AVP0001455

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, **you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**

| | SUM-100 |
|---|---|
| **AMENDED SUMMONS** *(CITACION JUDICIAL)* | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, ARCHDIOCESE OF SAN FRANCISCO, MARIN CATHOLIC HIGH SCHOOL, DEACON DOE and DOES 2 to 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DOE



FILED
DEC 27 2022
JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Marin County Superior Court<br>3501 Civic Center Drive, San Rafael, CA 94903 | CASE NUMBER: *(Número del Caso):* CIV2204107 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Webb, Law Office of Mark L. Webb, 994 Clayton Street, Suite 2, San Francisco, California 94102. Phone: (415) 515-0960

| DATE: *(Fecha)* DEC 27 2022 | Clerk, by *(Secretario)* J. CHEN | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

JAMES M. KIM

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* The Roman Catholic Archbishop of San Francisco
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form. 

Case: 25-03021    Doc# 164-16    Filed: 02/19/26    Entered: 02/19/26 18:11:36    Page 18 of 18

OCC AVP0001457