James I. Stang (CA Bar No. 94435)
Brittany M. Michael *(Pro Hac Vice)*
Gail Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email:  jstang@pszjlaw.com
        bmichael@pszjlaw.com
        ggreenwood@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br>Chapter 11<br><br>Adv. Proc. 25-03021 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO; PARISHES LISTED IN **EXHIBIT A** TO THE COMPLAINT; HOLY CROSS CATHOLIC CEMETERIES; SAINT MARY MAGDALENE CATHOLIC CEMETERY; MT. OLIVET CEMETERY; OUR LADY OF PILLAR CEMETERY; TOMALES CATHOLIC CEMETERY; ARCHBISHOP RIORDAN HIGH SCHOOL; SACRED HEART CATHEDRAL PREPARATORY; MARIN CATHOLIC HIGH SCHOOL; JUNIPERO SERRA HIGH SCHOOL; VALLOMBROSA RETREAT CENTER; AND SERRA CLERGY HOUSE,<br><br>Defendants. | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' DOCUMENTS SHOULD BE SEALED**<br><br>[No Hearing per Local Procedures] |

4921-8760-9998.5 05068.002

**TO THE COURT AND INTERESTED PARTIES:**

The Official Committee of Unsecured Creditors of the Roman Catholic Archbishop of San Francisco (the "Committee") brings this motion for authority to file the accompanying *Memorandum of Points and Authorities in Support of the Official Committee of Unsecured Creditors' Motion for Partial Summary Judgment Regarding the Division Defendants' Alleged Separate Existence* and *Separate Statement of Undisputed Facts* in redacted form and to file the supporting documents attached to the Declaration of Brittany M. Michael under seal. The Roman Catholic Archbishop of San Francisco (the "Archdiocese"), its auditors, and related division defendants named herein (collectively, the "Designating Parties")[1] have produced certain documents marked as "Confidential" pursuant to the parties' Stipulated Protective Order filed November 4, 2025 [Docket No. 91] ("Alleged Confidential Material"). The Committee requests authority to file the Alleged Confidential Material under seal to comply with the Stipulated Protective Order.

The Committee brings this motion pursuant to the Stipulated Protective Order, Bankruptcy Code section 107, Bankruptcy Local Rule 1001-2(a) incorporating Civil Local Rule 79-5, and the local sealing and redacting procedures adopted by this Court (the "Local Procedures").[2]

Pursuant to the Local Procedures, **within seven days of the filing of this motion, the Designating Parties must file a statement specifying the basis for confidentiality; and within four days after the Designating Parties file their statement, any party may file a response not to exceed 5 pages.** *See* Local Civil Rule 79-5(f)(3)-(4).

//

//

---

[1] The Designating Parties are: the Archdiocese, its unincorporated parishes (the "Parishes"), Archbishop Riordan High School, Sacred Heart Cathedral Preparatory School, Marin Catholic High School, and Junipero High School (collectively, the "High Schools"), Catholic Cemeteries of the Archdiocese of San Francisco (the "Cemeteries"), Vallombrosa Retreat Center ("Vallombrosa"), and BPM LLP.

[2] *See Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California; https://www.canb.uscourts.gov/procedure/district/procedures-filing-redacted-or-sealed-confidential-or-highly-sensitive-documents

4921-8760-9998.5 05068.002

## I. RELEVANT BACKGROUND

The Committee has filed a partial summary judgment motion that none of the Division Defendants[3] is a separate legal entity from the Archdiocese. The motion is based on, among other matters, financials, internal policies, organization charts, and communications produced by the Designating Parties and designated as confidential. The Committee has redacted the factual portions of its Memorandum of Points and Authorities and Separate Statement of Undisputed Facts and has filed all of the exhibits attached to the Michael Declaration under seal because these documents attach or are derived from the Alleged Confidential Material.

## II. JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b) because this is a proceeding arising in or related to a case under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, Local Bankruptcy Rule 1001-2(a) incorporating Civil Local Rule 79-5, and the Local Procedures adopted by this Court, the Committee requests authority to file a redacted motion and separate statement and to file all of the supporting exhibits under seal, solely in order to comply with the Stipulated Protective Order.

## IV. LEGAL ARGUMENT

**A. The Designating Parties Have Asserted Confidentiality.**

The Stipulated Protective Order governs the designation of documents as "Confidential" pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 7026 or 9018. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 each provide that, upon request, the Court may protect an entity with respect to a trade secret or other confidential research, development, or commercial information. Pursuant to the Stipulated Protective Order, documents marked as

---

[3] Division Defendants has the meaning set forth in the partial summary judgment motion.

Confidential and any information derived therefrom must be filed under seal unless the receiving party obtains an order relieving it from the obligations of the Stipulated Protective Order. *See* Docket No. 374 at ¶21.

### B. Civil Rul 79-5(f) Governs the Sealing of Other Parties' Documents.

The Committee brings this motion to consider whether the Designating Parties' documents marked as "Confidential" should be sealed from public. Civil Rule 79-5(f) governs a motion filed to seal another party's material:

> **(f) Motion to Consider Whether Another Party's Material Should be Sealed.** For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.
>
> **(1)** This motion must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1) above. . . .
>
> **(3)** *Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1).* A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party.
>
> **(4)** *If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration.* Responses may not exceed 5 pages absent leave of the Court.

Subsection (c)(1) of Local Rule 79-5 governs the required content of the Designating Parties' response to a motion to seal:

> **(c) Contents of Motion to Seal.** Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. A motion to seal a party's own document (as opposed to a document designated as confidential by another party, as discussed in subsection (f)) must be filed as an Administrative Motion to File Under Seal in conformance with Civil L.R. 7-11. This requirement applies even if the motion is joined by the opposing party. The motion must include the following:
>
> **(1)** a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> (i) the legitimate private or public interests that warrant sealing;
> (ii) the injury that will result if sealing is denied; and
> (iii) why a less restrictive alternative to sealing is not sufficient;

The Ninth Circuit recognizes that documents subject to a valid protective order may be filed under seal. *See Philips v. Gen. Motors Corp.,* 307 F. 3d 1206, 1213 (9th Cir. 2002). However, a strong presumption remains in favor of public access such that documents may be unsealed absent a showing that the documents should be protected. *Id.* (presumption of access to judicial documents can be overcome only by showing "sufficiently important countervailing interests;" citing authorities).

The Committee seeks a declaration that the Division Defendants are not civilly separate entities from the Archdiocese. Whether the Alleged Confidential Material is, or is not, entitled to confidentiality protections, the Court must consider these documents to rule on the Committee's motion for partial summary judgment. By marking virtually all of their documents as "Confidential," the Designating Parties have created a huge procedural obstacle to bringing motions before this Court, taking depositions, and introducing evidence at trial.

### C. The Committee Has Redacted Information Derived from the Alleged Confidential Material and Otherwise Filed the Alleged Confidential Material Under Seal.

The Committee has redacted information derived from the Alleged Confidential Material in its Memorandum of Points and Authorities and its Separate Statement of Undisputed Facts in support of partial summary judgment. In addition, the Committee has filed all exhibits to the Michael Declaration under seal. Some exhibits to the Michael Declaration have not been designated as confidential.[4] Upon the Court's instruction, the Committee is prepared to individually and publicly file each of the non-confidential exhibits on the docket.[5]

The Committee simply seeks to move this case forward while fully complying with the Stipulated Protective Order and avoiding the potential for confusion and an overly complex ECF filing before the Court has ruled.

//

---

[4] The Confidential exhibits to the Michael Declaration are: Exhibits 2-5, 7-13, 15, 18-19, 25, 35-36, 38-40, 45, 47-48, 51-52, 56-58, 61, 63-68, and 72-75.

[5] For the sake of simplicity, the Committee is filing all exhibits under seal to avoid circulation of multiple sets of the same exhibits amongst the Court and the parties.

4921-8760-9998.5 05068.002                         4

## V. NOTICE

Notice of this motion will be provided to (a) the United States Trustee, (b) counsel for each of the Designating Parties, and (c) all email recipients on the Limited Service List as of January 30, 2026 [Main Docket No. 1575]. The Committee submits that no further notice is required.

## VI. CONCLUSION

The Committee respectfully requests permission to file its Memorandum of Points and Authorities and Separate Statement with redactions and to file the exhibits to the Michael Declaration under seal. Alternatively, if the Court determines that any of the Alleged Confidential Material should not be sealed, the Committee requests entry of an order authorizing the Committee to publicly file on the docket those specified facts and exhibits to the Michael Declaration that are not subject to confidentiality under the applicable legal standard.

Dated: February 19, 2026          PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Brittany M. Michael
James I. Stang
Brittany M. Michael (*Pro Hac Vice*)
Gail S. Greenwood

Attorneys for the Official Committee of Unsecured Creditors

4921-8760-9998.5 05068.002                 5